IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, </br></br>Plaintiffs, </br></br>v. </br></br>HAMILTON BEACH BRANDS, INC., HERSHEY CREAMERY COMPANY and PAUL MILLS D/B/A MILLS BROTHERS MARKETS, </br></br>Defendants. | C.A. No. _____ </br></br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs f'real Foods LLC ("f'real") and Rich Products Corporation ("Rich") complain of Defendants Hamilton Beach Brands, Inc. ("Hamilton Beach"), Hershey Creamery Company ("Hershey Creamery") and Paul Mills doing business as Mills Brothers Markets ("Mills Brothers") as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement. This Court has subject matter over this action under 28 U.S.C. §§ 1331 and 1338(a).

2. Personal jurisdiction over all defendants is vested in this Court because each of the defendants has committed acts of infringement in this judicial district, is incorporated in this judicial district, has asserted counterclaims in this Court related to the patents at issue and/or has otherwise engaged in a persistent course of conduct in this judicial district.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because each of the defendants has conducted acts of infringement in this district, does business in this district, and resides in this district.

## PARTIES

4. f'real is a California limited liability company with its principal place of business at 6121 Hollis Street, Suite 500, Emeryville, California 94608. f'real regularly does business in this judicial district through its retail customers and has lost business opportunities in this judicial district due to the infringing actions set forth in this Complaint.

5. Rich is a Delaware corporation with its principal place of business at One Robert Rich Way, Buffalo, New York 14213. f'real is a wholly owned subsidiary of Rich and, for a period of time, the patents in suit were assigned to Rich.

6. Hamilton Beach is a Delaware corporation with its principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

7. Hershey Creamery is a Delaware corporation with its principal place of business at 301 South Cameron Street, Harrisburg, Pennsylvania 17101.

8. Paul Mills d/b/a Mills Brothers Markets has a principal place of business at 508 S.E. 2nd Street, Milford, Delaware 19963.

## F'REAL'S PATENT RIGHTS

9. f'real produces milkshakes, smoothies and frozen cappuccino beverage products that are sold at over 13,000 locations across the United States and Canada, including convenience stores, colleges, universities, theaters and military bases. To enjoy a f'real product, the customer chooses a desired frozen milkshake, smoothie or cappuccino from a merchandising freezer at the retail location and inserts it into a blender sold to the retailer by f'real. The blender

then mixes the frozen product to a desired consistency and makes it available for the enjoyment of the customer.

10. f'real's founder, Mr. Jim Farrell, began f'real's business in the garage of his California home. Mr. Farrell's objective was to build a business that would allow customers to prepare their own high quality milkshakes at convenience stores and fast food restaurants.

11. In building the f'real business, Mr. Farrell faced numerous challenges. A first challenge was providing the customer with a choice of quality milkshakes that could be quickly prepared without extensive training or involvement by the busy retailer. A second challenge was to keep the blender sanitary after milkshakes were prepared, again without extensive training or involvement by the busy retailer.

12. Mr. Farrell addressed the first challenge by pre-preparing milkshakes in various flavors using quality ingredients, freezing them and then sealing them for delivery to the retailer. To achieve a preferred old-fashioned texture for f'real's frozen milkshakes, Mr. Farrell developed a self-serve blender that could be operated by the customer. In testing prototype blenders, Mr. Farrell found that simply cutting through the frozen milkshake with a blender blade did not produce the old-fashioned milkshake texture he wanted. After hard work and experimentation, Mr. Farrell discovered that adding liquid, such as milk or water, to the frozen milkshake during the blending process made it easier to blend to a milkshake with old-fashioned texture. Mr. Farrell also discovered that the milkshake could be aerated to help produce the desired texture.

13. On May 17, 1996, Jim Farrell filed U.S. Patent Application No. 649,534 for his new blender and blender process. Based upon this patent application, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,803,377 ("'377 patent") on

September 8, 1998, entitled "Apparatus And Method For Making Frozen Drinks," to Mr. Farrell as the inventor. f'real owns the '377 patent and has the right to sue for infringement. A copy of the '377 patent is attached to this Complaint as Exhibit 1.

14.  Unless the milkshake blender is sanitized in a timely manner, bacteria can grow on food particles left in the blending chamber and lead to disease. To address this need for sanitation, Mr. Farrell conceived of a system for the f'real blenders that would both automatically minimize the amount of food particles released in the food preparation chamber during preparation of the milkshake and then automatically clean the food preparation chamber after the milkshake was prepared and removed from the chamber. Mr. Farrell's concept minimized the release of food particles by having f'real's blender automatically place a splash shield over the top of the milkshake while the milkshake was being blended. When the blending was complete and the milkshake was removed from the blending chamber, cleaning fluid would automatically be sprayed through nozzles into the blending chamber to rinse off the splash shield as well as the walls of the blending chamber.

15.  On November 15, 2002, Mr. Farrell filed U.S. Provisional Patent Application No. 60/426,622 for his automatic sanitizing blender and sanitizing process. This U.S. Provisional Patent Application led to three issued U.S. Patents.

16.  On December 5, 2006, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,144,150 ("'150 patent"), entitled "Rinseable Splash Shield And Method Of Use," to Mr. Farrell as the inventor. f'real owns the '150 patent and has the right to sue for infringement. A copy of the '150 patent is attached to this Complaint as Exhibit 2.

17.  On April 21, 2009, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,520,658 ("'658 patent"), entitled "Rinseable Splash Shield And Method

4

Of Use," to Mr. Farrell as the inventor. f'real owns the '658 patent and has the right to sue for infringement. A copy of the '658 patent is attached to this Complaint as Exhibit 3.

18. On April 21, 2009, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,520,662 ("'662 patent"), entitled "Rinseable Splash Shield And Method Of Use," to Mr. Farrell as the inventor. f'real owns the '662 patent and has the right to sue for infringement. A copy of the '662 patent is attached to this Complaint as Exhibit 4.

## **DEFENDANTS' ACTIVITIES**

19. In or about 2010, defendant Hamilton Beach indicated to f'real that it was interested in supplying milkshake blending equipment to fast food restaurants, full service restaurants and ice cream stores. To avoid violating f'real's patent rights, Hamilton Beach sought and obtained a license from f'real under f'real's '150, '658 and '662 patents. A little more than a year later, Hamilton Beach changed its mind about paying f'real for use of f'real's patented technology and, on August 2, 2011, Hamilton Beach sent f'real a notice of termination under the license agreement.

20. In or about 2013, Hamilton Beach teamed up with co-defendant Hershey Creamery to go into direct competition with f'real in f'real's core convenience store market. Hamilton Beach makes the MIC2000 mix-in-cup milkshake blenders and provides them to Hershey Creamery with MIC2000 operating manuals. Hershey Creamery then leases the MIC2000 milkshake blenders and sells its frozen milkshakes to convenience store retailers along with providing operating instructions, including Hamilton Beach's MIC2000 operating manuals. Hershey Creamery has also placed videos on YouTube to explain how its frozen milkshakes should be prepared in the Hamilton Beach MIC2000 mix-in-cup blenders. One retailer who is operating a Hamilton Beach MIC2000 blender and selling Hershey Creamery milkshakes for use

5

with that blender is Mills Brothers Market at 508 S.E. 2nd Street, Milford, Delaware 19963 owned by defendant Paul Mills. The Hamilton Beach MIC2000 mix-in-cup blenders and Hershey Creamery frozen milkshakes are used in the type of "Shake Shop Express" kiosks shown in attached Exhibit 5.

21. Hamilton Beach and Hershey Creamery have also demonstrated use of Hershey Creamery frozen milkshakes in conjunction with the Hamilton Beach MIC2000 blenders at trade shows, to retail customers and in their respective offices.

22. The MIC2000 blenders made by Hamilton Beach practice blending inventions disclosed and claimed in f'real's '377 patent as well as blender sanitation inventions disclosed and claimed in f'real's '150, '658 and '662 patents.

23. For example, like the blenders disclosed and claimed in f'real's '377 patent, the Hamilton Beach MIC2000 blender is an apparatus for making frozen drinks from a frozen substance having a housing, a cup holder, a liquid dispenser, and a rotating blade(s) for grinding the frozen substance and for aerating the mixture of the frozen substance and dispensed liquid.

24. For f'real's '150 patent, the MIC2000 blender is a mixing machine that mixes a liquid with frozen Hershey Creamery milkshakes in a cup using a rotatable blade within a rinse chamber where a splash shield is used to cover the top of the cup during mixing and rinse nozzles are used to clean the splash shield after the blending process is completed.

25. For f'real's '658 patent, the MIC2000 blender is a mixing machine having a cup holder, a rotatable mixing blade on a shaft, a stepper motor coupled to the rotatable mixing blade shaft to move the mixing blade up and down and a splash shield slidably oriented on the

6

mixing blade shaft having sufficient mass to retain the Hershey Creamery frozen milkshake cup in the MIC2000 cupholder.

26. For f'real's '662 patent, in the process of using the MIC2000 blender, a user places a Hershey Creamery frozen milkshake cup in the MIC2000 cupholder so that the MIC2000 splash shield can cover the top of the cup during blending. After blending is completed and the user removes the blended Hershey Creamery milkshake cup from the MIC2000 blender, the MIC2000 blender sprays rinsing fluid from its nozzles to clean off the splash shield.

27. On April 24, 2015, f'real's attorneys provided a document entitled "Plaintiff's Initial Infringement Contentions For Defendants" to attorneys for each of the Defendants providing detailed explanations of why each asserted claim of f'real's '377, '150, '658 and '662 patents is being infringed by the Defendants.

28. Hamilton Beach also produces and sells BIC2000 blend-in-cup blenders. The Hamilton Beach BIC2000 is used for blending drinks in disposable cups. On information and belief, the Hamilton Beach BIC2000 is constructed in manner similar to the Hamilton Beach MIC2000 except that its upper blending blade is not designed for aeration and the BIC2000 does not insert fluid into the drink during the blending process. The Hamilton Beach BIC2000 infringes f'real's '150, '658 and '662 patents for the same reasons identified for the Hamilton Beach MIC2000 in "Plaintiff's Initial Infringement Contentions For Defendants," served on Defendants in C.A. No. 14-1270.

## F'REAL'S PREVIOUS ENFORCEMENT OF ITS PATENT RIGHTS

29. f'real originally asserted the '377, '150, '658 and '662 patents ("Patents-in-Suit") against each of the Defendants in a complaint filed on October 3, 2014. *See* D. Del.

C.A. No. 14-1270 (GMS), D.I. 1.  At that time, f'real believed and alleged that it owned each of the Patents-in-Suit (*see id.* ¶¶ 12, 15-17).  In addition, f'real brought claims in its previous complaint for trademark infringement, trade dress infringement, and unfair competition (*see id.* ¶¶ 55-72).

30.     During discovery, a patent assignment was produced that indicated on December 11, 2012, at the time Rich acquired f'real, f'real's founder Jim Farrell assigned f'real's rights in the Patents-in-Suit to Rich (*see* Exhibit 6).  Based on this patent assignment, Hamilton Beach questioned whether f'real had standing to assert its patent infringement claims at the time the previous complaint was filed (*see* C.A. No. 14-1270 (GMS) D.I. 98)).

31.     To eliminate the need to litigate the standing issue, f'real recently assigned the Patents-in-Suit back to f'real (*see* Exhibit 7) and subsequently moved to dismiss its patent infringement claims from the previous action.  The trademark and unfair competition claims nonetheless remain pending in the previous action.  Plaintiffs expect to ask the Court to consolidate this case with the previous case.

## COUNT I
**(Infringement of U.S. Patent No. 5,803,377)**

32.     f'real and Rich reallege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33.     The '377 patent is valid and enforceable.

34.     Through use of the MIC2000 blender and the Hershey Creamery frozen milkshakes, Hamilton Beach, Hershey Creamery and Mills Brothers have each directly infringed claims 1-7, 9-14 and 17-27 of the '377 patent by making, using, offering for sale, selling, and/or importing into the United States MIC2000 blending machines that embody or practice the

patented inventions, including the MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5.

35. Despite knowing through a previously filed f'real patent enforcement action that its unlicensed blending machines infringe the '377 patent when used for frozen Hershey Creamery milkshakes, Hamilton Beach and Hershey Creamery have induced the infringement of claims 1-7, 9-14 and 17-27 of the '377 patent by providing MIC2000 operating manuals and MIC2000 demonstrations to Mills Brothers and other retailers for use of unlicensed Hamilton Beach MIC2000 blending machines, including the MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5.

36. Since they know that their unlicensed blending machines and frozen milkshakes infringe the '377 patent, Hamilton Beach's and Hershey Creamery's infringement of the '377 patent is willful, deliberate and in conscious disregard of f'real's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §§ 284 and 285.

37. On information and belief, Hamilton Beach, Hershey Creamery and Mills Brothers will continue to infringe the '377 patent, and thereby cause irreparable injury to f'real and Rich, unless enjoined and restrained by this Court.

38. As a result of the infringement of the '377 patent by Hamilton Beach, Hershey Creamery and Mills Brothers, f'real and Rich have been damaged in an amount to be determined at trial.

**COUNT II**
**(Infringement of U.S. Patent No. 7,144,150)**

39. f'real and Rich reallege and incorporate by reference paragraphs 1 through 38 of this Complaint.

40. The '150 patent is valid and enforceable.

9

41. Through use of the MIC2000 blender and the Hershey Creamery frozen milkshakes, Hamilton Beach, Hershey Creamery and Mills Brothers have each directly infringed claims 15, 20 and 22 of the '150 patent by making, using, offering for sale, selling, and/or importing into the United States MIC2000 blending machines that embody or practice the patented inventions, including the MIC2000 blending machine pictured in "Shake Shop Express" kiosk shown in attached Exhibit 5. Hamilton Beach also directly infringes claims 15, 20 and 22 of the '150 patent by making, using, offering for sale, selling, and/or importing into the United States BIC2000 blending machines that embody or practice the patented inventions.

42. Despite knowing through Hamilton Beach's terminated license agreement with f'real and f'real's previously filed patent infringement action that Hamilton Beach's unlicensed MIC2000 blending machines when used for Hershey Creamery's frozen milkshakes infringe the '150 patent, Hamilton Beach and Hershey Creamery have induced the infringement of claims 15, 20 and 22 of the '150 patent by providing MIC2000 operating manuals and MIC2000 demonstrations to Mills Brothers and other retailers for use of the unlicensed Hamilton Beach MIC2000 blending machines, including the MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5. On information and belief, Hamilton Beach has also induced the infringement of claims 15, 20 and 22 of the '150 patent by providing BIC2000 operating manuals and BIC2000 demonstrations to BIC2000 customers and prospective customers.

43. Since they know that their unlicensed blending machines and frozen milkshakes infringe the '150 patent, Hamilton Beach's and Hershey Creamery's infringement of the '150 patent is willful, deliberate and in conscious disregard of f'real's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §§ 284 and 285.

44. On information and belief, Hamilton Beach, Hershey Creamery and Mills Brothers will continue to infringe the '150 patent, and thereby cause irreparable injury to f'real and Rich, unless enjoined and restrained by this Court.

45. As a result of the infringement of the '150 patent by Hamilton Beach, Hershey Creamery and Mills Brothers, f'real and Rich have been damaged in an amount to be determined at trial.

## COUNT III
### (Infringement of U.S. Patent No. 7,520,658)

46. f'real and Rich reallege and incorporate by reference paragraphs 1 through 45 of this Complaint.

47. The '658 patent is valid and enforceable.

48. Through use of the MIC2000 blender and the Hershey Creamery frozen milkshakes, Hamilton Beach, Hershey Creamery and Mills Brothers have each directly infringed claims 1 and 5-11 of the '658 patent by making, using, offering for sale, selling, and/or importing into the United States MIC2000 blending machines that embody or practice the patented inventions, including the MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5. Hamilton Beach also directly infringes claims 1 and 5-11 of the '658 patent by making, using, offering for sale, selling, and/or importing into the United States BIC2000 blending machines that embody or practice the patented inventions.

49. Despite knowing through Hamilton Beach's terminated license agreement with f'real and f'real's previously filed patent enforcement action that Hamilton Beach's unlicensed MIC2000 blending machines when used for Hershey Creamery frozen milkshakes infringe the '658 patent, Hamilton Beach and Hershey Creamery have induced the infringement of claims 1 and 5-11 of the '658 patent by providing MIC2000 operating manuals and MIC2000

product demonstrations to Mills Brothers and other retailers, including for use of the unlicensed Hamilton Beach MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5.  On information and belief, Hamilton Beach has also induced the infringement of claims 1 and 5-11 of the '658 patent by providing BIC2000 operating manuals and BIC2000 demonstrations to BIC2000 customers and prospective customers.

50. Since they know that Hamilton Beach's unlicensed blending machines when used with Hershey Creamery's milkshakes infringe the '658 patent, Hamilton Beach's and Hershey Creamery's infringement of the '658 patent is willful, deliberate and in conscious disregard of f'real's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §§ 284 and 285.

51. On information and belief, Hamilton Beach, Hershey Creamery and Mills Brothers will continue to infringe the '658 patent, and thereby cause irreparable injury to f'real and Rich, unless enjoined and restrained by this Court.

52. As a result of the infringement of the '658 patent by Hamilton Beach, Hershey Creamery and Mills Brothers, f'real and Rich have been damaged in an amount to be determined at trial.

**COUNT IV**
**(Infringement of U.S. Patent No. 7,520,662)**

53. f'real and Rich reallege and incorporate by reference paragraphs 1 through 52 of this Complaint.

54. The '662 patent is valid and enforceable.

55. Through use of the MIC2000 blender and the Hershey Creamery frozen milkshakes, Hamilton Beach, Hershey Creamery and Mills Brothers have each directly infringed claim 21 of the '662 patent by practicing the patented invention with MIC2000 blending

machines, including using the type of MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5. Hamilton Beach also directly infringes claim 21 of the '662 patent by using BIC2000 blending machines to practice the patented invention.

56. Despite knowing through Hamilton Beach's terminated license agreement with f'real and f'real's previously filed patent infringement action that Hamilton Beach's now unlicensed MIC2000 blending machines when used with Hershey Creamery frozen milkshakes infringe the '662 patent, Hamilton Beach and Hershey Creamery have induced the infringement of claim 21 of the '662 patent by providing operating instructions to Mills Brothers and other retailers for use of unlicensed Hamilton Beach MIC2000 blending machines, including the MIC2000 blending machine pictured in the "Shake Shop Express" kiosk shown in attached Exhibit 5. On information and belief, Hamilton Beach has also induced the infringement of claim 21 of the '658 patent by providing BIC2000 operating manuals and BIC2000 demonstrations to BIC2000 customers and prospective customers.

57. Since they know that their unlicensed blending machines when used with frozen Hershey Creamery milkshakes infringe the '662 patent, Hamilton Beach's and Hershey Creamery's infringement of the '662 patent is willful, deliberate and in conscious disregard of f'real's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §§ 284 and 285.

58. On information and belief, Hamilton Beach, Hershey Creamery and Mills Brothers will continue to infringe the '662 patent, and thereby cause irreparable injury to f'real and Rich, unless enjoined and restrained by this Court.

59. As a result of the infringement of the '662 patent by Hamilton Beach, Hershey Creamery and Mills Brothers, f'real and Rich have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, f'real and Rich asks this Court to enter judgment in f'real's and Rich's favor against defendants Hamilton Beach, Hershey Creamery and Mills Brothers as follows:

A. That defendants Hamilton Beach, Hershey Creamery and Mills Brothers have infringed f'real's '377, '150, '658 and '662 patents;

B. That infringement of the '377, '150, '658 and '662 patents by Hamilton Beach and Hershey Creamery has been willful;

C. That defendants Hamilton Beach, Hershey Creamery and Mill Brothers, their officers, agents, servants, employees and all persons in active concert or participation with any of them, and their successors and assigns be temporarily, preliminarily and permanently enjoined from infringement of the '377, '150, '658 and '662 patents including, but not limited to, making, using, offering for sale, selling, and/or importing into the United States MIC2000 mix-in-cup blending machines, BIC2000 blend-in-cup blending machines and any other blending machines that infringe any of the patents-in-suit before the expiration dates of those patents;

D. As part of the prayed for injunction, that this Court order defendants Hamilton Beach and Hershey Creamery to recall from their retailers and all others in the chain of commerce all infringing MIC2000 and BIC2000 blenders;

E. That f'real be awarded damages under 35 U.S.C. § 284 adequate to compensate it for defendants' infringement of the '377, '150, '658 and '662 patents, but no less

than a reasonable royalty, with interest (including pre-judgment and post-judgment interest), and a trebling of such damages in view of the willful nature of the infringement.

   F. That defendants Hamilton Beach, Hershey Creamery and Mills Brothers be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of compliance with the requested injunctive relief.

   G. That f'real be awarded its reasonable attorneys' fees and costs of suit.

   H. That f'real be awarded such other relief as the Court may deem just and proper.

## JURY DEMAND

f'real and Rich hereby demands a trial by jury for all issue so triable.

             MORRIS, NICHOLS, ARSHT & TUNNELL LLP

             */s/ Rodger D. Smith II*

             Rodger D. Smith II (#3778)
             Ethan H. Townsend (#5813)

OF COUNSEL:          1201 North Market Street
             P.O. Box 1347
Guy W. Chambers        Wilmington, DE 19899-1347
Ellen P. Liu          (302) 658-9200
Allyson Madrid         rsmith@mnat.com
SIDEMAN & BANCROFT LLP     etownsend@mnat.com
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111      *Attorneys for Plaintiffs*
(415) 392-1960

January 26, 2016
9798597.1