IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS LLC and RICH PRODUCTS CORPORATION | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 16-41-CFC |
| | : | |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

At Wilmington this Nineteenth day of November in 2018:

1.   At a hearing convened on November 8, 2018, the Court granted in part and denied in part Defendants' motion for partial reconsideration (D.I. 86). Pursuant to its ruling, and with the benefit of the submissions filed by the parties on November 16, 2018 (D.I. 159, 160), the Court has reconsidered the construction of the disputed corresponding structure of the "aeration means/elements" means-plus-function claim elements.

2.   In their November 16th letter (D.I. 160), Plaintiffs noted something they did not mention in their opposition to Defendants' motion for partial reconsideration (D.I. 91) — namely, that the corresponding structure proposed by Defendants in their reconsideration motion has a blade with only one wave,

whereas the corresponding structure proposed by Defendants in their claim construction briefing (D.I. 63 at 5) had a blade with three waves.

3. The Court noted during the hearing that:

> In this case, all parties agree, and Judge Sleet held, that the corresponding structure is found in column 7. Where I might part ways with Judge Sleet, however, is in limiting the description of the structure to lines 43 through 47. I am concerned that the description of the structure begins at line 36 and extends through line 47. I note that both parties in their claim construction briefing directed the Court's attention to lines 36 through 47 to identify[] the corresponding structure. I am inclined to conclude that all [] those lines describe the corresponding structure, and that [therefore the] structure would appear to be consistent with what was proposed by defendants [in their claim construction briefing].
>
> So what I am going to do is, I'm going to grant in part the motion for reconsideration insofar as it concerns this last corresponding structure that I've just described, and I am going to ask the parties to brief to me in no more than three pages by the end of next week the issue of whether I should look to lines 36 through 47 in their entirety to determine the corresponding structure or more limited lines in the disclosure or elsewhere to determine what, in fact, is the corresponding structure to the aeration means and aeration elements terms.

Tr. at 8:9–9:5.

4. As the above-quoted remarks of the Court suggest, the Court had understood that Defendants were asking the Court to reconsider the original claim construction order (D.I. 83) and to adopt the corresponding structure Defendants had proposed in their claim construction briefing. That proposed structure —

2

which had three waves on a blade — was identical to the structure described in lines 36 through 47 of column 7.

5. But as Plaintiffs note in their November 16th letter, Defendants asked the Court in their motion for partial reconsideration to construe the corresponding structure as having a blade with only one wave. *See* D.I. 86 at 6. The fact that Defendants concede that only one wave is necessary to perform the aeration means/element function in the patent tells the Court that Plaintiffs are correct that something less than all the elements described in lines 36 through 47 of column 7 is necessary to accomplish the claimed aeration means/elements function.

6. Accordingly, the Court will not overrule Judge Sleet's construction of the corresponding structure, and will construe the corresponding structure as "curved, wave-like structure(s) on a rotatable blade with a slim cross-sectional profile." D.I. 83 at 5.

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE