IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>HAMILTON BEACH BRANDS, INC.,<br>HERSHEY CREAMERY COMPANY and<br>PAUL MILLS d/b/a MILLS BROTHERS<br>MARKETS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 16-41 (CFC)<br>)  CONSOLIDATED<br>)<br>)  REDACTED - PUBLIC VERSION<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
### MOTION IN LIMINE TO PRECLUDE PRIOR ART UNDER 35 U.S.C. § 315(e)

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Rodger D. Smith II (#3778)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899-1347<br>(302) 658-9200 |
| Guy W. Chambers<br>Ellen P. Liu<br>SIDEMAN & BANCROFT LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>(415) 392-1960 | rsmith@mnat.com<br>mflynn@mnat.com<br><br>*Attorneys for Plaintiff* |

Original Filing Date: December 14, 2018
Redacted Filing Date: December 21, 2018

Defendant Hamilton Beach unsuccessfully challenged the validity of claim 21 of f'real's U.S. Patent No. 7,520,662 ("'662 patent") both in *inter partes review* ("IPR") proceedings before the Patent Trial & Appeal Board ("PTAB") and its appeal to the Federal Circuit. *See Hamilton Beach Brands, Inc. v. F'real Foods,* LLC, 2018 WL 6005016 (Fed. Cir. Nov. 16, 2018). Under 35 U.S.C. § 315(e)(2), Defendants are estopped from presenting any invalidity arguments in this Court that they "raised or reasonably could have raised" in the IPR proceedings. This includes not just the specific prior art combination addressed in the PTAB's "Final Written Decision," but also any references known or available to Defendants for use in the IPR. Because all prior art combinations set forth in Defendants' Final Invalidity Contentions (Ex. D), opening report of their technical expert, Dr. Slocum (Ex. E), and Defendants' e-mail disclosure of final prior art elections (Ex. A) were either "raised or reasonably could have been raised" in the IPR proceedings, Defendants should be estopped from litigating these prior art combinations at trial.

In e-mail correspondence (Ex. A), Defendants use two tactics to try to circumvent and nullify the estoppel provisions of § 315(e)(2): (1) Defendants add a different reference (Sato) to combinations of references which are undisputedly subject to estoppel (*e.g.*, Neilson, Miller, Supervielle, and "Admitted Prior Art") to argue that new combinations are created; and (2) Defendants argue that they should get a second try at a prior art combination (Admitted Prior Art in view of Kelly and Miller) that was presented to the PTAB, but not instituted based on the PTAB's determination that it was redundant.

### A. Estoppel Applies To Defendants' Combinations Containing the Sato Reference

Defendants contend that estoppel should not apply to any prior art combinations which include the Sato reference because Defendants were supposedly not aware of Sato when the '662 IPR petition was filed. In various combinations, Defendants are proposing to substitute Sato in place of the unsuccessfully litigated Kelly reference. As compared to Kelly, Sato is a weaker

reference that adds nothing to their theories because, unlike Kelly, there can be no argument that Sato lacks a "nozzle oriented towards the splash shield."[1] The only reason to include Sato as an add-in is to resuscitate prior art combinations that would otherwise be clearly estopped. Defendants' attempted end-run of the estoppel provision is aptly demonstrated by their Final Invalidity Contentions, which did not disclose Sato at all as prior art for the '662 patent. Ex. D.

The tactic of inserting a "newly discovered" prior art reference to resuscitate clearly estopped prior art combinations for a second bite at the apple has been rejected by courts and PTAB. *See Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, 2017 WL 1045912, at *11-12 (D. Del. Feb. 22, 2017) (Jordan, J) (The "prior art references (or combinations) a petitioner 'could have raised' includes any references that were known to the petitioner *or that could reasonably have been discovered by 'a skilled searcher conducting a diligent search*.'") (citations omitted; emphasis added).[2]

In fact, the PTAB already rejected Hamilton Beach's attempts to use Sato to take a second bite at the apple for f'real's U.S. Patent No. 7,520,658 ("'658 patent"). In January 2017, Hamilton Beach used Sato in a second IPR challenge to the '658 patent. *See* Ex. B. The PTAB rejected Hamilton Beach's "serial challenge" to the '658 patent and its "attempt[] to excuse its failure to present the Sato . . . reference[] in an earlier petition." *Id.* at 10-11. The PTAB also expressly rejected Hamilton Beach's argument that it had only recently "discovered" the Sato reference, noting that it "was published nearly 30 years ago" and "Petitioner has not shown []

---

[1] Both Kelly and Sato teach away from claim 21 of the '662 patent because they fail to "isolate the vessel from the rinsing fluid."

[2] *See also Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990, 1029-30 (E.D. Wis. 2017); *Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*, 2017 WL 3278915, at *9 (N.D. Ill. Aug. 2, 2017). Indeed, when the America Invents Act was enacted, then-Director of the USPTO David Kappos emphasized that the "estoppel provisions mean that your patent is largely unchallengeable by the same party." *America Invents Act: Hearing on H.R. 1249 Before the House Comm. on the Judiciary*, 112th Cong. 52-53 (2011).

that those references were not available when" it filed the earlier '658 IPR petition in 2016. *Id.*; *see also* Ex. C at 8. The inclusion of Sato in an IPR petition just two months after institution of the '662 IPR demonstrates that it "could reasonably have been discovered by 'a skilled searcher conducting a diligent search.'"

### B. Estoppel Applies to the Non-Instituted AAPA Grounds

In its '662 IPR petition, Hamilton Beach asserted invalidity based upon a Nielson, Kelly and Miller combination as well as combination of Admitted Prior Art ("AAPA"), Kelly and Miller. While instituting the IPR based upon Nielson, Kelly and Miller, the PTAB did not institute on AAPA, Kelly and Miller because Hamilton Beach failed to "explain whether or how the obviousness ground based on AAPA, Kelly, and Miller differs from the obviousness ground based on Neilson, Kelly, and Miller," and thus found that combination redundant. Ex. F at 25. The PTAB stated that "[a]lthough Petitioner provides a separate claim chart for each asserted ground, there appears to be extensive overlap between the charts" and "the charts appear to be identical" for the last step of claim 21. *Id.* Hamilton Beach never challenged this non-institution decision either at the PTAB or by requesting remand by the Federal Circuit.[3] Defendants should be estopped from holding in reserve and now attempting to re-use the redundant AAPA, Kelly and Miller combination. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2017 WL 235048, at *4 (N.D. Cal. Jan. 19, 2017) (estoppel applies to non-instituted grounds that PTAB found redundant).

---

[3] In light of the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), holding that the PTAB must institute on all petitioned grounds, Hamilton Beach could have requested that the Federal Circuit remand its appeal to the PTAB to consider the second ground including the AAPA. *See generally Adidas AG v. Nike, Inc.*, 894 F. 3d 1256 (Fed. Cir. 2018). Hamilton Beach's failure to request such relief precludes it from asserting the non-instituted ground at trial because it could have raised it in the IPR if it had chosen to request remand. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 2018 WL 4177941, at *18 (D. Mass. Aug. 30, 2018) (holding defendant's failure to seek remand on non-instituted grounds following *SAS* subjected those grounds to estoppel under § 315(e)).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Guy W. Chambers<br>Ellen P. Liu<br>SIDEMAN & BANCROFT LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>(415) 392-1960<br><br>December 14, 2018 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br><br>_____<br>Rodger D. Smith II (#3778)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>rsmith@mnat.com<br>mflynn@mnat.com<br><br>*Attorneys for Plaintiffs f'real Foods, LLC and Rich Products Corporation* |

4