# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>Defendants. | C.A. No. 16-41-CFC<br>CONSOLIDATED |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE PRIOR ART UNDER 35 U.S.C. § 315(e)

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Of Counsel:*

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

*Counsel for Defendants*

Dated: January 11, 2019

Defendants oppose Plaintiffs' Motion *in Limine* (D.I. 173).  Defendants do not assert prior art combinations that they "raised or reasonably could have raised" during *Inter Partes* Review ("IPR") of U.S. Pat. No. 7,520,662 ("the '662 patent").

**1.      Defendants Could Not Have Reasonably Raised the Sato Reference in the '662 IPR as Evidenced by Multiple Skilled Searchers' Inability to Find Sato After Diligent Searches**

Defendants did not learn about the Sato reference (JP H04-136787 U1) until 7 months after the filing the IPR for the '662 Patent ("the '662 IPR").  Foster Decl. ¶ 7.  Thus, the Court's estoppel inquiry is limited to whether the reference could reasonably have been discovered by "a skilled searcher conducting a diligent search."  *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072-KAJ, 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017) (citation omitted); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *7–8 (N.D. Ill. Mar. 18, 2016).

Plaintiffs bear the burden of establishing estoppel.  *Clearlamp*, 2016 WL 4734389, at *9.  "One way to show what a skilled search would have found would be (1) to identify the search string and search source that would identify the allegedly unavailable prior art and (2) present evidence, likely expert testimony, why such a criterion would be part of a skilled searcher's diligent search."  *Id.*  Here, Plaintiffs have provided no evidence that the Japanese-language Sato reference would have reasonably been found through a diligent search, and thus Plaintiffs' Motion fails for this reason alone.  *See Milwaukee Elec. Tool Corp. v. Snap-On Inc.,* 271 F. Supp. 3d 990, 1032-33 (E.D. Wis. 2017) (no estoppel in view of lack of evidence whether a

diligent searcher would have found the references).  To the contrary, the unrebutted evidence shows that a skilled searcher conducting a diligent search—such as the ones commissioned by Hamilton Beach—could not reasonably be expected to find the untranslated Japanese Sato utility model reference.  Decl. of Lone Hartung Nielsen ¶¶ 4-8, 23-26; Decl. of Dominic M. DeMarco ¶¶ 1-7, 13-17.

In lieu of presenting evidence to satisfy its burden, Plaintiffs note that Sato was found "two months" after the '662 IPR institution and cite to the PTAB's comments regarding Sato in a denial of institution for a different patent.  D.I. 173 at 2-3.  But the time when Sato was found is not evidence that it should have been found through a diligent search.  And the PTAB's decision was based on its broad discretion to deny institution under § 325(d) after Hamilton Beach had the benefit of a prior IPR decision.  The PTAB did not analyze estoppel under § 315(e) and whether a diligent search would have found Sato.  *See* D.I. 173-2 Ex. B at 11.  As the only evidence before the Court shows that a diligent search would not reasonably uncover Sato, Plaintiffs have not met their burden.  *See Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, No. 15-cv-1067, 2017 WL 3278915, at *10 (N.D. Ill. 2017) (no estoppel when plaintiff fails to present evidence that art should have been found in diligent search); *Clearlamp*, 2016 WL 4734389, at *7–9.[1]  Accordingly, Plaintiffs' estoppel argument regarding the Sato reference should be rejected.

---

[1] Plaintiffs also argue that Sato is "weaker" than or cumulative to the references cited in the IPR.  D.I. 173 at 1-2.  Not only is this untrue, but this is immaterial as to estoppel and whether it would have been reasonable for a skilled searcher to have found Sato through a diligent search.  *Clearlamp*, 2016 WL 4734389, at *9.

2

## 2.     Estoppel Does Not Apply to APA in View of Kelly and Miller Because This Ground Was Not Instituted by the PTAB in the '662 IPR

The Federal Circuit has held that a defendant is not estopped from asserting invalidity grounds that were raised but not instituted in IPR.  *Shaw Indus. Group, Inc. v. Automated Creel Sys.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016).  Consistent with *Shaw*, this Court has never held that non-instituted grounds are estopped under § 315(e).  Thus, the invalidity ground of Admitted Prior Art ("APA") in view of Kelly and Miller—which was raised but not instituted in the '662 IPR, and thus not subject to the PTAB's final written decision—is not subject to IPR estoppel.

Plaintiffs' reliance on *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 601 (D. Mass. 2018) is misplaced.  In *SiOnyx*, the defendant still had time to appeal non-institution after the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018).  *Id.*, n.18.  Here, the *SAS* decision issued months after the appeal deadline lapsed.  Foster Decl. ¶¶ 10-11.  There is also no legal support for the proposition that Hamilton Beach should be estopped for not seeking a remand.  Also, the non-binding decision of *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501-SI, 2017 WL 235048, at 4 (N.D. Cal. Jan. 19, 2017), does not apply here because the non-instituted ground based on APA is not a mere subset of the instituted '662 IPR combination.  Indeed, Defendants' APA/Kelly/Miller ground uses a distinct primary reference (APA) than the instituted '662 IPR ground.  Accordingly, the Court should reject Plaintiffs' contention that the non-instituted combination based on APA should be estopped under § 315(e).

3

| | |
|---|---|
| Dated: January 11, 2019 | */s/ Francis DiGiovanni* |
| | Francis DiGiovanni (#3189) |
| | Thatcher A. Rahmeier (#5222) |
| | DRINKER BIDDLE & REATH LLP |
| | 222 Delaware Avenue, Suite 1410 |
| | Wilmington, DE 19801 |
| | (302) 467-4200 |
| | francis.digiovanni@dbr.com |
| | thatcher.rahmeier@dbr.com |

*Of Counsel:*

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

*Counsel for Defendants*

4

## **CERTIFICATE OF SERVICE**

I certify that on January 11, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF prior to 6:00 p.m. ET, which will send notification of such filing to all registered participants.  In addition, the foregoing will be served upon counsel of record via electronic mail.

Dated:  January 11, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
francis.digiovanni@dbr.com