IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and <br> RICH PRODUCTS CORPORATION, <br> <br> Plaintiffs, <br> <br> v. <br> <br> HAMILTON BEACH BRANDS, INC., <br> HERSHEY CREAMERY COMPANY and <br> PAUL MILLS d/b/a MILLS BROTHERS <br> MARKETS, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 16-41 (CFC) <br> ) CONSOLIDATED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR**
**MOTION IN LIMINE TO PRECLUDE PRIOR ART UNDER 35 U.S.C. § 315(e)**

OF COUNSEL:

Guy W. Chambers
Ellen P. Liu
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111
(415) 392-1960

January 25, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Taylor Haga (#6549)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
thaga@mnat.com

*Attorneys for Plaintiff*

The legislative history of 35 U.S.C. § 315 makes clear that the intent of the estoppel provision is that the IPR "will completely substitute for at least the patents-and-printed-publications portion of the civil litigation." 157 Cong. Rec. S1376 (Mar. 8, 2011) (statement of Sen. Kyl). Defendants seek to undermine the clear intent of the estoppel provision by seeking to use printed prior art at trial that they raised or could have raised during the IPR.

Defendants' argument that "a skilled searcher conducting a diligent search" could not have found Sato is clearly refuted by the fact that their search firm, NGB, did so. Notably, Defendants do not present a declaration from NGB attesting to any difficulty in locating Sato during a "diligent search." Moreover, Defendants are not claiming that Sato alone anticipates the '662 patent, but rather they seek to tack this "new" weak reference onto combinations that are clearly subject to estoppel (APA, Neilson, Miller, and Supervielle) in an attempt to evade the estoppel provision. *See* Op. Br. Ex A. If that were proper, nothing would prevent a defendant from finding an obscure, unhelpful prior art reference after an IPR and just adding it onto their estopped combinations to avoid estoppel – which is exactly what Defendants are doing here. Defendants' gamesmanship would nullify the estoppel provision of § 315 and should be rejected.

Defendants' tactical decision to not request remand of the Final Written Decision in the wake of *SAS* precludes use of the APA, Kelly, and Miller combination at trial. The Federal Circuit has granted numerous remand requests to consider non-instituted grounds, *even after the court heard oral arguments in the appeal*.[1] Also, the "APA" combines numerous references, including Neilson, and there is no dispute that the instituted ground of Neilson, Kelly, and Miller is subject to estoppel. Defendants' attempt to re-litigate this estopped combination – one the PTAB found redundant – by calling it "APA" instead of Neilson should be rejected.

---

[1] *See, e.g., BioDelivery Sci. Int'l, Inc. v. Aquestive Therap., Inc.*, 898 F.3d 1205 (Fed. Cir. 2018); *Palo Alto Networks, Inc. v. Finjan, Inc.*, 2018 WL 6040843, at *3 (Fed. Cir. Nov. 19, 2018).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Guy W. Chambers<br>Ellen P. Liu<br>SIDEMAN & BANCROFT LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>(415) 392-1960<br><br>January 25, 2019 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br>_____<br>Rodger D. Smith II (#3778)<br>Michael J. Flynn (#5333)<br>Taylor Haga (#6549)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>rsmith@mnat.com<br>mflynn@mnat.com<br>thaga@mnat.com<br><br>*Attorneys for Plaintiffs f'real Foods, LLC and Rich Products Corporation* |

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendant Hamilton Beach*<br>*Brands, Inc. and Hershey Creamery Company* | *VIA ELECTRONIC MAIL* |
| William S. Foster, Jr., Esquire<br>Kenneth M. Vorrasi, Esquire<br>Brianna L. Silverstein, Esquire<br>Lee Roach, IV, Esquire<br>Katlyn M. Moseley, Esquire<br>DRINKER BIDDLE & REATH LLP<br>1500 K Street, N.W.<br>Washington, DC  20005-1209<br>*Attorneys for Defendant Hamilton Beach*<br>*Brands, Inc. and Hershey Creamery Company* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)