# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MOBILITY INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 16-284-LPS |
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION) and WABTEC RAILWAY ELECTRONICS, INC., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **January, 2019**:

Pending before the Court are Siemens' *Daubert* Motion to Exclude Portions of Mr. Christopher Martinez (D.I. 305), Motion for Reconsideration (D.I. 396), and Motion for Leave to Serve a Revised Expert Report of Its Damages Expert (D.I. 398). For the following reasons, **IT IS HEREBY ORDERED** that Siemens' motions are **DENIED**.

## MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.

1

*See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

The Court is denying Siemens' motion for reconsideration for the reasons stated at the November 26 hearing (*see* D.I. 395 at 5-6) and in Defendants Westinghouse Air Brake Technologies Corporation (d/b/a Wabtec Corporation) and Wabtec Railway Electronics, Inc.'s ("Defendants," "Westinghouse," or "Wabtec") opposition brief. (*See* D.I. 412)

Many of the arguments Siemens makes for the relief it seeks mischaracterize the bases the Court gave for the decision Siemens is asking the Court to reconsider. The Court did not "convert[] a *Daubert* challenge into a merits determination" (D.I. 396 at 1) or "hold[] Mr. Carter to an incorrect 'heavy burden' standard" (*id.*). Instead, the Court expressly stated: "The Court finds that his application of *Panduit* is not one that survives a *Daubert* challenge. . . . What I have to answer and have answered is that Carter's analysis does not provide a sound basis on which a jury could and would award lost profits . . . ." (D.I. 395 at 6) The Court's reference to a "heavy burden" reflects the reality that in some cases, possibly including here, lost profits damages are not available. *See also generally Weschler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1293 (Fed. Cir. 2007) ("[I]f the patentee is not selling a product, by definition there can be

2

no lost profits, [unless] the patentee has the ability to manufacture and market a product, but for some legitimate reason does not. . . . [I]n these situations, though, the burden on a patentee who has not begun to manufacture the patented product is commensurately heavy."). The Court did not weigh the evidence.

The Court continues to find that Mr. Carter's failure to account for the alternative actions Wabtec would foreseeably have undertaken had it not infringed is a fatal flaw in his application of *Panduit*. *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350-51 (Fed. Cir. 1999) ("[A] fair and accurate reconstruction of the 'but for' market also must take into account, where relevant, alternative actions the infringer foreseeably would have undertaken had he not infringed."). As the Federal Circuit has explained, it is "hardly likely" that a company like Westinghouse would "surrender its complete market share when faced with a patent, if it can compete in some other lawful manner." *Id.* at 1351. Mr. Carter's speculation that Siemens would have developed a hybrid of Train Sentinel and TrainGuard and that this hybrid product would have replaced all of Wabtec's sales is unreliable in light of Mr. Carter's failure to consider Westinghouse's alternatives (other than exiting the market) in the but-for market. (*See* D.I. 412 at 7) ("Carter assumes that Defendants wold leave the PTC market altogether, abandoning their customer relationships and the extensive train control investment they made before the issuance of the OBU Patents. Carter's assumption that Defendants (and every other PTC company in the market) would do nothing and allow Invensys and Siemens to usurp the U.S. market infects his entire lost profits analysis for the OBU and BOS Patents, rendering that analysis wholly unreliable.") To perform its gatekeeping function, the Court must exclude this unreliably flawed methodology.

3

The Court is not persuaded that its decision, either on the earlier motion or today, will result in manifest injustice.

## MOTION TO SUPPLEMENT

Having considered the "*Pennypack*" factors, the Court is also denying Siemens' motion for leave to serve a supplemental expert report of Mr. Carter. While the revised report narrows the temporal period of lost profits, Mr. Carter presents completely new opinions, including, *inter alia*, a new "but for" world starting in 2013 and a different product (TrainGuard rather than the previously disclosed hybrid product). Siemens had every opportunity to present this as an alternative theory earlier in the case, including in one or more of Mr. Carter's earlier reports. Siemens does not explain why it should be permitted another opportunity to present what, in fairness, is a new opinion[1] when Siemens waited until after the Court excluded the lost profits theory that Siemens chose to rely on in full knowledge of Wabtec's challenges to it. While the Court recognizes that the evidence is important and that Siemens did not act in bad faith (instead, it seems simply to have made a strategic decision), it would be unfairly prejudicial to require Westinghouse to digest, rebut, and depose these new opinions in the remaining 12 days before a trial which already involves various theories of infringement of 11 patents, willfulness, invalidity, and reasonable royalty damages. Bifurcating or postponing trial would not cure this prejudice (particularly as Westinghouse opposes such measures) and would disrupt the orderly and efficient trial of this case.

---

[1] This is not a situation where updated numbers are plugged into a previously-disclosed and unchanged formula.

4

## *DAUBERT* MOTION

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), the Supreme Court explained that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial] judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." The rule requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). There are three distinct requirements for admissible expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the expert's opinion must relate to the facts. *See generally Elcock v. Kmart Corp.*, 233 F.3d 734, 741-46 (3d Cir. 2000). Hence, expert testimony is admissible if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Rule 702 embodies a "liberal policy of admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). Motions to exclude evidence are committed to the Court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).

Having denied Siemens' motion for reconsideration, the Court also denies the two remaining issues in Siemens' *Daubert* motion. (*See* D.I. 393 at 1-2) First, the Court finds that Siemens' arguments regarding whether non-infringing alternatives and design-arounds would be available to Westinghouse and acceptable to its customers "go to the weight of the expert's testimony, not to the admissibility." *MobileMedia Ideas, LLC v. Apple Inc.*, 209 F. Supp. 3d 756, 766 (D. Del. 2016) (denying motion to exclude expert opinion on commercial acceptability of non-infringing alternatives). Even though Mr. Martinez did not speak to any of

Westinghouse's customers, he relied on industry sources and extensive technical analysis by Westinghouse's technical experts. Second, the Court finds that Mr. Martinez's reliance on Dr. Kaufman's analysis regarding the benefits of the patented features is appropriate. Siemens' concerns with Dr. Kaufman's credibility raise issues of fact for the jury.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE
