# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, <br><br> Defendants. | C.A. No. 16-41-CFC <br> CONSOLIDATED <br><br> **CONFIDENTIAL** <br><br> **This CORRECTED version corrects an inadvertent error made in response to Plaintiffs' SOF #18; the error was evident from D.I. 195 at pg. 10** |

## CORRECTED DEFENDANTS' CONCISE COUNTERSTATEMENT OF FACTS IN OPPOSITION TO PLAINTIFFS' CONCISE STATEMENT OF UNDISPUTED FACTS [D.I. 171]

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Of Counsel*:

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

Dated: April 7, 2019

## TABLE OF EXHIBITS[1]

| Exhibit No. | Title and Description |
|---|---|
| 1. | Excerpts from the December 13, 2017 deposition of Brian Williams |
| 2. | Excerpts from the November 2, 2018 deposition of Alexander Slocum |
| 3. | Excerpts from the April 13, 2018 deposition of James Farrell |
| 4. | Excerpts from the April 12, 2018 deposition of Andrew Geppert |
| 5. | Excerpts from the February 14, 2018 deposition of Thomas Kramer |
| 6. | Excerpts from the June 13, 2018 deposition of Jens Voges |
| 7. | Excerpts from the October 17, 2018 deposition of Daniel Maynes |
| 8. | Excerpts from the July 10, 2018 deposition of Benjamin Branson |
| 9. | Excerpts from the March 22, 2018 deposition of Brian O'Flynn |
| 10. | Excerpts from the March 23, 2018 deposition of Ernest Pryor |
| 11. | Document bearing Bates No. KABLOOE_000333, produced during discovery in the above-captioned litigation |
| 12. | Collection of documents bearing Bates No. KABLOOE_000004, 000119, 000120, 000146, 000158, 000172, 000178, 000180, 000183, 000191, 000195, 000199, 000206, 000214, 000222, 000230, 000237, 000245, 000253, 000262, 000271, 000279, 000292, 000298, 000304, 000307, 000314, 000322, 000326, 000329, 000332, and KABREV001_0000002 at 45, produced during discovery in the above-captioned litigation |
| 13. | Document bearing Bates No. FREAL_186801-806, produced during discovery in the above-captioned litigation |
| 14. | Document bearing Bates No. FREAL_235591-618, produced during discovery in the above-captioned litigation |
| 15. | Document bearing Bates No. KABLOOE_000009, produced during discovery in the above-captioned litigation |
| 16. | Document bearing Bates No. F'REAL_000218-19, produced during discovery in the above-captioned litigation |
| 17. | Document bearing Bates No. HBBF0000124-28, produced during discovery in the above-captioned litigation |
| 18. | Document bearing Bates No. FREAL_186799-800, produced during discovery in the above-captioned litigation |

---

[1] The Exhibits were submitted as part of the Declaration of Francis DiGiovanni, filed contemporaneously with D.I. 202.

| Exhibit No. | Title and Description |
|---|---|
| 19. | Test Report of MIC2000 by Professor Alexander Slocum, Exhibit 2 to the Rebuttal Expert Report of Alexander H. Slocum, Ph.D., served on September 24, 2018 |
| 20. | U.S. Patent No. 8,807,823, produced in this case as Bates Nos. HBBF0036784-808 |
| 21. | Exhibit 9 to Defendant Hamilton Beach Brands, Inc.'s Final Patent Invalidity Contentions, served on February 12, 2018 |
| 22. | Video bearing Bates No. HBBF0172868, produced in native form during discovery in the above-captioned litigation |

Pursuant to Section 12(c) of the Scheduling Order, Hamilton Beach Brands, Inc. ("Hamilton Beach") and Hershey Creamery Company ("Hershey) (collectively, "Defendants") submit the following Defendants' Concise Counterstatement of Facts in Opposition to Plaintiffs' Concise Statement of Undisputed Facts [D.I. 171]:

**Plaintiffs' Facts Relevant to Infringement of Claim 21 of the '662 Patent**

|     | **Response** | **Evidentiary Support** |
| --- | --- | --- |
| 1.  | **Admitted.** |     |
| 2.  | **Disputed.** No Hamilton Beach engineers testified that any Accused Product performed each and every step of claim 21 of the '662 patent. | D.I. 171-2 Ex. J<br>D.I. 171-2 Ex. F 101:23-102:5<br>D.I. 171-2 Ex. G 91:16-92:7<br>D.I. 171-2 Ex. H 158:8-16<br>D.I. 171-2 Ex. I 173:1-5 |
| 3.  | **Admitted.** In the demonstrations by Hamilton Beach Engineers, a cup with material may be provided. But when the MIC2000 is used by consumers, it is the consumers who provide the vessel. | D.I. 171-2 Ex. N ¶ 84 |
| 4.  | **Admitted.** |     |
| 5.  | **Disputed.** This is not a method step. |     |
| 6.  | **Disputed.** This is not a method step. |     |
| 7.  | **Disputed.** This is not a method step. |     |

|     | **Response** | **Evidentiary Support** |
| --- | --- | --- |
| 8.  | **Partially Disputed.** Defendants admit that the Hamilton Beach Engineers testified that the lid is lifted from the vessel opening after mixing/blending. However, none of the Hamilton Beach engineers testified that the Accused Products performed the steps of "directing rinsing fluid onto the splash shield while isolating the vessel from the rinsing fluid." | D.I. 171-2 Ex. J<br>D.I. 171-2 Ex. F 101:23-102:5<br>D.I. 171-2 Ex. G 91:16-92:7<br>D.I. 171-2 Ex. H 158:8-16<br>D.I. 171-2 Ex. I 173:1-5 |
| 9.  | **Admitted.** |     |
| 10. | **Disputed.** The lid of the MIC2000 cannot be rinsed while the cup is being removed from the device. | D.I. 171-2 Ex. J<br>D.I. 171-2 Ex. F 101:23-102:5<br>D.I. 171-2 Ex. G 91:16-92:7<br>D.I. 171-2 Ex. H 158:8-16<br>D.I. 171-2 Ex. I 173:1-5<br>D.I. 171-2 Ex. M 179:11-15 |
| 11. | **Partially Disputed.** It is unclear that the video shows a "demonstration," but Hershey did publish a video showing the use of the MIC2000 in a particular blending operation. There is no "standard" operation of the MIC2000 as it can be programmed to mix and rinse in a variety of ways depending on the desired performance characteristics. | D.I. 171-2 Ex. L at 5 |

|     | Response | Evidentiary Support |
| --- | --- | --- |
| 12. | **Disputed.** Dr. Maynes opined that in all of the Accused Products, the cup is first removed from the machine and only after the cup is removed do Accused Products direct rinsing fluid onto the splash shield. | D.I. 171-2 Ex. N ¶ 84 |
| 13. | **Partially Disputed.** Dr. Slocum testified all of the Accused Products perform a method of rinsing a splash shield. Dr. Slocum did not testify that the Accused Products use the "same approach" to mixing and rinsing. The Accused Products can be programmed to achieve different rinsing, blending, and/or mixing characteristics. The Accused Products may also include different types of mixing elements. | D.I. 171-2 Ex. O 144:18-145:16<br>D.I. 171-2 Ex. L at 3, 5<br>Ex. 1 63:9-15, 215:12-21, 216:1-13 |
| 14. | **Admitted.** | |
| 15. | **Admitted.** | |
| 16. | **Admitted.** | |
| 17. | **Admitted.** | |
| 18. | **Partially Disputed.** Dr. Slocum only testified that a user removes the cup after blending. Dr. Slocum did not testify that all steps of Claim 21 are performed during normal operation by a user of the MIC2000. | D.I. 202 Ex. 7 153:4-16; 153:17-154:20; 162:13-17<br>D.I. 171-2 Ex. P ¶¶ 62-64 (also filed at D.I. 179, Ex. 1(B) ¶¶ 62-64). |

**Plaintiffs' Facts Relevant to Infringement of Claim 15 of the '150 Patent**

|     | **Response** | **Evidentiary Support** |
| --- | --- | --- |
| 19. | **Partially Disputed.** Hershey did not offer for sale or sell the MIC2000 in the United States. | D.I. 171-2 Ex. AA<br>D.I. 176 Ex. 1 46-48 |
| 20. | **Admitted.** | |
| 21. | **Admitted.** | |
| 22. | **Disputed.** Brian O'Flynn only testified the MIC2000 and BIC2000 included a door and no Hamilton Beach engineers testified that the Accused Products included a moveable door that covered the entrance to a rinse chamber. | D.I. 171-2 Ex. Q<br>D.I. 171-2 Ex. I 173:6-20 |
| 23. | **Admitted.** | |
| 24. | **Disputed.** Some Hamilton Beach engineers only testified that the Accused Products included nozzles pointed or oriented toward the splash shield but no Hamilton Beach engineer testified that the nozzles were "oriented to direct rinse fluid onto the splash shield within the rinse chamber." | D.I. 171-2 Ex. Q<br>D.I. 171-2 Ex. F<br>D.I. 171-2 Ex. G 91:10-18<br>D.I. 171-2 Ex. H 158:1-16<br>D.I. 171-2 Ex. I 170:19-171:8 |
| 25. | **Partially Disputed.** Dr. Slocum did not testify about the BIC3000-DQ. Dr. Slocum also only testified that "I do know that the nozzles that provide the water are directed to go and clean the inside of the splash shield." | Ex. 2 117:11-19, 120:15-17 |

4

**Plaintiffs' Facts Relevant to Defendants' Incorrect Inventorship Defenses**

|     | Response | Evidentiary Support |
| --- | --- | --- |
| 26. | **Disputed.** During depositions and through documents produced by Plaintiffs, Defendants have identified sufficient evidence to support their claim that Jim Farrell is not the sole inventor of the '150 patent family. | Ex. 3 94:3-7, 178:9-179:1, 193:7-19<br>Ex. 4 49:12-22, 84:6-85:1, 106:12-107:8, 114:22-115:6, 123:8-125:15, 129:21-130:6, 155:5-156:3, 156:12-157:23, 164:3-14, 213:1-214:13, 214:20-215:25<br>Ex. 11<br>Ex. 12<br>Ex. 13 at 3, 6 |
| 27. | **Partially Disputed.** Andrew Geppert testified that he helped develop multiple aspects of the FRLB2 that are claimed in the '150 patent family. Geppert's declaration that was created for this litigation speaks for itself. | Ex. 4 84:6-85:1, 106:12-107:8, 114:22-115:6, 123:8-125:15, 129:21-130:6, 155:5-156:3, 156:12-157:23 |
| 28. | **Partially Disputed.** Thomas Kramer testified that he was not privy to most of the conversations between Geppert and Farrell regarding the FRLB2 project. Kramer's declaration that was created for this litigation speaks for itself. | Ex. 5 204:15-24 |
| 29. | **Admitted.** | |
| 30. | **Partially Disputed.** Farrell admitted that he had not conceived of every part of the inventions that became the '150 patent before he approached Kablooe in April 2002. | Ex. 3 193:7-19 |

|     | **Response** | **Evidentiary Support** |
| --- | --- | --- |
| 31. | **Denied.** Dr. Slocum acknowledges that Farrell suggested that he approached Kablooe with a fully formed invention in April 2002, but also noted that the provisional application filed in November 2002 is missing support for a number of the claims of the '150 patent family. | D.I. 171-2 Ex. T ¶ 93 |

**Plaintiffs' Facts Relevant to Defendants' Prior Public Use Defenses**

|     | **Response** | **Evidentiary Support** |
| --- | --- | --- |
| 32. | **Admitted.** | |
| 33. | **Admitted.** | |
| 34. | **Admitted.** | |
| 35. | **Admitted.** | |
| 36. | **Admitted.** | |
| 37. | **Disputed.** The vessel in the video remains within the holder. | D.I. 171-2 Ex. Y |
| 38. | **Partially Disputed.** During depositions and through documents produced by Plaintiffs, Defendants have identified sufficient evidence to support their claim that Farrell offered for sale the FRLB2 prior to November 2002. | D.I. 171-2 Ex. D ¶ 20<br>Ex. 6 101:17-102:14<br>Ex. 3 108:24-110:14, 151:8-13, 161:13-16, 163:15-18<br>Ex. 14 at 16<br>Ex. 15 |

6

**Material Facts as to Which Defendants Contend There Exists a Genuine Issue to Be Litigated**

|   | Fact | Evidentiary Support |
|---|---|---|
| 1. | Geppert helped conceive of at least one limitation in each of the claims of the '658 patent, each of the claims of the '150 patent, and each of the claims of the '662 patent. | Ex. 4 84:6-85:1, 106:12-107:8, 114:22-115:6, 123:8-125:15, 129:21-130:6, 155:5-156:3, 156:12-157:23, 214:20-215:25<br>Ex. 3 178:9-179:1, 193:7-19<br>Ex. 13 at 3, 6 |
| 2. | The FRLB2 practices at least the independent claims of the '150 patent family that are asserted in this case. | D.I. 171-2 Ex. N ¶ 126 |
| 3. | f'real offered for sale its FRLB2 self-rinsing blender to QuikTrip before November 2002. | D.I. 171-2 Ex. D ¶ 20<br>Ex. 6 101:17-102:14<br>Ex. 3 108:24-110:14, 161:3-16, 163:15-18<br>Ex. 14 at 16<br>Ex. 15 |
| 4. | The Accused Products do not perform the method steps of "directing rinsing fluid onto the splash shield using the nozzle *while* isolating the vessel from the rinsing fluid" as required by the '662 patent. | D.I. 171-2 Ex. P ¶ 64<br>Ex. 2 153:4-16, 161:19-162:12, 196:11-198:18<br>D.I. 171-2 Ex. T ¶¶ 56-58<br>Ex. 7 91:11-25<br>D.I. 171-2 Ex. J<br>D.I. 171-2 Ex. F 101:23-102:5<br>D.I. 171-2 Ex. G 91:16-92:7<br>D.I. 171-2 Ex. H. 158:8-16<br>D.I. 171-2 Ex. I 173:1-5<br>Ex. 16 |

7

|    | Fact | Evidentiary Support |
|----|------|---------------------|
| 5. | The Accused Products do not include a "rinse chamber having an entrance and a door moveable to a closed position covering the entrance" as required by the '150 patent. | D.I. 171-2 Ex. P ¶¶ 85, 86, 87, 88<br>Ex. 19 at 22<br>Ex. 22<br>Ex. 7 184:1-6, 209:13-210:8<br>Ex. 1 28:15-19<br>Ex. 2 197:15-199:8, 202:1-203:15<br>D.I. 171-2 Ex. Q<br>D.I. 171-2 Ex. I 173:6-20<br>D.I. 171-2 Ex. N ¶¶ 58, 84, 89, 91<br>Ex. 8 57:11-21, 59:4-61:15, 72:5-25<br>Ex. 20 col. 9:20-46, Fig. 9<br>Ex. 17 |
| 6. | The Accused Products do not include a "nozzle coupled to a source of rinse fluid and oriented to direct rinse fluid onto the splash shield within the rinse chamber" as required by the '150 patent. | D.I. 171-2 Ex. P ¶ 90<br>D.I. 171-2 Ex. Q<br>D.I. 171-2 Ex. F 61:17-22<br>D.I. 171-2 Ex. G 91:10-18<br>D.I. 171-2 Ex. H 158:1-16<br>D.I. 171-2 Ex. I 170:19-171:8 |
| 7. | Claim 21 of the '662 patent is invalid in view of prior art. | *See* Defs.' Opp. to Plfs.'s Mot. *in Limine* |

Dated: April 7, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

OF COUNSEL:

8

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

*Counsel for Defendants*

## **CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

The undersigned hereby certifies that this filing complies with the type-volume limitation of the Court's Supplemental and Amended Scheduling Order (D.I. 168).  The brief contains 1,459 words, excluding the Cover Page, Table of Exhibits, Signature Block, Certification of Compliance with Word Limitation, and Certificate of Service.  The brief has been prepared in 14-point Times New Roman or similar typeface.  As permitted by the Court's Supplemental and Amended Scheduling Order, the undersigned has relied upon the word count feature of the word processing system used to prepare the document.

Dated:  April 7, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com

# **CERTIFICATE OF SERVICE**

I certify that on April 7, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF prior to 6:00 p.m. ET, which will send notification of such filing to all registered participants. In addition, the foregoing will be served upon counsel of record via electronic mail.

Dated:  April 7, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com