IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 16-41 (CFC) CONSOLIDATED |
| HAMILTON BEACH BRANDS, INC., HERSHEY CREAMERY COMPANY and PAUL MILLS d/b/a MILLS BROTHERS MARKETS, | ) ) ) ) ) | |
| Defendants. | ) | |

## **JOINT PRETRIAL ORDER**

Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Taylor Haga (#6549)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
thaga@mnat.com

*Counsel for Plaintiffs*

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Counsel for Defendants*

April 8, 2019

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Trial is scheduled to begin on April 29, 2019.  In advance of the Pretrial Conference on April 11, 2019, counsel for Plaintiffs f'real Foods, LLC and Rich Products Corporation (collectively, "Plaintiffs" or "f'real") and Defendants Hamilton Beach Brands, Inc. and Hershey Creamery Company (collectively, "Defendants") submit this Joint Pretrial Order governing trial of this action pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.3.

**Counsel for Plaintiffs f'real Foods, LLC and Rich Products Corporation:**

Rodger D. Smith II
Michael J. Flynn
Taylor Haga
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
thaga@mnat.com

Guy W. Chambers
Ellen P. Liu
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111
(415) 392-1960

**Counsel for Defendants Hamilton Beach Brands, Inc.
and Hershey Creamery Company:**

Francis DiGiovanni
Thatcher A. Rahmeier
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
Lee Roach, IV
Katlyn M. Moseley
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC  20005-1209

Reeya Thakrar
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr., Ste. 3700
Chicago, IL 60606-1698

## I.  Nature of the Case

### A.  The Parties

1.    Plaintiff f'real foods, LLC ("f'real") is a limited liability company organized under the laws of California, with its principal place of business at 6121 Hollis Street, Suite 500, Emeryville, California.

2.    Plaintiff Rich Products Corporation ("Rich") is a corporation organized under the laws of Delaware, with its principal place of business at One Robert Rich Way, Buffalo, New York.

3.     Defendant Hamilton Beach Brands, Inc. ("Hamilton Beach") is a corporation organized under the laws of Delaware, with its principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia.

4.     Defendant Hershey Creamery Company ("Hershey Creamery") is a corporation organized under the laws of Delaware, with its principal place of business at 301 South Cameron Street, Harrisburg, Pennsylvania.

**B.     Nature of the Action**

5.     On October 3, 2014, Plaintiff f'real Foods, LLC filed suit against Hamilton Beach, Hershey Creamery, and Paul Mills d/b/a Mills Brothers Market ("Mills Brothers") alleging patent infringement by all Defendants of Plaintiffs' U.S. Patent Nos. 5,803,377 ("'377 patent") (Count I); 7,144,150 ("'150 patent") (Count II); 7,520,658 ("'658 patent") (Count III); and 7,520,662 ("'662 patent") (Count IV) (collectively, the "Asserted Patents"). C.A. 14-1270, D.I. 1.  Plaintiff also asserted counts for Infringement Of A Federally Registered Trademark (Count V),  Common Law Trademark Infringement (Count VI), Trade Dress Infringement (Count VII), Federal Unfair Competition/False Designation of Origin Under 15 U.S.C. § 1125(a) (Count VIII), and Common Law Unfair Competition (Count IX). *Id.*

6.     On February 13, 2015, the Court granted-in-part and denied-in-part Hamilton Beach's motion to dismiss f'real's trademark, trade dress, and

unfair competition claims.  Specifically, the Court dismissed Counts VII (Trade Dress Infringement), VIII (Federal Unfair Competition/False Designation of Origin Under 15 U.S.C. § 1125(a)), and IX (Common Law Unfair Competition). C.A. No. 14-1270, D.I. 29.

7.   During discovery in C.A. No. 14-1270, a patent assignment was produced that indicated that during Plaintiff Rich Products Corporation's acquisition of f'real Foods, LLC in 2012, the '377, '150, '658, and '662 patents were assigned to Rich.  To address potential standing concerns, the patents were assigned back to f'real, and on January 26, 2016, f'real moved to dismiss the patent claims in C.A. No. 14-1270 (D.I. 106), which the Court granted on February 26, 2016 (*id.*, D.I. 120).

8.   Also on January 26, 2016, Plaintiffs f'real and Rich filed the complaint in this action, re-asserting the patent claims from C.A. No. 14-1270.  D.I. 1.

9.   On March 29, 2016, Defendants Hershey Creamery and Mills Brothers answered the complaint in this action, and asserted counterclaims of non-infringement and invalidity of all patents-in-suit. D.I. 7.

10.  On March 29, 2016, Defendant Hamilton Beach answered the complaint in this action, and asserted counterclaims seeking a declaratory judgment of non-infringement and invalidity for all patents-in-suit.  D.I. 10.  Hamilton Beach further asserted counterclaims seeking a declaratory judgment of

unenforceability of the '150, '658, and '662 patents due to inequitable conduct; and a counterclaim for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. *Id.*

11. On April 12, 2016, the Court granted the parties' stipulation to consolidate the remaining trademark claims in C.A. No. 14-1270 with the claims in C.A. No. 16-41. C.A. No. 14-1270, D.I. 123.

12. Plaintiffs filed their answer and defenses to Hershey Creamery's and Mills Brothers' counterclaims on April 22, 2016 (D.I. 18), and to Hamilton Beach's counterclaims on June 27, 2016 (D.I. 40).

13. On November 9, 2018, the Court granted the parties' stipulation to dismiss the trademark claims against all Defendants with prejudice and the patent claims against Mills Brothers without prejudice. D.I. 156, 157.

**C.   Claim Construction**

14. The Court held a *Markman* hearing on October 17, 2017, and issued its Order Construing the Terms of U.S. Patent Nos. 5,803,377; 7,144,150; 7,520,658; and 7,520,622 on November 29, 2017. D.I. 83.

15. At a hearing on November 8, 2018, and in a subsequent Memorandum Order (D.I. 161), the Court denied Defendants' motion for partial reconsideration of the Court's claim constructions (D.I. 86).

### D.     Claims to be Litigated at Trial[1]

16.     At a status conference on November 27, 2018, the Court ordered that Hamilton Beach's antitrust Sherman Act counterclaims would be bifurcated for purposes of trial.  11/27/18 Tr. at 4-5.

17.     On January 18, 2019, the Court issued an Oral Order that (i) Defendants' inequitable conduct defenses and counterclaims and (ii) Plaintiffs' willful infringement claims will be tried separately from the April 29, 2019 trial on infringement, invalidity, and damages.

18.     In view of the Court's orders, the parties submit that the following issues will be litigated at the trial commencing on April 29, 2019.

#### 1) Infringement

19.     Plaintiffs allege that Hamilton Beach and Hershey directly infringed claims 1, 11, 18, 19, and 27 of the '377 patent; and directly infringed, and continues to infringe, claims 15, 20, and 22 of the '150 patent; claims 1, 5, 6, 8, 9, 10, and 11 of the '658 patent; and claim 21 of the '662 patent by making, using, selling, offering for sale, or importing into the United States the accused MIC2000 blender.

20.     Plaintiffs allege that Hamilton Beach directly infringed, and continues to infringe, claims 15, 20, and 22 of the '150 patent; claims 1, 5, 6, 8, 9, 10,

---

[1]     Subject to the Court's rulings on the pending motions for summary

and 11 of the '658 patent; and claim 21 of the '662 patent by making, using, selling, offering for sale, or importing into the United States the accused BIC2000 blender.

21.   Plaintiffs allege that Hamilton Beach directly infringed, and continues to infringe, claims 15, 20, and 22 of the '150 patent; claims 1, 5, 6, 8, 9, 10, and 11 of the '658 patent; and claim 21 of the '662 patent by making, using, selling, offering for sale, or importing into the United States the accused BIC3000-DQ blender.

22.   Plaintiffs allege that Hamilton Beach directly infringed, and continues to infringe, claims 1, 5, 6, 8, 9, 10, and 11 of the '658 patent; and claim 21 of the '662 patent by making, using, selling, offering for sale, or importing into the United States the accused IMI2000 blender.

23.   Plaintiffs further allege that Hamilton Beach and Hershey Creamery have indirectly infringed claims 6, 8, 9, 10, and 11 of the '658 patent; and claim 21 of the '662 patent by inducing infringement and contributing to the infringement by others by encouraging and instructing others to practice the method steps of the claims when using the accused MIC2000 blender.

24.   Plaintiffs further allege that Hamilton Beach has indirectly infringed claims 6, 8, 9, 10, and 11 of the '658 patent; and claim 21 of the '662 patent by

---

judgment and motions *in limine*.

inducing infringement and contributing to the infringement by others by encouraging and instructing others to practice the method steps of the claims when using the accused BIC2000, IMI2000, and BIC3000-DQ blenders.

25. Plaintiffs seek a judgment that Defendants have infringed the '377, '150, '658, and '662 patents, and continue to infringe the '150, '658, and '662 patents. Plaintiffs further seek damages to compensate for Defendants' infringement, including without limitation Plaintiffs' lost profits and a reasonable royalty, with interest thereon. Plaintiffs further seek a permanent injunction to prevent further infringement, a judgment that this case is exceptional under 35 U.S.C. § 285, attorneys' fees, enhanced damages under 35 U.S.C. § 284, pre- and post-judgment interest, and such further relief in law or equity as this Court deems just and proper.

26. Defendants deny that they infringe any claim of the Asserted Patents. Defendants also deny that they encourage or instruct others to infringe any claim of the Asserted Patents.

27. Defendants contend that the asserted claims of the '377, '150, '658, and '662 patents are invalid under 35 U.S.C. §§ 102 or 103.

28. In addition to their defenses, Defendants have asserted counterclaims for non-infringement and invalidity of the '377, '150, '658, and '662 patents.

29.   Defendants deny that Plaintiffs are entitled to any monetary, injunctive, or other relief.  Defendants also deny that this case is exceptional under 35 U.S.C. § 285 and that attorneys' fees or any other relief in Plaintiffs' favor is warranted or would be just or proper.

## II. Jurisdiction

30.   This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  No party contests personal or subject matter jurisdiction for purposes of this action, and this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et seq*., and 28 U.S.C. §§ 1331 and 1338.

31.   No party contests venue for purposes of this action in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.      Facts

### A.      Joint Statement of Uncontested Facts

32.    Attached as **Exhibit 1** are facts that are not disputed or have been agreed to or stipulated to by the parties and require no proof at trial.  The facts set forth in **Exhibit 1** are part of the evidentiary record in the case. Either party, with prior notice to the other party, may read any or all of the uncontested facts to the jury or Court, and will be charged for the time used to do so.

### B.     Parties' Statements of Contested Facts to be Litigated at Trial

33.    Plaintiffs' statement of contested facts that remain to be litigated is set forth in **Exhibit 2**.  Defendants' statement of contested facts that remain to be litigated is set forth in **Exhibit 3**.

34.    The parties reserve the right to modify or supplement their statements of facts that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## IV.     Parties' Statements of Issues of Law to be Litigated at Trial

35.    Plaintiffs' statement of the issues of law that remain to be litigated is set forth in **Exhibit 4**.  Defendants' statement of the issues of law that remain to be litigated is set forth in **Exhibit 5**.

## V. Witnesses

36.    Plaintiffs' list of witnesses that may be called to testify at trial is attached as **Exhibit 6**.  Defendants' list of witnesses that may be called to testify at trial is attached as **Exhibit 7**.  Any witness not listed will be precluded from testifying, absent good cause shown.

## VI.     Testimony by Deposition

37.    Plaintiffs' list of deposition designations is attached as **Exhibit 8**.  Also included in **Exhibit 8** are Defendants' objections and additional designations

to the testimony offered by Plaintiffs and Plaintiffs' objections to Defendants' additional designations.

38.   Defendants' list of deposition designations is attached as **Exhibit 9**.  Also included in **Exhibit 9** are Plaintiffs' objections and additional designations to the testimony offered by Defendants and Defendants' objections to Plaintiffs' additional designations.

39.   If a party designates deposition testimony, and the other party counter-designates, all deposition testimony will be read or played by video in chronological order.  Regardless of whether deposition testimony is read or played by video, the time for each party's designated portions will be charged to the designating party.

40.   The parties agree that all irrelevant and redundant material, such as objections, colloquy between counsel, long pauses, and requests to have the court reporter read back a question, shall be eliminated when the deposition video is played or the transcript read at trial.

41.   The parties may offer some or all of the deposition testimony set forth in their designations during trial.  If a party decides to offer less than all of the designated testimony for a witness at trial, the opposing parties may use such dropped testimony as counter-designations to the extent the usage of such testimony in such a manner is otherwise consistent with the applicable

Federal Rules of Evidence or Federal Rule of Civil Procedure.  A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented on at trial.

42.   Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent and admissible for such purpose.

### VII.   Exhibits

### A. Trial Exhibits

43.   Plaintiffs' trial exhibit list is attached as **Exhibit 10**.  Plaintiffs identified their exhibits with PTX numbers, starting with PTX1.  **Exhibit 10** also included Defendants' objections to Plaintiffs' trial exhibits.

44.   Defendants' trial exhibit list is attached as **Exhibit 11**.  Defendants identified their exhibits with DTX numbers, starting with DTX1.  **Exhibit 11** also included Plaintiffs' objections to Defendants' trial exhibits.

45.   Joint trial exhibits will be identified with JTX numbers, starting with JTX1.  The joint exhibit list is attached as **Exhibit 12**.

46.   The descriptions of documents in **Exhibits 10-12** are for convenience of the parties and the Court only, and do not constitute admissions about the

content or admissibility of the documents described, or other aspects of the documents.

47. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

48. Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to objections. Any exhibit, once admitted, may be used by either party. The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence. In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

49. The parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document, and that failing to list a date on an exhibit list is neither evidence nor an admission of whether the document is dated.

50. Legible photocopies of United States patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which may be made to the admissibility of certified copies. Likewise, legible photocopies of United States patent applications may be offered and received into evidence in lieu of certified copies thereof, subject

to all other objections which might be made to the admissibility of certified copies.

51.  Legible photocopies of documents may be offered and received into evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

52.  The parties have agreed that the demonstrative exhibits the parties intend to use at trial need not be included on their respective lists of trial exhibits to be filed with the Court.

53.  The parties agree that they will not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross examination.

54.  Subject to and in addition to the above, binders containing copies of exhibits for planned use during direct examination or cross examination of a witness shall be exchanged at the beginning of the direct examination or cross examination of the witness.  A party shall not be precluded from using a document for cross examination for the sole reason that it was not provided before cross examination of the witness.

55.    Subject to other provisions of this Order, no party shall be permitted to offer as evidence any exhibit not present on its exhibit list absent good cause shown or by agreement of the parties, except that documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

56.    No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

57.    Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

58.    On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

## B.    Demonstrative Exhibits

59.    The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side via e-mail or FTP site.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5" x 11" copies of the exhibits.

60.    Plaintiffs' demonstrative exhibits will be identified by numbers prefixed with "PDX."   Defendants' demonstrative exhibits will be identified by numbers prefixed with "DDX."

61.    This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

62.    If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.

### C.    Trial Disclosure Schedule

#### 1)  Opening Statements

63.    The parties will exchange demonstratives to be used in opening statements by 7:00 p.m. two nights before opening statements.  The parties will provide any objections to such demonstratives by 12:00 noon on the day before opening statements.  The parties shall meet and confer on any objections no later than 3:00 p.m. the day before opening statements.  If any of the demonstratives change after the deadline or after the parties confer, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

64.    By way of example, if opening statements are to be held on Monday, April 29, 2019, the parties shall exchange any demonstrative exhibits they intend to use during opening statements no later than 7:00 p.m. on Saturday, April 27, 2019, and the other party may provide objections by 12:00 noon on Sunday, April 28, 2019, and the parties shall meet and confer on objections by 3:00 p.m. that day.

#### 2)  Witnesses

65.    By 7:00 p.m. two days prior to each day of trial, the parties shall disclose by e-mail a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition).  For each witness, the party must identify in the

e-mail any exhibits (including demonstratives) it intends to use with that witness.  For any witnesses presented by deposition, the party must include all designations and counter-designations of the testimony, and any exhibits to be introduced during the deposition testimony.   If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

66.   Any objections to a witness, deposition designation, or exhibits will be provided no later than 8:30 p.m. two nights before the intended testimony or use of an exhibit.  The parties shall then meet and confer on the objections. If good faith efforts to resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

### 3) Closing Statements

67.   The parties will exchange demonstratives to be used in closing statements by 7:00 p.m. the night before closing statements.  The parties will provide any objections to such demonstratives by 9:00 p.m. that night.  The parties shall meet and confer on any objections no later than 10:00 p.m. the night before closing statements.  If any of the demonstratives change after the deadline or after the parties confer, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).  If good faith efforts to

resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the start of the trial day.

### 4) Miscellaneous Disclosure Requirements

68.   By 7:00 p.m. one day before the party that is presenting its case-in-chief expects to rest, its counsel shall provide to counsel for the other party an estimate of when it expects to rest.

69.   Four days before the first day of trial (i.e., currently April 25, 2019) the parties shall make available for inspection any physical exhibits to be used at trial, labeled with an exhibit number, whether such physical exhibits will be admitted into evidence or used as demonstratives.  For purposes of clarity, such physical exhibits do not include document trial exhibits, boards, blow-ups, or graphical demonstratives, which are subject to the disclosure provisions above.

## VIII.   Plaintiffs' Statement of Intended Proofs

70.   Plaintiffs' statement of intended proof at trial is limited to the issues for which Plaintiffs bear the burden of proof at trial, and does not address the proof that Plaintiffs may choose to present in rebuttal to the defenses and counterclaims that Defendants may present in their case-in-chief or in Plaintiffs' rebuttal case.  Plaintiffs' statement is based upon the current status of the case and the Court's current rulings.  Plaintiffs reserve the right

to revise this statement based on Defendants' statement of intended proof or any further decisions or orders of the Court. Plaintiffs incorporate by reference their statements of contested facts and issues of law in Exhibits 2 and 4, respectively. The following statements are not exhaustive, and Plaintiffs reserve the right to prove any matters identified in their pleadings, infringement contentions, interrogatory responses, or expert reports.

71. At trial, Plaintiffs intend to establish, through their presentation of evidence, that:

a) Hamilton Beach and Hershey Creamery directly infringed claims 1, 11, 18, 19, and 27 of the '377 patent, literally or under the doctrine of equivalents.

b) Hamilton Beach and Hershey Creamery directly or indirectly infringe claims 15, 20, and 22 of the '150 patent, literally or under the doctrine of equivalents.

c) Hamilton Beach and Hershey Creamery directly or indirectly infringe claims 1, 5, 6, 8, 9, 10, and 11 of the '658 patent, literally or under the doctrine of equivalents.

d) Hamilton Beach and Hershey Creamery directly or indirectly infringe claim 21 of the '662 patent, literally or under the doctrine of equivalents.

e) Plaintiffs are entitled to permanent injunctive relief against Defendants for their infringement.

f) Plaintiffs are entitled to an order requiring Defendants to recall, seize, and destroy all infringing products currently in the marketplace.

g) Plaintiffs are entitled to damages in an amount adequate to compensate Plaintiffs for Defendants' infringement, including without limitation Plaintiffs' lost profits and a reasonable royalty, and the amount of such damages. Plaintiffs' damages expert has concluded that Plaintiffs are entitled to total damages of at least $3,827,322, which includes lost profits damages of at least $3,617,322 and reasonable royalty damages of at least $210,000. These damages calculations are based on information provided by Defendants through August 2018. Plaintiffs reserve the right to amend or supplement these calculations for trial based on any further information received by Plaintiffs.

h) Plaintiffs are entitled to enhanced damages.

i) Plaintiffs are entitled to pre- and post-judgment interest on any damages awarded.

j)   Plaintiffs are entitled to an award of attorneys' fees incurred in this litigation.

k)   Plaintiffs are entitled to an award of costs and such other relief in law or equity as the Court deems just and proper.

l)   Defendants are not entitled to any relief on their counterclaims.

## IX.   Defendants' Statement of Intended Proof

72.   Defendants' statement of intended proof at trial is limited to the issues for which Defendants bear the burden of proof at trial, and does not address the proof that Defendants may choose to present in rebuttal to the claims that Plaintiffs may present in their case-in-chief.  Defendants' statement is based upon the current status of the case and the Court's current rulings. Defendants reserve the right to revise this statement based on Plaintiffs' statement of intended proof or any further decisions or orders of the Court. Defendants incorporate by reference their statements of contested facts and issues of law in Exhibits 3 and 5, respectively.  The following statements are not exhaustive, and Defendants reserve the right to prove any matters identified in their pleadings, invalidity contentions, interrogatory responses, or expert reports.

73.   At trial, Defendants intend to establish, through their presentation of evidence, that:

a.  Claims 1, 11, 18, 19, and 27 of the '377 patent are not infringed and are invalid.  Claims 15, 20, and 22 of the '150 patent are not infringed and are invalid.

b.  Claims 1, 5, 6, 8, 9, 10, and 11 of the '658 patent are not infringed and are invalid.

c.  Claim 21 of the '662 patent is not infringed and is invalid.

d.  Plaintiffs are not entitled to any relief (including relief in the form of damages or otherwise).

e.  Defendants are entitled to an award of attorneys' fees incurred in this litigation.

f.  Defendants are entitled to an award of costs and such other relief in law or equity as the Court deems just and proper.

## X.  Bifurcated Trial

74.  The Court has previously determined that willful infringement, inequitable conduct, and antitrust issues will be tried and decided at a later date.

## XI.  Motions *in Limine*

75.  Plaintiffs' motions *in limine* are attached as **Exhibits 13-15**, each of which contains Plaintiffs' opening motion, Defendants' opposition, and Plaintiffs' reply.  Plaintiffs seek a motion *in limine* on the following:

1) Exhibit 13: Plaintiffs' Motion in Limine No. 1 to Preclude Japanese Utility Model Publication No. 1992-136787 ("SATO") as Prior Art;

2) Exhibit 14: Plaintiffs' Motion in Limine No. 2 to Exclude Reference to Defendants' Patents; and

3) Exhibit 15: Plaintiffs' Motion in Limine No. 3 to Exclude Untimely Invalidity and Non-Infringement Defenses.

76.   Defendants' motions *in limine* are attached as **Exhibits 16-18**, each of which contains Defendants' opening motion, Plaintiffs' opposition, and Defendants' reply.

1) Exhibit 16: Defendants' Motion *in Limine* No. 1;

2) Exhibit 17: Defendants' Motion *in Limine* No. 2; and

3) Exhibit 18: Defendants' Motion *in Limine* No. 3.

## XII.   Discovery

77.   Each party has completed discovery.

## XIII.   Number of Jurors

78.   There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually

and addressing any challenges for cause, and concluding with peremptory strikes.

### XIV.    Length of Trial

79.    This case is currently scheduled for a 5-day jury trial beginning at 9:30 a.m. on April 29, 2019, with subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.

80.    The trial will be timed.  The parties propose **14** hours for each side's presentation of its case, including opening and closing statements.

81.    Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, and closing argument. The Courtroom Deputy will keep a running total of trial time used by counsel.

82.    The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom, or at the end of the day after the jury has been dismissed.  The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

83.   The order of presentation of evidence will be as follows:

      a.    Opening statements (Plaintiffs first, followed by Defendants);

      b.    Plaintiffs' presentation of evidence of issues for which Plaintiffs bear the burden of proof (i.e. infringement and damages);

      c.    Defendants' presentation of evidence rebutting Plaintiffs' presentation, and Defendants' presentation of evidence on issues for which Defendants bear the burden of proof (i.e. invalidity);

      d.    Plaintiffs' presentation of evidence rebutting Defendants' presentation of evidence on issues for which Defendants bear the burden of proof; and

      f.    Closing arguments (Plaintiffs first, followed by Defendants, followed by Plaintiffs' rebuttal).

## XV.    Amendments of Pleadings

84.   No party has moved to amend the pleadings.

## XVI.    Additional Matters

The parties respectfully submit the following agreed-upon matters for the Court's consideration:

### 1) Jury Notes

85.    The parties agree that jurors be permitted to write notes during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room.  The parties propose that jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the contents of their notes) and that the juror's notes be collected by the clerk each evening after the jury has been excused, and collected and destroyed without review after the jury is discharged.

### 2) Handling of Confidential Information at Trial

86.    The parties do not anticipate requesting that the Courtroom be sealed during any portion of the trial.

87.    The parties agree to follow the provisions in the Protective Order (D.I. 56) regarding the confidentiality of exhibits used at trial.   Insofar as the Protective Order restricts the dissemination and use of "Confidential Information," including documents marked "Confidential" or "Highly Confidential," such restrictions shall not apply to the introduction of evidence at trial.

88.    The parties agree that any "Confidential" or "Highly Confidential" documents introduced into evidence at trial shall not be provided to any party representative or witness not permitted to see or possess such

documents under the terms of the Protective Order.  To the extent such documents are published to the jury at trial on monitors, this shall not constitute a violation of the Protective Order.

### 3)  Sequestration of Witnesses

89.   Pursuant to Federal Rule of Evidence 615, the parties request that the Court prevent fact witnesses, other than witnesses who have already testified, been excused, and will not testify again, from hearing the testimony of other witnesses.  The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative, or the expert witnesses of either party.

### 4)  Set-Up of Electronic and Computer Equipment

90.   The parties request that the Court grant access to the Courtroom on Friday, April 26, 2019, to allow the parties to set up electronic equipment to be used during trial.   To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

### 5)  Federal Judicial Center's Patent Video

91.   The parties agree that the Federal Judicial Center's video, "The Patent Process: An Overview for Jurors," will be played to jurors during the Preliminary Jury Instructions, and the jurors will be provided with a copy of

the sample patent referenced in the video.

*See* https://www.fjc.gov/publications/patent-process-overview-jurors.

92.   Additional matters which the parties wish to bring to the Court's attention are contained in Plaintiffs' **Exhibit 19** and Defendants' **Exhibit 20**.

### XVII.   Settlement

93.   The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.   The parties have participated in a mediation session and, through their respective counsel, have considered the possibility of settlement.   It was determined that the matter could not be resolved at this juncture by settlement.

### XVIII.   Order to Control Course of Action

94.   This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


The parties reserve the right to seek leave to supplement or amend this final pre-trial order based on subsequent events or by agreement.


**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____        _____
                                      United States District Judge

       Approved as to form and substance:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP    DRINKER BIDDLE & REATH LLP

*/s/ Michael J. Flynn*                  */s/ Francis DiGiovanni*

_____        _____
Rodger D. Smith II (#3778)              Francis DiGiovanni (#3189)
Michael J. Flynn (#5333)                Thatcher A. Rahmeier (#5222)
Taylor Haga (#6549)                     222 Delaware Avenue, Suite 1410
1201 North Market Street                Wilmington, DE 19801
P.O. Box 1347                           (302) 467-4200
Wilmington, DE  19899-1347              francis.digiovanni@dbr.com
(302) 658-9200                          thatcher.rahmeier@dbr.com
rsmith@mnat.com
mflynn@mnat.com
thaga@mnat.com                          OF COUNSEL:

OF COUNSEL:                             William S. Foster, Jr.
                                        Kenneth M. Vorrasi
Guy W. Chambers                         Brianna L. Silverstein
Ellen P. Liu                            Lee Roach, IV
Peter M. Colosi                         Katlyn M. Moseley
Nicholas A. Shen                        DRINKER BIDDLE & REATH LLP
SIDEMAN & BANCROFT LLP                  1500 K Street, N.W.
One Embarcadero Center, 22nd Floor      Washington, DC 20005-1209
San Francisco, CA  94111
(415) 392-1960                          Reeya Thakrar, Esquire
                                        DRINKER BIDDLE & REATH LLP
*Attorneys for Plaintiffs f'real Foods, LLC*   191 N. Wacker Dr., Ste. 3700
*and Rich Products Corporation*         Chicago, IL 60606-1698

                                        *Attorneys for Defendant Hamilton*
                                        *Beach Brands, Inc. and Hershey*
                                        *Creamery Company*

April 8, 2019