IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>HAMILTON BEACH BRANDS, INC.,<br>HERSHEY CREAMERY COMPANY and<br>PAUL MILLS d/b/a MILLS BROTHERS<br>MARKETS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　C.A. No. 16-41 (CFC)<br>)　CONSOLIDATED |

**<u>JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>**

**1. INTRODUCTION**

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

**2. THE PARTIES AND THEIR CONTENTIONS**

I am going to give you an overview of who the parties are and what each contends. This is a civil action for patent infringement arising under the patent laws of the United States.

The plaintiffs in this case are f'real Foods, LLC and Rich Products Corporation. F'real Foods, LLC is a wholly-owned subsidiary of Rich Products Corporation. I will refer to f'real Foods, LLC and Rich Products Corporation together as Plaintiffs or f'real. The defendants are Hamilton Beach Brands, Inc. and Hershey Creamery Company.  I will refer to Hamilton Beach Brands, Inc., as Hamilton Beach, and to Hershey Creamery Company as Hershey Creamery.  I will refer to both Hamilton Beach and Hershey Creamery together as Defendants.

Plaintiffs own the four U.S. patents that are at issue in this case, which I will refer to as the '377 patent, the '150 patent, the '658 patent, and the '662 patent. I will refer to them together as the Asserted Patents.

Plaintiff F'real and Defendant Hamilton Beach both manufacture commercial blenders for mixing frozen drinks such as milkshakes and smoothies. These blenders are used in convenience stores, restaurants, colleges, and other retail locations.  Hershey Creamery purchased Hamilton Beach blenders for placement with retailers for Hershey Creamery's Shake Shop Express program.

During the trial, the parties will offer testimony to familiarize you with the relevant technology.

Plaintiffs allege that Hamilton Beach infringes, both directly and indirectly, the Asserted Patents in this case by making, using, selling, offering for sale, or importing in the United States four blenders: the MIC2000, BIC2000, IMI2000, and BIC3000-DQ.  These four blenders will be referred to together as the Accused Products.  Plaintiffs allege that Hershey Creamery infringes, both directly and indirectly, the Asserted Patents by using, selling, or offering for sale, the MIC2000 blender.

Specifically, Plaintiffs have alleged that the Accused Products infringe:

Claims 1, 11, 18, 19 and 27 of the '377 patent;

Claims 15, 20 and 22 of the '150 patent;

Claims 1, 5, 6, 8, 9, 10 and 11 of the '658 patent; and

Claim 21 of the '662 patent.

I will refer to these claims together as the Asserted Claims.

Defendants deny that any of their products infringe any of the Asserted Claims of the Asserted Patents.  Defendants also deny that they have knowingly encouraged or enabled their customers to infringe any of the Asserted Claims of the Asserted Patents.

Defendants also contend that the Asserted Claims are invalid because the inventions described therein are found in the prior art and that the Patent Office should not have granted the Asserted Patents.

You will resolve questions of infringement and invalidity for the Asserted Claims.

During the course of this case, you will hear references to certain terms and phrases from the Asserted Claims. I will give you a list of those terms and phrases for which I have provided a definition that you are to use in deciding the issues presented to you. Any other terms and phrases that are not included on the list should be given their plain and ordinary meaning.

**3. JURORS' DUTIES**

Let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**4. EVIDENCE**

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may order you to disregard things that you saw or heard. You must completely ignore all of these things. Do not speculate about what a witness might say or what an exhibit might show. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

## 4.1. DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 5. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been

contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witnesses testimony while accepting other parts.

## 6. DEPOSITION TESTIMONY

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may or may not be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## 7. EXPERT WITNESSES

When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field - he or she is called an expert witness - is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to judge the credibility of the expert witness and decide whether to rely upon his or her testimony.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the

other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

## 8. BURDENS OF PROOF

This is a civil case in which Plaintiffs are alleging patent infringement by Defendants.

Plaintiffs have the burden of proving infringement, both direct and indirect, by what is called a preponderance of the evidence. That means Plaintiffs have to produce evidence which, when considered in light of all of the facts, leads you to believe that what Plaintiffs claim is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendants' evidence on the opposite sides of a scale, the evidence supporting the plaintiffs' claims would have to make the scales tip slightly on their side. Plaintiffs must also prove their damages, if any, by a preponderance of the evidence.

In addition to denying infringement, Defendants contend that the Asserted Claims are invalid. Defendants have the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That requirement does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiffs have met their burden of proof by a preponderance of the evidence or the defendants have met their burden of proof by clear and convincing evidence in this case.

6

## 9. GENERAL GUIDANCE REGARDING PATENTS

Before I describe the parties' contentions further, at this time, we are going to show a 17-minute video that will provide background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. During the video, reference will be made to a sample patent.

[*The video will be played*.]

## 10. SUMMARY OF THE PATENT ISSUES

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will provide more detail.

In essence, you must decide:

1. Whether Plaintiffs have proven by a preponderance of the evidence that the Defendants have infringed any of the Asserted Claims any of the Asserted Patents.

2. Whether Defendants have proven by clear and convincing evidence that any of the Asserted Claims are invalid.

4. If any Asserted Claims are infringed and not invalid, what amount of damages Plaintiffs have proven by a preponderance of the evidence.

## 11. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors: First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you

7

retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about this case, bring it to the court's attention promptly. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.

Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet.

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, netbooks, and other computers. You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook, Snapchat, Twitter, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to

discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

The courtroom deputy will now distribute your jury notebooks. You are free to use them to take notes at any point during the trial. Everything you write will be kept confidential; at the end of each day, you will leave it in the jury room, where it will be kept overnight. At the end of the trial your notes will be shredded. You do not have to take notes, but you may, if you wish to. If you do take notes, be careful not to get so involved that you become distracted and miss part of the testimony. A word of caution is in order. There is generally I think a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and will by no means be a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

In addition to some blank pages for notes, you will find in your notebooks copies of the Asserted Patents and a list of claim terms of the Asserted Patents that have been construed by the Court and their constructions. You can put the notebooks away for now.

**12. COURSE OF THE TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is an outline of what that party intends to prove, and is presented as a preview of that party's case to help you follow the evidence as it is offered.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, deposition testimony, and documents and things. First Plaintiffs will present their evidence on the issues for which they bear the burden of proof. Then Defendants will put on their evidence with regard to those issues and also for the issues for which Defendants bear the burden of proof. Finally, Plaintiffs will then have the opportunity to put on rebuttal evidence about the issues for which Defendants have the burden of proof.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, feel free to stand up and stretch and walk around the jury box, if you wish. I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

After all of the evidence is presented, I will give you instructions on the law and describe for you the matters you must decide. Then, the attorneys will make their closing arguments to summarize and interpret the evidence for you. You will then retire to the jury room to deliberate on your verdict.