IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

1. In this patent case, Plaintiffs accuse Defendants of infringing multiple patents. Defendants successfully petitioned the United States Patent Trial and Appeal Board (PTAB) to institute an *inter partes* review (IPR) of one of these patents, U.S. Patent No. 7,520,662 (the "#662 patent"). In the IPR, Defendants argued that the #662 patent was invalid for obviousness based on disclosures in the prior art. Defendants lost. Defendants then appealed this loss to the Federal Circuit and lost again. *See Hamilton Beach Brands, Inc. v. f'real Foods, LLC*, 908 F.3d 1328, 1342–43 (Fed. Cir. 2018).

2. Plaintiffs have now filed a motion *in limine* "to preclude Defendants from asserting at trial that Claim 21 of [the #662 patent] is 'invalid on any ground that

the petitioner raised or reasonably could have raised' during the [IPR] of that patent [] under 35 U.S.C. § 315(e)(2)." D.I. 172. For the reasons that follow, I will grant in part and deny in part Plaintiffs' motion.

3. Plaintiffs argue that Defendants are estopped from basing an invalidity argument on certain prior art combinations, because Defendants could have raised the prior art combinations in the IPR proceedings instituted for the #662 patent.

4. The first prior art reference at issue is Japanese Utility Model Application, JP H04-136787 U1 (the "Sato reference"). Plaintiffs argue that Defendants are estopped from basing any invalidity argument on any prior art combination involving the Sato reference. It is undisputed that Defendants did not learn about the Sato reference until two months after the filing of the IPR for the #662 patent. Therefore, the Court's estoppel inquiry is limited to whether the Sato reference could reasonably have been discovered by a "skilled searcher conducting a diligent search." *Parallel Networks Licensing, LLC v. IBM Corp.*, 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017) (internal quotation marks and citation omitted).

5. It is undisputed that Plaintiffs bear the burden of establishing estoppel. The only "evidence" offered by Plaintiffs in support of their motion is the fact that Defendants uncovered Sato two months after filing the IPR for the #662 patent.

6. By contrast, Defendants submitted sworn declarations of two highly skilled patent searchers who performed diligent searches for prior art for the #662 patent in 2014 and 2015 and were unable to locate the Sato reference. *See generally* D.I. 194-2; D.I. 194-3. In one of the declarations, Lone Hartung Nielsen, Managing Director of the Nordic Patent Institute (NPI), affirmed that the NPI conducted a prior art search for the #662 patent in August 2015 across various national and international patent databases including databases specifically geared toward the "scientific and technological aspects of the processing and manufacturing of food products" yet failed to uncover the Sato reference. *See generally* D.I. 194-2.

7. The declaration of Dominic M. DeMarco, Managing Director of DeMarco Intellectual Property, LLC (DeMarco IP), similarly documents DeMarco IP's failure to uncover the Sato reference in a prior art search conducted in December 2014. *See generally* D.I. 194-3. DeMarco explained that because "Sato is a Japanese Utility Model . . . that did not include any translation of the abstract, specification, or claims, . . . it is not reasonable to expect a skilled searcher to find [it] even through the most diligent search because commonly used prior art search tools will not be able to correlate the search terms with Sato in global patent databases." *Id.* at 4–5, ¶ 15. DeMarco also added that "[e]ven having the exact

3

reference number for Sato, it cannot be found in any PTO internal prior art database." *Id.* at 5, ¶ 16.

8. The Nielson and DeMarco declarations rebut any suggestion that the Sato reference could reasonably have been discovered by a "skilled searcher conducting a diligent search." Therefore, Defendants are not estopped from raising Sato as a prior art reference.

9. I find, however, that Defendants are estopped from raising the combination of Admitted Prior Art (APA), Kelly, and Miller. The PTAB instituted the IPR based upon the combination of Nielson, Kelly, and Miller but did not institute on the combination of APA, Kelly, and Miller, because it found that latter combination redundant. Hamilton Beach never challenged this non-institution decision at the PTAB; nor did Hamilton Beach request a remand at the Federal Circuit to have the PTAB reinstitute the IPR with the APA, Kelly, and Miller combination in light of the Supreme Court's holding in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018) that the PTAB must institute an IPR on all petitioned grounds. *SAS Institute* was issued during the pendency of Hamilton Beach's appeal before the Federal Circuit, and therefore, Hamilton Beach could have sought a remand. *See, e.g., BioDelivery Sci. Int'l, Inc. v. Aquestive Therap., Inc.*, 898 F.3d 1205 (Fed. Cir. 2018); *Palo Alto Networks, Inc. v. Finjan, Inc.*, 2018 WL 6040843, at *3 (Fed. Cir. Nov. 19, 2018). Hamilton Beach's failure to request

such relief precludes it from asserting the APA, Kelly, and Miller combination at trial, because it could have raised this combination in a post-remand IPR if it had sought a remand. *See SiOnyx, LLC v. Hamamatsu Phototonics K.K.*, 330 F. Supp. 3d 574, 601 (D. Mass. 2018).

**WHEREFORE**, on this Tenth day of April in 2019, **IT IS HEREBY ORDERED** that "Plaintiffs' Motion *in Limine* to Preclude Prior Art Under 35 U.S.C. § 315(e)" (D.I. 172) is **GRANTED IN PART AND DENIED IN PART**:

1. Plaintiffs' motion is **DENIED** with respect to the Sato reference.

2. Plaintiffs' motion is **GRANTED** with respect to the combination of APA, Kelly, and Miller. Defendants are precluded from raising the combination of APA, Kelly, and Miller to argue that the #662 patent is invalid.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE