IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Defendants have filed a motion to exclude certain testimony of Plaintiffs' damages expert, Dr. Michael P. Akemann, and infringement expert, Dr. Daniel Maynes (D.I. 174). For the following reasons, I will deny in part and grant in part the motion.

1. Defendants argue that "Dr. Akemann's lost profits opinion is based on assumptions that are purely speculative and contrary to record evidence" and that his "reasonable royalty opinion is unreliable and must be excluded because he fails to properly apportion value between the patented and unpatented features of the accused products." D.I. 175 at 2. Defendants do not challenge Dr. Akemann's knowledge, training, expertise, or even the facts underlying his opinions; they

object instead to his methodology and assumptions and also to the particular facts in the record on which he relied in justifying his opinions. I find that Defendants' objections go to the weight, not the admissibility of Dr. Akemann's opinions. Defendants are free to challenge those opinions on cross-examination of Dr. Akemann at trial. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

2. Defendants seek to exclude Dr. Maynes' testimony to the extent it concerns the subject matters discussed in paragraphs 55–56, 60–65, 75–78, 80–81, 83, and 115–19 of his opening expert report, and paragraphs 58–61, 69, 70–73, and 184 of his rebuttal report. D.I. 175 at 24–26. As expert witnesses are not permitted to testify regarding "intent, motive, or state of mind, or evidence by which such state of mind may be inferred[,]" *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004), I will preclude Dr. Maynes from testifying about the subject matters discussed in paragraphs 115–19 of his opening report and paragraphs 70–73 and 184 of his rebuttal report. As Dr. Maynes is proffered as an expert on infringement and validity, I will preclude him from testifying under Federal Rules of Evidence 702 and 403 about the subject matters discussed in paragraphs 55–56, 60–65, 75–78, 80–81, and 83 of his opening report and paragraphs 58–61, 69, and 70–73 of his rebuttal report. The matters discussed in those paragraphs have little if any probative value with respect to the

2

infringement or validity of the #662 patent, and Dr. Maynes never ties these matters to the technical analysis he offers and for which he has specialized knowledge. To the extent these paragraphs recite, as Plaintiffs argue, "certain facts that are not in dispute," D.I. 196 at 23, I find that having those facts introduced at trial through the testimony of Dr. Maynes should be excluded under Rule 403, as the testimony would waste time and needlessly present cumulative evidence and would unfairly prejudice the defense. Those facts should be presented through fact witnesses and/or documents.

**WHEREFORE**, on this Eleventh day of April in 2019, **IT IS HEREBY ORDERED** that "Defendants' Motion to Exclude Testimony of Dr. Michael P. Akemann and Daniel Maynes, Ph.D." (D.I. 174) is **GRANTED IN PART AND DENIED IN PART**:

1. Defendants' motion is **DENIED** with respect to the testimony of Dr. Michael P. Akemann.

2. Defendants' motion is **GRANTED** insofar as it seeks to preclude Dr. Daniel Maynes from testifying about the subject matters discussed in paragraphs 55–56, 60–65, 75–78, 80–81, 83, and 115–19 of his opening expert report and paragraphs 58–61, 69, 70–73, and 184 of his rebuttal report.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE