IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

F'REAL FOODS, LLC and     :
RICH PRODUCTS     :
CORPORATION,     :
    :
         Plaintiffs,   :
    :
      v.     :       Civil Action No. 16-41-CFC
    :
HAMILTON BEACH     :
BRANDS, INC. and HERSHEY : 
CREAMERY COMPANY,     :
    :
         Defendants.:

---

## MEMORANDUM ORDER

In a single filing (D.I. 169), Plaintiffs have asked the Court to grant six

motions for summary judgment. Having reviewed the briefing filed by the parties

in support and opposition to D.I. 169 and heard oral argument, and mindful of the

fast-approaching trial date, I will address in this Memorandum Order Plaintiffs'

motion for summary judgment on the issue of direct infringement by Defendants

Hamilton Beach Brands, Inc. and Hershey Creamery Company of claim 21 of U.S.

Patent No. 7,520,662 (the "#662 patent"). (I will endeavor to issue expeditiously

rulings on the remaining pending summary judgment motions.) For the reasons

discussed below, I will grant Plaintiffs' motion.

1.      Plaintiffs seek summary judgment of direct infringement of claim 21 of the #662 patent based on (1) Hamilton Beach's own use and demonstrations of four accused milkshake blenders (the MIC2000, BIC2000, IMI2000, and BIC3000-DQ); and (2) Hershey's own use and demonstrations of the accused MIC2000 blender. D.I. 170 at 16.

2.      It is undisputed that, except for one claim term, the operation of the four accused blenders reads on every element of claim 21 of the #662 patent. The parties dispute only whether the operation of the blenders involves "directing rinsing fluid onto the splash shield using the nozzle *while isolating* the vessel from the rinsing fluid." *See* D.I. 170 at 21–22; D.I. 195 at 8 (emphasis added).

3.      Judge Sleet, who originally presided over this case, ruled after claim construction briefing and oral argument that "while isolating the vessel from the rinsing fluid" is to be given its plain and ordinary meaning. D.I. 82 at 3. It is undisputed that the plain and ordinary meaning of "while" is "at the same time."

4.      The parties agree that the rinsing of the splash shield occurs after the vessel (i.e., the cup) is removed from the blender. They also agree that the removal of the vessel results in the vessel being isolated from the blender; in other words, the removal of the vessel achieves the isolation of the vessel. *See, e.g.*, D.I. 170 at 17 ("After [a user] removed the cup, and thereby isolated it"); *id.* at 22 ("manually removing the cup from the four accused Hamilton blenders isolates the cup from

the rinsing fluid"); D.I. 195 at 10 ("the action of 'isolating' is performed by removing the vessel from the Accused Products").

5. The parties disagree about when the isolating of the vessel ends. Plaintiffs' position is that the vessel continues to be isolated from the blender in perpetuity once it is removed from the blender (unless, of course, the vessel were returned to its original position in the blender, in which case it would no longer be isolated). Defendants' position is that the isolating of the vessel is completed upon the vessel's removal from the blender, and that therefore, since the rinsing occurs after the vessel's removal, the rinsing does not occur "while isolating the vessel" (i.e., at the same time the vessel is isolated). *See* D.I. 195 at 10.

6. In my view, Defendants' proffered interpretation of "isolating" is unreasonably narrow and is inconsistent with the plain and ordinary meaning of the word. Although the isolating of the vessel begins with the vessel's removal from the blender, the isolating and removing of the vessel are not temporally coextensive. Applying the plain and ordinary meaning of "isolating," the isolating of the vessel begins with the vessel's removal from the blender and continues as long as the vessel is separated from the blender—i.e., unless and until the vessel is reunited with the blender. *See Isolate*, MERRIAM WEBSTER DICTIONARY (online ed. 2019) ("to set apart from others").

7.   As there is no dispute that, in the operation of the accused blenders, the "directing rinsing fluid onto the splash shield using the nozzle" occurs after the removal of the vessel and while the vessel is separated from the blender, the "directing rinsing fluid onto the splash shield using the nozzle" necessarily occurs while isolating the vessel from the rinsing fluid. Accordingly, there is no dispute of material fact and I will enter summary judgment in Plaintiffs' favor. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact."); *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997) ("Where the parties do not dispute any relevant facts regarding the accused product, . . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment.").

WHEREFORE, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment of direct infringement of claim 21 of the #662 patent based on (1) Hamilton Beach's own use and demonstrations of four accused milkshake blenders (the MIC2000, BIC2000, IMI2000, and BIC3000-DQ) and (2) Hershey's own use and demonstrations of the accused MIC2000 blender is **GRANTED.**

**IT IS SO ORDERED.**

_____   4.12.19

CONNOLLY, UNITED STATES DISTRICT JUDGE