IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : : | |
| Plaintiffs, | : : : | |
| v. | : : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

In a single filing (D.I. 169), Plaintiffs have asked the Court to grant six motions for summary judgment. Having reviewed the briefing filed by the parties in support and opposition to D.I. 169 and heard oral argument, and mindful of the fast-approaching trial date, I will address in this Memorandum Order Plaintiffs' motion for summary judgment on the issue of direct infringement by Defendants Hamilton Beach Brands, Inc. and Hershey Creamery Company of claim 15 of U.S. Patent No. 7,144,150 (the "#150 patent"). (I will endeavor to issue expeditiously rulings on the remaining pending summary judgment motions.) For the reasons discussed below, I will grant Plaintiffs' motion.

1.  Plaintiffs seek summary judgment of direct infringement of claim 15 of the #150 patent based on (1) Hamilton Beach's importation, use, and sales of three of the accused milkshake blenders (the MIC2000, BIC2000, and BIC3000-DQ); and (2) Hershey's sales and use of the MIC2000 blender and demonstration of those blenders by Hershey employees. D.I. 170 at 25.

2.  It is undisputed that, except for one claim term, the blenders in question read on every element of claim 15 of the #150 patent. The parties dispute only whether the blenders have and use a "rinse chamber having an entrance and a door moveable to a closed position covering the entrance." *See* D.I. 170 at 27; D.I. 195 at 12–13.

3.  Judge Sleet, who originally presided over this case, ruled after claim construction briefing and oral argument that "rinse chamber" is "an enclosure in which a rinse apparatus is positioned to provide rinsing." D.I. 83 at 1.

4.  Photographs and videos make clear beyond doubt that each of the accused products has a rinse chamber (as defined by Judge Sleet) that has an entrance and a door moveable to a closed position covering the entrance. Indeed, Defendants do not dispute Plaintiffs' contention that in each of the accused products there is an enclosure with a door moveable to a closed position covering the entrance and in which a rinse apparatus is positioned to provide rinsing.

5. Defendants argue, however, that this enclosure is an "outer door assembly . . . that is unrelated to rinsing and instead provided for safety reasons to prevent access to cup access location during operation." D.I. 195 at 12 n.8. Defendants point to the fact that the rinsing in their blenders occurs after a topped cylinder with an open bottom is lowered to sit on top of the drain in the enclosure and effectively form a cylindrical chamber within the enclosure. Defendants argue that this cylindrical chamber is the rinsing chamber and that therefore, since the cylindrical chamber does not have a door, the rinsing chamber does not meet the elements of claim 15.

6. The problem with Defendants' argument is that it misses the point. The fact that the rinsing occurs within the inner cylindrical chamber does not change the fact the rinsing also occurs (simultaneously) within the outer enclosure that has a door and in which "a rinse apparatus is positioned to provide rinsing."

7. As there is no dispute that in each of the accused products there is an enclosure with a door moveable to a closed position covering the entrance and in which a rinse apparatus is positioned to provide rinsing, there is no dispute of material fact and I will enter summary judgment in Plaintiffs' favor. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

("[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact."); *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997) ("Where the parties do not dispute any relevant facts regarding the accused product, . . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment.").

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment of direct infringement of claim 15 of the #150 patent based on (1) Hamilton Beach's importation, use, and sales of three of the accused milkshake blenders (the MIC2000, BIC2000, and BIC3000-DQ) and (2) Hershey's sales and use of the MIC2000 blender and demonstration of those blenders by Hershey employees is **GRANTED**.

**IT IS SO ORDERED.**

_____  4.12.19
CONNOLLY, UNITED STATES DISTRICT JUDGE