IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Defendants have filed a motion for summary judgment. D.I. 177. They asserted five independent grounds for the motion. (The motion is really five different motions and Defendants should have filed five motions.) Having reviewed the briefing filed by the parties in support and opposition to D.I. 177 and heard oral argument, and mindful of the fast-approaching trial date, I will address in this Memorandum Order Defendants' motion insofar as it seeks summary judgment of noninfringement of U.S. Patent No. 5,803,377. Because it appears that there may be genuine issues of material fact about whether the MIC2000 blender "grind[s]" or "shav[es]" Hershey's ice cream and whether it has a "slim cross-sectional profile," *see, e.g.,* D.I. 200 at ¶¶ 3, 4, 5, 6, 8, I will deny the

motion. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact.").

**WHEREFORE**, on this Fifteenth day of April in 2019, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment of noninfringement of U.S. Patent No. 5,803,377 is **DENIED**.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE