IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : | |
| Defendants.: | | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' motion for summary judgment, D.I.

177, in which Defendants seek five summary judgments. Having reviewed the

briefing filed by the parties in connection with D.I. 177 and heard oral argument,

and mindful of the fast-approaching trial date, I will address in this Memorandum

Order Defendants' motion for summary judgment of noninfringement of U.S.

Patent No. 7,520,658 (the "#658 patent") and summary judgment of

noninfringement of claim 22 of U.S. Patent No. 7,144,150 (the "#150 patent"). For

the reasons discussed below, I will deny Defendants' motion for these summary

judgments.

1.      Defendants argue that summary judgments for noninfringement of the #658 patent and the #150 patent are warranted because similar claim limitations of the two patents require that the splash shields on the milkshake blenders accused of infringement have sufficient mass such that the shields are "heavy enough to create sufficient downward force on the vessel [i.e., the milkshake cup] so as to retain the vessel within the holder when the mixing element moves upwardly in the vessel from the first position to the second position when liquid is present." D.I. 178 at 14 (emphasis omitted) (citation omitted).  Defendants argue that summary judgment for noninfringement of the #658 patent is warranted for the additional reasons that the splash shields on the accused products (1) are not unrestrained and (2) are not "approximately 5 lbs." *Id.* at 10–14, 16.  The parties stipulated that "unrestrained" means "without any other mechanical means of restraining the upward sliding movement of the splash shield on the shaft, apart from the mass or weight of the splash shield itself." D.I. 76, Ex. A.

2.      Defendants' arguments hinge on treating as separate and distinct from the splash shield a weight and two guide bars, all three of which Defendants describe as "attached" to the splash shields.  Plaintiffs contend that the guide bars and the weight are each "a functional part of the splash shields." *See* D.I. 200 at ¶¶ 10, 11, 13, 14.  If the guide bars and the weight are part of the splash shield, then the splash shield weighs approximately five pounds, is unrestrained, and has

sufficient mass to meet the claim limitations at issue.[1] If, on the other hand, the guide bars and the weight are separate from the splash shield, then the splash shield weighs considerably less than five pounds, is not unrestrained solely because of the mass or weight of the splash shield itself, and lacks the sufficient mass required by the claim limitations at issue.

3.      Plaintiffs' briefing and oral argument presentation were less than clear, but viewed in the light most favorable to Plaintiffs, it appears that Plaintiffs are taking the position that, because the guide bars and the weight are "functional parts" of the splash shields, the accused blenders directly infringe the claim limitations at issue or, in the alternative, infringe under a doctrine of equivalents theory.

4.      There are material factual disputes about whether the guide rods and the weight are parts of the splash shields (*see* D.I. 200 ¶¶ 10, 11, 13, 14, 15), and, consequently, whether the splash shields (1) are "heavy enough to create sufficient downward force on the vessel [i.e., the milkshake cup] so as to retain the vessel within the holder when the mixing element moves upwardly in the vessel from the

---

[1] Defendants also appear to argue that even if the guide bars were part of the splash shield, the friction on the rods would constitute "another mechanical means of restraining" the splash shield. D.I. 178 at 11–12. This argument fails, however, because any such friction would be nothing more than a consequence of the weight or mass of the guide bars. If the guide bars are part of the splash shield, it follows that such friction is not a mechanical means "apart from the mass or weight of the splash shield itself."

first position to the second position when liquid is present"; (2) are unrestrained; and (3) weigh approximately five pounds. I therefore will deny summary judgment. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact.").

5.      Defendants argue in their briefing that, "as a matter of law, Plaintiffs are barred from asserting infringement under doctrine of equivalents because f'real made a narrowing amendment during prosecution related to patentability, giving rise to prosecution history estoppel." D.I. 178 at 12–13. The narrowing amendments in question, however, were made to distinguish prior art that disclosed a spring mechanism and therefore are inapposite.

**WHEREFORE**, on this Sixteenth day of April in 2019, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment of noninfringement of U.S. Patent No. 7,520,658 and summary judgment of noninfringement of claim 22 of U.S. Patent No. 7,144,150 is **DENIED**.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE