IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

In a single filing (D.I. 177), Defendants have asked the Court to grant five motions for summary judgment. Having reviewed the briefing filed by the parties in support and opposition to D.I. 177 and heard oral argument, and mindful of the fast-approaching trial date, I will address in this Memorandum Order the two motions in D.I. 177 for summary judgment of invalidity. First, Defendants seek summary judgment that U.S. Patent No. 5,803,377 (the "#377 patent") is invalid as indefinite. *See* D.I. 178 at 19–23. Second, Defendants seek summary judgment that U.S. Patent No. 7,520,662 (the "#662 patent") and claim 22 of U.S. Patent No. 7,144,150 (the "#150 patent") are invalid as indefinite. *See* D.I. 178 at 23–25.

1. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

2. If "a patent's claims, viewed in light of [the remainder of] the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty," then the patent is not indefinite. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 573 U.S. 898, 910 (2014). Proof of indefiniteness requires clear and convincing evidence. *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011) (holding that "§ 282 [of the Patent Act] requires an invalidity defense to be proved by clear and convincing evidence").

3. With respect to the #377 patent, Defendants make two arguments. Defendants argue first that a lack of corresponding structure for "shaving" and "grinding" means renders the entire patent invalid as indefinite. *See* D.I. 178 at 19–21. Defendants acknowledge that there is corresponding structure for "grating" means. *See id.* at 20. Plaintiffs' expert, Dr. Maynes, has sworn in his declaration that a person of ordinary skill in the art would understand the terms "shaving," "grinding," and "grating" to be interchangeable. *See* D.I. 201 at ¶ 18. Dr. Maynes'

2

statements create a genuine dispute of material fact, making summary judgment improper. *See Dow Chem. Co. v. Nova Chems. Corp.*, 809 F.3d 1223, 1225 (Fed. Cir. 2015) ("A question about the state of the knowledge of a skilled artisan is a question of fact . . . .").

4. Defendants also argue that claim 18 of the #377 patent is invalid because there is no corresponding structure for the "control means," which the Court identified as "a microprocessor programmed to instruct the carriage motor to move the blade assembly between the upper and lower blade positions at least twice," because the specification does not disclose an "algorithm" for such a microprocessor. *See* D.I. 178 at 21–23 (quoting D.I. 83 at 7).

5. For means-plus-function claims, "the specification must contain sufficient descriptive text by which a person of skill in the field of the invention would know and understand what structure corresponds to the means limitation." *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1383–84 (Fed. Cir. 2011) (internal quotation marks and citation omitted). "[A] means-plus-function term [in the claims] is impermissibly indefinite . . . when [the remainder of] the specification simply describes the function to be performed, not the algorithm by which it is performed." *Id.* at 1384 (internal quotation marks and citation omitted). "The usage 'algorithm' in computer systems has broad meaning, for it encompasses in essence a series of instructions for the computer to follow, whether

3

in mathematical formula, or a word description of the procedure to be implemented by a suitably programmed computer." *Id.* (internal quotation marks and citation omitted). The term "algorithm" is "a term of art in its broad sense, i.e., to identify a step-by-step procedure for accomplishing a given result." *Id.* at 1385 (internal quotation marks and citation omitted). "[T]he patent need only disclose sufficient structure for a person of skill in the field to provide an operative software program for the specified function." *Id.* "The amount of detail required to be included in claims depends on the particular invention and the prior art." *Id.* (internal quotation marks and citation omitted). "In turn, the amount of detail that must be included in [the remainder of] the specification depends on the subject matter that is described and its role in the invention as a whole, in view of the existing knowledge in the field of the invention." *Id.* "For computer-implemented procedures, the computer code is not required to be included in the patent specification." *Id.* "A description of the function in words may disclose, at least to the satisfaction of one of ordinary skill in the art, enough of an algorithm to provide the necessary structure under [the relevant provision in the Patent Act]."

6. With respect to claim 18 of the #377 patent, Plaintiffs' expert, Dr. Maynes, has sworn in his declaration that the patent discloses sufficient structure for a person of skill in the art to provide an operative software program for the specified function. *See* D.I. 201 at ¶ 20. Dr. Maynes' statements create a genuine

4

dispute of material fact, making summary judgment improper. I will therefore deny Defendants' motion for summary judgment that the #377 patent is invalid.

7. With respect to the #662 patent and claim 22 of the #150 patent, Defendants argue that the claims are invalid as indefinite based on the "sufficient mass" limitations. *See* D.I. 178 at 23–25.

8. "When a word of degree is used, the court must determine whether the patent provides some standard for measuring that degree." *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1378 (Fed. Cir. 2015) (internal quotation marks and citations omitted). "Claim language employing terms of degree has long been found definite where it provided enough certainty to one of skill in the art when read in the context of the invention." *Id.* (internal quotation marks and citation omitted).

9. Plaintiffs' expert, Dr. Maynes, has sworn in his declaration that a person of ordinary skill in the art would understand the term "sufficient mass" in light of the Court's claim construction of the term. *See* D.I. 201 at ¶ 38 ("As reflected in the Court's construction, if the splash shield is 'heavy enough to create sufficient downward force on the vessel so as to retain the vessel within the holder' during mixing, it has 'sufficient mass.' On the other hand, if the splash shield is not heavy enough to retain the vessel within the holder during mixing (i.e., the cup flies out of the holder), the splash shield does not have 'sufficient mass.'" (citation

omitted)). Because Dr. Maynes' statements create a genuine dispute of material fact about whether the "sufficient mass" limitation is clear enough to a person of skill in the art, I will deny Defendants' motion.

**WHEREFORE**, on this Sixteenth day of April in 2019, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment that U.S. Patent No. 5,803,377 is invalid as indefinite is **DENIED**.

2. Defendants' motion for summary judgment that U.S. Patent No. 7,520,662 and claim 22 of U.S. Patent No. 7,144,150 are invalid as indefinite is **DENIED**.

**IT IS SO ORDERED.**

CONNOLLY, UNITED STATES DISTRICT JUDGE