IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS<br>CORPORATION, | :<br>:<br>: | |
| Plaintiffs, | :<br>:<br>: | |
| v. | :<br>: | Civil Action No. 16-41-CFC |
| HAMILTON BEACH<br>BRANDS, INC. and HERSHEY<br>CREAMERY COMPANY, | :<br>:<br>:<br>: | |
| Defendants. | : | |

## MEMORANDUM ORDER

In a single filing (D.I. 169), Plaintiffs have asked the Court to grant six motions for summary judgment. Having reviewed the briefing filed by the parties in support and opposition to D.I. 169 and heard oral argument, I address in this Memorandum Order Plaintiffs' motion for summary judgment on Defendants' defenses and counterclaims related to public use or sale of the inventions claimed in the asserted self-cleaning blender patents more than one year before the non-provisional priority date. For the reasons discussed below, I will grant the motion.

1. Defendant Hamilton Beach Brands, Inc. asserted as defenses and counterclaims that f'real's self-cleaning blender patents (i.e., U.S. Patent No. 7,144,150, U.S. Patent No. 7,520,658, and U.S. Patent No. 7,520,662 (collectively,

the "#150 family")) are invalid and unenforceable because the listed inventor, Jim Farrell, failed to disclose to the United States Patent &Trademark Office (PTO) that he had publicly used and offered for sale the subject matter claimed in the #150 family more than a year prior to November 17, 2003—the first date on which an application was filed for the #150 family. *See* D.I. 10, Answer at ¶¶ 65–67 & Countercls. at ¶¶ 31–52, 64–71. Hamilton Beach alleged specifically that in October 2002 Farrell "showed [an animation] video [of a self-cleaning blender] at the National Association of Convenience Stores (NACS) Show in Orlando, FL" and "offered to sell [Plaintiff] f'real's new blender to certain gas station chains such as [Qu]ikTrip." D.I. 10 at ¶ 70.

2. In its final invalidity contentions, Hamilton Beach advanced the exact same arguments about public use (based on a display of a video at the NACS Show) and offer for sale (based on discussions with QuikTrip at the NACS Show) it had alleged in its answers and counterclaims. D.I. 233, Ex. 15, Ex. E to Pls.' Mot. at 13.

3. During the course of this litigation, evidence was adduced that directly contradicted Hamilton Beach's allegation that Farrell showed a video of a self-cleaning blender at the NACS show in October 2002 and that the video in question could constitute public use. *See* D.I. 232 at 6, ¶¶ 32–36. Specifically, the evidence—a Fed-Ex receipt and the video itself—demonstrated conclusively that

2

(1) Farrell could not have been in possession of the video at the October 2002 NACS conference and (2) the video in question did not show all the inventive elements of the asserted patent claims (and therefore, as a matter of law, even if it had been shown at the NACS conference, could not have constituted prior public use under 35 U.S.C § 101).[1]

4. In their response to Plaintiffs' summary judgment motion, Defendants made no attempt to rebut Plaintiffs' assertion that Defendants had failed to offer any evidence of prior use of the invention more than one year before the applicable priority date. On the contrary, and consistent with the evidence adduced during discovery, Defendants expressly admitted in their concise counterstatement of facts submitted in opposition to Plaintiffs' summary judgment motion that the video they had accused Farrell of showing at the October 2002 NACS conference was in fact "not shown to anyone at the NACS show in October 2002" and "d[id] not show all of the inventive elements of any of the asserted claims" of the #150

---

[1] *See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 998 (Fed. Cir. 2007) ("A barring public use requires a public use more than one year before the patent filing date that employs *a completed invention* in public, without confidentiality restrictions, and without permitted experimentation." (emphasis added)); *Allied Colloids Inc. v. Am. Cyanamid Co.*, 64 F.3d 1570, 1574 (Fed. Cir. 1995) ("A 'public use' for the purpose of barring access to the patent system is a use more than a year before the patent filing date, whereby *a completed invention* is used in the public, without restriction and in circumstances other than 'substantially for the purposes of experiment.'" (emphasis added) (quoting *Smith & Griggs Mfg. Co. v. Sprague*, 123 U.S. 249, 256 (1887))).

family. *See* D.I. 171 at ¶¶ 32–36; D.I. 232 at ¶¶ 32–36. Accordingly, I will grant Plaintiffs' motion for summary judgment on Defendants' defenses and counterclaims to the extent they are based on the use of the inventions claimed in the #150 family more than one year before the non-provisional priority date. *See Dempsey v. Del. Dept. of Pub. Safety*, 359 F. App'x 347, 349 (3d Cir. 2009) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995))).[2]

---

[2] The Court makes note of Defendants' failure to acknowledge in its summary judgment briefing what they effectively admitted in their concise counterstatement of facts—namely, that there is no genuine issue of material fact with respect to the public use of the inventions covered by the asserted claims prior to November 2002. The Court notes further that at oral argument, Defendants' counsel persisted in arguing that the Court should not grant summary judgment on Defendants' prior public use defenses and counterclaims because

> [t]here's some testimony that shows that a Fed-Ex package with a video didn't get to Mr. Farrell, but he admitted he had the video before, before the priority date, and *he was trying* to show it to customers. So that's the evidence right now.

Tr. of Apr. 11, 2019 Hr'g, at 155:18–22 (emphasis added). *See also id.* at 156:6–9 ("MR. FOSTER: . . . I think our allegation is he was trying to show the video. THE COURT: Not that he actually did show it? MR. FOSTER: It's not clear."). Defendants have cited no authority for the proposition that an unsuccessful attempt to use publicly an invention bars the inventor from patenting the invention under 35 U.S.C. § 102(a).

4

5. Defendants did attempt in their summary judgment briefing to rebut Plaintiffs' assertion that Defendants had failed to offer any evidence of a prior sale of the invention more than one year before the applicable priority date. Defendants insist that there is a genuine issue to be litigated with respect to whether "f'real offered for sale its FRLB2 self-rinsing blender to QuikTrip before November 2002." *See* D.I. 232 at 7, ¶ 3. They cite in support of their position: (1) paragraph 20 of the declaration of f'real's 30(b)(6) witness; (2) two pages from the deposition of the same 30(b)(6) witness; (3) five pages from Farrell's deposition; (4) one page of a power point presentation; and (5) an email with handwritten notes. *See id.* Although it is true that the 30(b)(6) witness refers in paragraph 20 of his declaration to "f'real's negotiations with QuikTrip in the 2001 time frame," he expressly avers in the same paragraph that "QuikTrip made it clear that they would only purchase f'real's blenders and place them in QuikTrip's over 500 convenience stores *if f'real could invent and build a self-serve blender.*" *See* D.I. 171-2, Ex. D at ¶ 20 (emphasis added). The remaining record evidence cited by Defendants does not support Defendants' contention that Plaintiffs commercially offered for sale before November 17, 2002 a blender that satisfied each limitation of one of the patented inventions, let alone provide a sufficient basis for a reasonable jury to conclude by clear and convincing evidence that Plaintiffs had made such an offer before that date. Accordingly, I will grant Plaintiffs' motion for summary

judgment on Defendants' defenses and counterclaims to the extent they are based on the sale of the inventions claimed in the #150 family more than one year before the non-provisional priority date. *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011) (holding that "§ 282 [of the Patent Act] requires an invalidity defense to be proved by clear and convincing evidence"); *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998) (explaining that the on-sale bar requires "a commercial offer for sale" after an invention is "ready for patenting" and more than one year before filing a patent application); *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152, 1163 (Fed. Cir. 2006) ("[T]he invention that is the subject matter of the offer for sale must satisfy each claim limitation of the patent." (internal quotation marks and citation omitted)).

**WHEREFORE**, on this Seventeenth day of April in 2019, **IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment on Defendants' defenses and counterclaims regarding invalidity based on public use or sale is **GRANTED**.

**IT IS SO ORDERED.**

                                                                                             _____
                                                          CONNOLLY, UNITED STATES DISTRICT JUDGE