IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

In a single filing (D.I. 169), Plaintiffs have asked the Court to grant six motions for summary judgment. I addressed three of Plaintiffs' motions in memorandum orders issued on April 12, 2019 and April 17, 2019. I address in this Memorandum Order the three remaining motions for summary judgment in D.I. 169.

1. In the first of the remaining motions, Plaintiffs seek summary judgment on Defendants' defenses and counterclaims regarding incorrect inventorship of the asserted patents. *See* D.I. 169; D.I. 170 at 31–37. Plaintiffs argue that there is no record evidence to support Defendants' allegations of incorrect inventorship. In response, Defendants assert that "Geppert [a former

employee of Plaintiff f'real foods, LLC, to which entity Farrell, the named inventor, assigned the asserted patents] helped conceive of at least one limitation of each of the claims of [the three asserted patents for which Defendants allege incorrect inventorship]." *See* D.I. 232 at 7, ¶ 3. In support of this assertion, Defendants point to certain excerpts from Geppert's and Farrell's depositions and and an "Employee Confidential Information and Inventions Agreement" executed by f'real and Geppert. *See id.*

2. The cited deposition excerpts do not support Defendants' position. Indeed, Geppert denied under oath at his deposition that he invented or co-invented the subject matter of the patents at issue. *See* D.I. 219, Ex. TT at 224:21–232:8.

3. Notwithstanding Geppert's deposition testimony, the agreement could arguably support Defendants' position because Geppert handwrote in Exhibit A of the agreement, under the heading "List of Prior Inventions and Original Works of Authorship," the words "various aspects of [one of Plaintiffs' blenders]." *See* D.I. 202, Ex. 13 at FREAL186806. Although I question whether this document would be admissible at trial as substantive evidence of Geppert's inventorship, Plaintiffs do not dispute its admissibility and therefore I will treat it as admissible for purposes of ruling on this motion. Because there is a dispute about the meaning of Geppert's writing in Exhibit A of the agreement, it appears that there may be genuine issues of material fact about whether Geppert is an unnamed inventor of at

2

least one of the patented inventions. Accordingly, I will deny this motion. *See* FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]he party moving for summary judgment . . . bears the burden of demonstrating the absence of any genuine issues of material fact.").

4. Next, Plaintiffs seek summary judgment on Defendants' inequitable conduct claims. *See* D.I. 169; D.I. 170 at 40–43. If a jury found in Defendants' favor that Geppert is an unnamed inventor of at least one of the patented inventions, then it would not be unreasonable for the jury to find that Farrell's assertions of sole inventorship before the United States Patent and Trademark Office in the prosecution of the patents were materially and intentionally misleading, amounting to inequitable conduct. *See Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1190–91 (Fed. Cir. 2014) ("[B]ecause direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence, provided that such intent is the single [most] reasonable inference." (internal quotation marks and citation omitted)); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1292 (Fed. Cir. 2011) ("Although but-for materiality generally must be proved to satisfy the materiality prong of inequitable conduct, this court recognizes an exception in cases of affirmative egregious

misconduct . . . such as the filing of an unmistakably false affidavit . . . ."); *cf.*
*Hardin v. Pitney-Bowes Inc.*, 451 U.S. 1008, 1008 (1981) (Rehnquist, J., dissenting) ("It has long been established that it is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment."). I will therefore deny this motion.

5. Finally, Plaintiffs seek summary judgment that U.S. Patent No. 7,520,662 is not invalid "in view of Defendants' admissible prior art." D.I. 169; *see also* D.I. 170 at 44. Plaintiffs argue that summary judgment is appropriate because "estoppel properly applies to each of the seven prior art combinations that Defendants have disclosed." D.I. 170 at 44. Defendants respond that "Defendants are not estopped from asserting two of their prior art combinations." D.I. 195 at 35. In ruling on two separate motions *in limine*, however, I excluded those two prior art combinations. *See* D.I. 239; Tr. of Apr. 11, 2019 Hr'g, at 26:12–27:3. I will therefore grant this motion.

**WHEREFORE**, on this Eighteenth day of April in 2019, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for summary judgment on "Defendants' defenses related to incorrect inventorship for f'real's self-cleaning blender patents, and related counterclaims" (*see* D.I. 169) is **DENIED**.

2. Plaintiffs' motion for summary judgment on "Defendants' inequitable conduct affirmative defenses and counterclaim" (*see* D.I. 169) is **DENIED**.

3. Plaintiffs' motion for summary judgment of "no invalidity of Claim 21 of [U.S. Patent No. 7,520,662] in view of Defendants' admissible prior art" (*see* D.I. 169) is **GRANTED**.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE