IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' motion for summary judgment, D.I. 177, in which Defendants seek five summary judgments.[1] In memorandum orders issued on April 15, 2019 (D.I. 243) and April 16, 2019 (D.I. 244 and D.I. 245), I addressed four of the summary judgment motions. The remaining motion seeks summary judgment of noninfringement of claim 21 of U.S. Patent No. 7,520,662 (the "#662 patent") and claims 6–11 of U.S. Patent No. 7,520,658 (the "#658

---

[1] D.I. 177 actually set forth six motions for summary judgment, but Defendants collapsed two of the motions in their briefing and treated them as a single motion. *See* D.I. 178 at 14–16. For that reason, the Court treated those two motions as a single motion. *See* D.I. 244.

patent") when consumers use the MIC2000 milkshake blender. *See* D.I. 177 at 1; D.I. 178 at 16. For the reasons discussed below, I will deny the motion.

1. Claim 21 of the #662 patent recites a "method for rinsing a splash shield on a mixing machine," and claims 6–11 of the #658 patent recite a "method for retaining a vessel in a holder while mixing contents of the vessel[.]" Both patented methods require, among other things, the "providing [of] a mixing machine[.]"

2. Defendants argue that summary judgment of noninfringement of the asserted method claims is required where the MIC2000 milkshake blenders are used by customers in retail stores because direct infringement under 35 U.S.C. § 271(a) can only occur "where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). According to Defendants, "[t]here is no genuine issue of fact that no single entity performs every step of the asserted method claims[,]" because the retailers, not the consumers who operate the machine, "provid[e]" the MIC2000 blenders. D.I. 178 at 17.

3. The single entity test prescribed by *Akamai*, however, is not limited to whether a single entity *performs* every patented step. Rather, the test is whether the steps "are performed *or attributable to* a single entity." 797 F.3d at 1022 (emphasis added). And, as the court explained in *Akamai*, "[w]]here more than one

actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other *such that a single entity is responsible* for the infringement." *Id.* An entity is "responsible for others' performance of method steps . . . where that entity directs or controls others' performance[.]" *Id.* Such direction and control "can [ ] be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.* at 1023.

4. "Whether a single actor directed or controlled the acts of one or more third parties is a question of fact[.]" *Id.* As the parties dispute whether consumers' performance of some of the patented method steps was directed or controlled by retailers who provided the consumers with MIC2000 blenders, I will deny Defendants' motion for summary judgment.

**WHEREFORE**, on this Eighteenth day of April in 2019, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment of noninfringement of claim 21 of U.S. Patent No. 7,520,662 and claims 6–11 of U.S. Patent No. 7,520,658 when consumers use the MIC2000 milkshake blender is **DENIED**.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

3