IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Defendants have filed a motion *in limine* to "preclude[] [Plaintiffs] from providing any testimony or arguments regarding Defendants' alleged infringement under the doctrine of equivalents" (D.I. 233, Ex. 17).

1. Defendants argue first that Plaintiffs should be estopped from arguing infringement under the doctrine of equivalents at trial because Plaintiffs' expert witness, Dr. Maynes, provided only conclusory opinions about the doctrine of equivalents in his expert report. Plaintiffs rightly point out, however, that Defendants never responded to Plaintiffs' infringement contention interrogatories with enough detail for Dr. Maynes to respond meaningfully, forcing him instead to speculate about Defendants' non-infringement defenses when his opening report

was due. Therefore, any failure by Plaintiffs to provide otherwise sufficiently detailed opinions regarding the doctrine of equivalents is excused.

2. Defendants next argue that Plaintiffs are estopped under the rule of prosecution history estoppel from asserting infringement under the doctrine of equivalents based on various claim amendments to the four asserted patents. But Defendants have not provided any analysis in their motion that ties an amended limitation to any proposed equivalents. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 533 U.S. 722, 737–38 (2002).

3. To the extent that Defendants seek to invoke prosecution history estoppel with respect to the "unrestrained" and "sufficient mass" limitations in U.S. Patent No. 7,520,658, the Court has already explained that "the narrowing amendments in question[] [ ] were made to distinguish prior art that disclosed a spring mechanism and therefore are inapposite." *See* D.I. 244 at 4.

4. To the extent that Defendants seek to invoke prosecution history estoppel with respect to the "rinse chamber" limitation in claim 15 of U.S. Patent No. 7,144,150, Defendants' request is moot in light of the Court's ruling on April 12, 2019 that Defendants literally infringe that claim. *See* D.I. 242.

5. To the extent that Defendants seek to invoke prosecution history estoppel with respect to the "directing rinsing fluid . . . while isolating" limitation in claim 21 of U.S. Patent No. 7,520,662, Defendants' request is similarly moot in

light of the Court's ruling on April 12, 2019 that defendants literally infringe that claim. *See* D.I. 241.

6.  Defendants also assert that Plaintiffs should be estopped under the doctrine of claim vitiation from arguing infringement under the doctrine of equivalents for two claim limitations. Defendants do not explain this assertion but instead appear to rehash claim construction.

**WHEREFORE**, on this Twenty-second day of April in 2019, **IT IS HEREBY ORDERED** that Defendants' motion *in limine* seeking for Plaintiffs to "be precluded from providing any testimony or arguments regarding Defendants' alleged infringement under the doctrine of equivalents" (D.I. 233, Ex. 17) is **DENIED**.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE