

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*
222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

302-467-4200
302-467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
CONNECTICUT
DELAWARE
ILLINOIS
LONDON
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

*Established* 1849

April 30, 2019

*Via CM/ECF and Hand Delivery*

The Honorable Colm F. Connolly
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE  19801

Re: *f'real Foods, LLC et al. v. Hamilton Beach Brands, Inc., et al.*
C.A. No. 16-41-CFC (D.Del.)

Dear Judge Connolly:

A court may reconsider and revise a claim construction to correct a previous, incorrect construction. As other courts have recognized, "[g]iven that claim construction is a 'mongrel practice' with 'evidentiary underpinnings,' it is entirely appropriate for the Court to adjust its construction of claims prior to instructing the jury if the evidence compels an alternative construction, or if one side or the other advances a spin on the words that is unwarranted. *Network Protection Sciences, LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2012 WL 6680155, at *3 (N.D. Cal. 2012) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996)).

The Federal Circuit has explained:

[T]his court understands that a trial judge may learn more about the technology during the trial that necessitates some clarification of claim terms before the jury deliberates . . . .

As this court has recognized, "district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." . . . Moreover, "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

*Pressure Prods. Medical Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (citations omitted; underscoring added); *see also Trover Grp. Inc. v. Tyco Int'l Ltd.*, No. 2:13-CV-52-WCB, 2014 WL 3736340, at *22 (E.D. Tex. July 28, 2014) (Bryson, J.) ("[T]he Court's constructions of the various claim terms are necessarily tentative, based on the Court's present understanding of the invention . . . . The Court will consider any

118648250.1

DrinkerBiddle&Reath
L L P

The Honorable Colm F. Connolly
April 30, 2019
Page 2

possible refinement in the claim construction as the case proceeds if it appears that the refinement would more accurately reflect the meaning of the claims or assist the jury in understanding them.")

In this case, Judge Sleet's earlier claim constructions are not binding "law-of-the-case." *See In re Papst Licensing*, 778 F.3d 1255, 1261 (Fed. Cir. 2015) ("[I]t is worth reiterating that a district court may (and sometimes must) revisit, alter, or supplement its claim constructions . . . to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact.").[1]   Thus, if the Court sees fit, it should amend the claim construction order and provide to the jury the constructions that are proper under the law.  To the extent the parties seek to put in evidence implicated by such an amended construction order, time remains for both parties to do so: The Defendants' technical expert is expected to testify Wednesday afternoon, but more likely Thursday morning, and Plaintiffs' technical expert may be re-called during their rebuttal case before closing arguments.

Respectfully submitted,

*/s/ Francis DiGiovanni*

Francis DiGiovanni

FD/cec
cc:    Counsel of Record via CM/ECF filing
       Clerk of the Court

---

[1] "A successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom, as the first judge.  To the extent that a trial judge can alter a previous ruling, so too can a successor judge." *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991).  The law-of-the-case doctrine does not apply to earlier interlocutory rulings in this case because that doctrine "does *not* constrain the trial court with respect to issues not actually considered by an appellate court." *Id.* at 877 (italics in original).