**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

MICHAEL J. FLYNN
(302) 351-9661
(302) 498-6217 FAX
mflynn@mnat.com

April 29, 2019

The Honorable Colm F. Connolly                    *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801-3555

      Re:   *f'real Foods, LLC et al. v. Hamilton Beach Brands, Inc. et al.*,
            C.A. No. 16-41-CFC

Dear Judge Connolly:

      Plaintiffs write in response to the Court's question concerning its obligations if it were to determine, during trial.

      In general, "district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005); *see also Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction . . . [and] [t]his is particularly true where issues involved are complex, either due to the nature of the technology or because the meaning of the claims is unclear from the intrinsic evidence.").

      This same reasoning can apply during trials under certain circumstances. *See Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (affirming trial court's adjustment, during trial, of definition of a previously construed term, in response to Defendant's cross examination that "revealed a dispute over the trial court's definition of the term 'score line' in its *Markman* order.").

      However, there can be significant consequences from revising an already construed claim term during trial. *See TQP Dev., LLC v. Intuit Inc.*, 2014 WL

2810016, *5 (E.D. Tex. Jun. 20, 2014) ("[A]mending the claim construction [at trial] would be more problematical."). By the time trial begins, each party has heavily relied on the Court's constructions. The parties have made decisions before and during trial based on those constructions, which have direct and indirect effects on almost every aspect of a patent infringement case. Such conduct includes taking certain positions and conceding others, such as dropping claims or prior art references in response to the Court's constructions. To alter the basis upon which the parties have conducted themselves pre-trial and during trial has the potential to render previous strategic and practical decisions moot, and would require the parties to re-evaluate many of their previous strategic decisions.

There are also significant consequences resulting from revising a construed claim term after the jury has heard evidence based on the original construction of that claim term. Here, for example, Plaintiffs have presented their case-in-chief based on the Court's original Claim Construction Order (D.I. 83), including most notably Plaintiffs' infringement analysis from Dr. Maynes. Re-construing a claim term at this stage would likely result in substantial prejudice to the parties, absent considerable modifications to the currently scheduled trial. Such modifications would necessarily require the expenditure of significant resources by the Court, the jurors, and the parties. Depending on the revised constructions the trial may need to be extended (trial time may need to be re-allotted), re-scheduled, or as Judge Andrews found in one case, may result in a mistrial. *See InterDigital Communications Inc. v. ZTE Corp.*, C.A. No. 13-09-RGA, Tr. at 680 (D. Del. Oct. 22, 2014) (declaring mistrial for patent for which construction was revised during trial) (attached as Exhibit A); *see id.* D.I. 571, at 3 ("The Court declared a mistrial as to the '151 patent on October 22, 2014.") (attached as Exhibit B). Moreover, because the jury has already heard Plaintiffs' case-in-chief based on the original claim constructions, revising the claim construction now would risk significant jury confusion, as the jury has already heard evidence may no longer be applicable or appropriate.

Although there is authority permitting the Court to change its claim construction at any time, including during trial, the Court is not required to do so, and the consequences of doing so at this stage of the case could be significant and far-reaching.

The Honorable Colm F. Connolly
April 30, 2018
Page 2

          Respectfully,

          */s/ Michael J. Flynn*

          Michael J. Flynn (#5333)

cc: All counsel of record