# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC., HERSHEY CREAMERY COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 16-41 (CFC)<br>) CONSOLIDATED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OFFER OF PROOF REGARDING JAPANESE UTILITY MODEL APPLICATION JP H04-136787 U ("SATO") AND RELATED TESTIMONY OF DR. SLOCUM**

Pursuant to Federal Rule of Evidence 103, and in response to the Court's Order granting Plaintiff's motion *in limine* to preclude use of Japanese Utility Model No. H04-136787 U, published December 18, 1992, to Sato et al. ("Sato") at trial (*see* 4/11/2019 Tr. at 26:12-27:3), Hamilton Beach Brands, Inc. and Hershey Creamery Company (collectively, "Defendants") respectfully submit this offer of proof regarding the disclosure of Sato and Dr. Alexander Slocum's related testimony.

Defendants asserted that Sato is a "printed publication" under 35 U.S.C. § 102(b), but the Court disagreed in an Oral Order during the pretrial conference on April 11, 2019, and granted Plaintiffs' motion *in limine* "to preclude

use of the Sato reference at trial because it fails to meet the 'printed publication' requirement of § 102." Pls.' MIL 1, D.I. 233 at 327-353; *see* 4/11/2019 Tr. at 16:9-18:17. Had the Court permitted Defendants to use Sato during trial, Defendants would have offered the following:

1. DTX010 (original copy), DTX011 (translation), DTX012 (translation certification), and DTX421 (certified copy). Rahmeier Decl. ¶ 13(a) and Exs. A-D.

2. Testimony of Dr. Slocum, who would have explained that the claims asserted as of the pre-trial conference on April 11, 2019 (the "Asserted Claims") for the '150, '658, and '662 patents are invalid over Sato alone or in combination with one or more prior art references of record, namely:

   a. For the '150 patent, Dr. Slocum would have testified that the Asserted Claims are anticipated due to Sato and obvious under 35 U.S.C. § 103 due to: Sato in view of Oberg; Neilson in view of Sato and Kelly; Sato in view Oberg and Miller; and Sato in view of Oberg and Karkos (only as to claim 22). Rahmeier Decl. ¶ 13(b)(i) and Ex. E; Ex. F.

   b. For the '658 patent, Dr. Slocum would have testified that the Asserted Claims are anticipated under 35 U.S.C. § 102 due to Sato and obvious under 35 U.S.C. § 103 due to: Sato in view of Karkos; Sato in view

        Barnard; Sato in view of Barnard and Karkos; and Neilson in view of Sato. Rahmeier Decl. ¶ 13(b)(ii) and Ex. G; Ex. H.

    c. For the '662 patent, Dr. Slocum would have testified that the Asserted Claim is anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103 due to: Neilson in view of Sato and Miller, Neilson in view of Sato and Supervielle; and Neilson in view of Sato, Miller, and Supervielle. Rahmeier Decl. ¶ 13(b)(iii) and Ex. I; Ex. J.

3. Cross-examination of Plaintiffs' technical expert Dr. Daniel Maynes on the proposition that the asserted claims of the '150, '662, and '658 patents are not invalid over Sato alone or in combination with one or more prior art references, as explained above. Rahmeier Decl. ¶ 13(c).

4. Testimony of Dr. Slocum to counter Plaintiffs' copying argument, in particular that f'real did not first invent a weighted, free-floating splash shield positioned around the blending spindle shaft, as Sato discloses such a splash shield. Rahmeier Decl. ¶ 13(d) and Ex. K; Ex. B.

5. Testimony and evidence of Defendants' good faith belief of invalidity based on Sato.

Defendants respectfully submit that this evidence is relevant and admissible because it tends to show that:

1. The asserted claims of the '150, '662, and '658 patents are invalid as anticipated based on Sato alone and/or obvious based on Sato in combination with one or more prior art references.

2. Defendants did not copy the weighted, free-floating splash shield positioned around the blending spindle shaft found in f'real's products.

3. Defendants' alleged infringement was not willful.

Dated:  May 2, 2019

Respectfully submitted,

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
francis.digiovanni@dbr.com

## **CERTIFICATE OF SERVICE**

I certify that on May 2, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants. In addition, the foregoing will be served upon counsel of record via electronic mail.

Dated: May 2, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
francis.digiovanni@dbr.com