# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY <br><br> Defendants. | C.A. No. 16-41-CFC <br><br> CONSOLIDATED |

**DECLARATION OF THATCHER A. RAHMEIER IN SUPPORT OF DEFENDANTS' OFFER OF PROOF REGARDING JAPANESE UTILITY MODEL APPLICATION JP H04-136787 U ("SATO") AND RELATED TESTIMONY OF DR. SLOCUM**

I, Thatcher A. Rahmeier, declare:

1. I am a licensed attorney with the law firm of Drinker Biddle & Reath LLP, counsel for defendants Hamilton Beach Brands, Inc. and Hershey Creamery Company (collectively "Defendants") in the above-captioned action. I am admitted to practice in this District, I am over 18 years of age, and have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so. I submit this declaration in support of Defendants' Offer of Proof Regarding Japanese Model Application JP H04-136787 U ("Sato") and Related Testimony of Dr. Slocum, filed contemporaneously herewith.

2. Attached hereto as Exhibit A is a true and correct copy of Japanese Utility Model Application JP H04-136787 U.

3. Attached hereto as Exhibit B is a true and correct copy of an English translation of Japanese Utility Model Application JP H04-136787 U.

4. Attached hereto as Exhibit C is a true and correct copy of the certification of the English translation of Japanese Utility Model Application JP H04-136787 U.

5. Attached hereto as Exhibit D is a true and correct certified copy of Japanese Utility Model Application JP H04-136787 U.

6. Attached hereto as Exhibit E is a true and correct copy of excerpts of the deposition transcript of Alexander H. Slocum, Ph.D., dated November 2, 2018.

7. Attached hereto as Exhibit F is a true and correct copy of Exhibit 10 to the Opening Expert Report of Alexander H. Slocum, Ph.D.

8. Attached hereto as Exhibit G is a true and correct copy of Exhibit 12 to the Opening Expert Report of Alexander H. Slocum, Ph.D.

9. Attached hereto as Exhibit H is a true and correct copy of Exhibit 13 to the Opening Expert Report of Alexander H. Slocum, Ph.D.

10. Attached hereto as Exhibit I is a true and correct copy of Exhibit 15 to the Opening Expert Report of Alexander H. Slocum, Ph.D.

11. Attached hereto as Exhibit J is a true and correct copy of Exhibit 16 to the Opening Expert Report of Alexander H. Slocum, Ph.D.

12. Attached hereto as Exhibit K is a true and correct copy of excerpts of the Rebuttal Expert Report of Alexander H. Slocum, Ph.D.

13. Had the Court permitted Defendants to use Sato during trial, Defendants would have offered the following:

    a. DTX010 (original copy), DTX011 (translation), DTX012 (translation certification), and DTX421 (certified copy). Exs. A-D.

    b. Testimony of Dr. Slocum, who would have explained that the claims asserted as of the pre-trial conference on April 11, 2019 (the "Asserted Claims") for the '150, '658, and '662 patents are invalid over Sato alone or in combination with one or more prior art references of record, namely:

        i. For the '150 patent, Dr. Slocum would have testified that the Asserted Claims are anticipated due to Sato and obvious under 35 U.S.C. § 103 due to: Sato in view of Oberg; Neilson in view of Sato and Kelly; Sato in view Oberg and Miller; and Sato in view of Oberg and Karkos (only as to claim 22). Ex. E; Ex. F.

        ii. For the '658 patent, Dr. Slocum would have testified that the Asserted Claims are anticipated under 35 U.S.C. § 102 due to

        Sato and obvious under 35 U.S.C. § 103 due to: Sato in view of Karkos; Sato in view Barnard; Sato in view of Barnard and Karkos; and Neilson in view of Sato. Ex. G; Ex. H.

   iii. For the '662 patent, Dr. Slocum would have testified that the Asserted Claim is anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103 due to: Neilson in view of Sato and Miller, Neilson in view of Sato and Supervielle; and Neilson in view of Sato, Miller, and Supervielle. Ex. I; Ex. J.

c. Cross-examination of Plaintiffs' technical expert Dr. Daniel Maynes on the proposition that the asserted claims of the '150, '662, and '658 patents are not invalid over Sato alone or in combination with one or more prior art references, as explained above.

d. Testimony of Dr. Slocum to counter Plaintiffs' copying argument, in particular that f'real did not first invent a weighted, free-floating splash shield positioned around the blending spindle shaft, as Sato discloses such a splash shield. Ex. K; Ex. B.

e. Testimony and evidence of Defendants' good faith belief of invalidity based on Sato.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 1st day of May, 2019, in Wilmington, Delaware.

/s/ *Thatcher A. Rahmeier*
Thatcher A. Rahmeier, Esq.
thatcher.rahmeier@dbr.com
DRINKER BIDDLE & REATH LLP