# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 Fax

**Michael J. Flynn**
(302) 351-9661
mflynn@mnat.com

May 14, 2019

The Honorable Colm F. Connolly    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801-3555

  Re: *f'real Foods, LLC et al. v. Hamilton Beach Brands, Inc. et al.*,
     C.A. No. 16-41-CFC

Dear Judge Connolly:

  Pursuant to the Court's direction following the jury's verdict on May 3, 2019, the parties have conferred on how to proceed with entry of judgment and post-trial issues.

  The parties have agreed that: (1) no party will file any post-trial motion or appeal related to the '377 patent; and (2) that entry of judgment is warranted in favor of Plaintiffs on Defendants' affirmative defenses and counterclaims of inequitable conduct and antitrust violations (*see* D.I. 10, Counterclaim Counts IX and X).

  The parties have been unable to reach agreement on the issues related to the timing of any entry of judgment, invalidity briefing under 35 U.S.C. § 112, and post-trial briefing, and present their respective positions below. The parties are available at the Court's convenience to discuss these issues.

**Entry of Judgment**

  **Plaintiffs' Position:** Plaintiffs request that the Court enter judgment based on the jury's verdict, the Court's grant of Plaintiffs' motion for judgment as a matter of law on Defendants' inventorship claim during trial, and the issues

The Honorable Colm F. Connolly
May 14, 2019
Page 2

decided by the Court on summary judgment. Plaintiffs' proposed form of Judgment is attached as Exhibit A.

**Defendants' Position:** It is Defendants' position that before any judgment can or should be entered, the outstanding 35 U.S.C. § 112 issues concerning invalidity of the asserted claims of the '658 patent and claim 22 of the '150 patent should be decided, separate from post-trial motions. Because Plaintiffs seek entry of a judgment before § 112 is determined for those claims, Defendants propose a two-phased schedule, the second phase to proceed after the § 112 issues are decided and judgment is entered (including the Court's grant of Defendants' motion for judgment as a matter of law on Plaintiffs' inducement claims during trial).

## Briefing on Indefiniteness Issues

Defendants intend to move for a judgment of invalidity of Claims 1, 5, 6, 10, and 11 of the '658 patent and Claim 22 of the '150 patent based on indefiniteness of the "sufficient mass" limitations under 35 U.S.C. § 112. The parties have agreed to a briefing schedule of May 22, 2019, for Defendants' opening brief; May 30, 2019, for Plaintiffs' opposition brief; and June 5, 2019, for Defendants' reply brief. The parties further agree that the briefs shall be limited to the current record in the case.

**Plaintiffs' Position:** Because indefiniteness of the '377 patent is no longer at issue, Plaintiffs propose that the briefing be limited to 1,250 words for opening and opposition briefs, and 625 words for Defendants' reply brief.

**Defendants' Position:** Defendants chose not to present testimony and evidence at trial about the unresolved facts related to the outstanding § 112 issues based on the parties' trial agreement. That agreement provided that all remaining § 112 issues would be taken up after trial following 10-10-5 page briefing, without regard to how many § 112 issues were actually pressed in that briefing. 4/29/19 Tr. at 11:2 – 12:9. The parties' briefing agreement should be honored with the 10-10-5 page briefing limits.

The Honorable Colm F. Connolly
May 14, 2019
Page 3

**Post-Trial Motions**:

**Plaintiffs' Position:** Plaintiffs propose that within 28 days of entry of judgment (but no later than June 20, 2019), the parties shall file all post-trial motions, including motions under Fed. R. Civ. P. 50(b) or 59; motions to declare the case exceptional under 35 U.S.C. § 285 and for attorneys' fees[1]; motions for pre- and post-judgment interest, supplemental damages, on-going royalties or accounting; and motions for permanent injunction.

Plaintiffs further propose that opening briefs on such motions be filed on June 20, 2019 (limited to 10,000 words), opposition briefs be filed on July 18, 2019 (limited to 10,000 words), and reply briefs be filed on July 31, 2019 (limited to 5,000 words).  If Defendants' move to stay an injunction, the opening brief shall be due on July 18, 2019, (limited to 2,500 words), Plaintiffs' opposition shall be due on July 31, 2019, (limited to 2,500 words), and Defendants' reply brief shall be due on August 7, 2019, (limited to 1,250 words).

Plaintiffs' proposed order on the motion and briefing schedule is attached as Exhibit B.

**Defendants' Position:** Defendants' proposed second phase should occur after the Court decides the outstanding invalidity issues under 35 U.S.C. § 112 and enters judgment, as follows: 28 days after judgment – Post-trial opening briefs (combined 12,500 words per side); 28 days after opening – Post-trial opposition briefs (combined 12,500 words per side); and 14 days after opposition – Post-trial reply briefs (combined 6,250 words per side).

Regarding any motion for a stay of injunction pending appeal, the parties are in agreement regarding the length of briefing.  However, Defendants propose an alternative briefing schedule where the deadline for moving to stay any injunction is 28 days after Plaintiffs file their motion for an injunction.

Defendants' proposed order on the motion and briefing schedule is attached as Exhibit C.

---

[1] Plaintiffs propose that the Court first determine whether Plaintiffs are entitled to attorneys' fees based on a finding that this is an exceptional case under 35 U.S.C. § 285, with a determination of the attorneys' fees owed, if any, to follow separately.

The Honorable Colm F. Connolly
May 14, 2019
Page 4

                                    Respectfully,

                                    Michael J. Flynn (#5333)

cc:    All counsel of record