# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS CORPORATION,<br><br>          Plaintiffs,<br><br>    v.<br><br>HAMILTON BEACH BRANDS, INC.,<br>HERSHEY CREAMERY COMPANY and<br>PAUL MILLS d/b/a MILLS BROTHERS<br>MARKETS,<br><br>          Defendants. | C.A. No. 16-41 (CFC)<br>CONSOLIDATED |

## JUDGMENT

This action came before the Court for a trial by jury beginning on April 29, 2019, the Honorable Colm F. Connolly, United States District Judge, presiding. The issues having been tried and the jury having rendered a verdict on May 3, 2019 (D.I. 263, 264). Therefore, pursuant to Fed. R. Civ. P. 54(b),

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered in favor of Plaintiffs f'real Foods, LLC and Rich Products Corporation (collectively, "Plaintiffs") and against Defendants Hamilton Beach Brands, Inc. and Hershey Creamery Company (collectively, "Defendants"), that:

1) Claims 15, 20, and 22 of U.S. Patent No. 7,144,150 (the "'150 patent") are not invalid under 35 U.S.C. §§ 102 or 103;

2) Claims 20 and 22 of the '150 patent are infringed;

3) Claims 1, 5, 6, 10, and 11 of U.S. Patent No. 7,520,658 (the "'658 patent") are infringed and not invalid under 35 U.S.C. §§ 102 or 103;

4) Claim 21 of U.S. Patent No. 7,520,662 (the "'662 patent") is infringed and not

invalid;

5) Claims 1 and 11 of U.S. Patent No. 5,803,377 (the "'377 patent") are not invalid under 35 U.S.C. §§ 102 or 103; and

6) The '150, '658, and '662 patents are not invalid due to failure to name all inventors.

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered in favor of Defendants and against Plaintiffs that Claims 1 and 11 of the '377 patent are not infringed.

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered in favor of Defendants and against Plaintiffs that Defendants' infringement of the '150, '658, and '662 patents was not willful.

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered in favor of Plaintiffs and against Defendants for damages in the amount of $3,233,869 for Defendants' infringement of the '150, '658, and '662 patents.

IT IS HEREBY ORDERED AND ADJUDGED, based upon the Court's rulings prior to trial on the parties' motions for summary judgment, that judgment be entered in favor of Plaintiffs and against Defendants that:

1) Claim 15 of the '150 patent is infringed (D.I. 242);

2) The '150, '658, and '662 patents are not invalid under 35 U.S.C. § 102 due to the on-sale bar or prior public use of the claimed inventions (D.I. 246);

3) Claim 21 of the '662 patent is infringed by Defendants' own use and demonstrations of the accused products (D.I. 241); and

4) Claim 21 of the '662 patent is not invalid (D.I. 247).

IT IS HEREBY ORDERED AND ADJUDGED, based on the above verdict and the

Court's prior rulings, that judgment be entered in favor of Plaintiffs and against Defendants on Defendants' counterclaims for invalidity and unenforceability of the '150, '658, and '662 patents due to inequitable conduct (D.I. 10, Counterclaim Count IX) or violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 (D.I. 10, Counterclaim Count X).

Dated May ___ , 2019

                                                              United States District Judge