IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS<br>CORPORATION, | :<br>:<br>: | |
| Plaintiffs, | :<br>: | |
| v. | : | Civil Action No. 16-41-CFC |
| HAMILTON BEACH<br>BRANDS, INC. and HERSHEY<br>CREAMERY COMPANY, | :<br>:<br>: | |
| Defendants. | : | |

Rodger D. Smith II, Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Guy W. Chambers, Ellen P. Liu, Peter Colosi, SIDEMAN & BANCROFT LLP, San Francisco, California

*Counsel for Plaintiffs*

Francis DiGiovanni, Thatcher A. Rahmeier, DRINKER BIDDLE & REATH LLP, Wilmington, Delaware; William S. Foster, Jr., Brianna L. Silverstein, DRINKER BIDDLE & REATH LLP, Washington, District of Columbia

*Counsel for Defendants*

## MEMORANDUM OPINION

August 2, 2019
Wilmington, Delaware

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiffs f'real Foods, LLC and Rich Products Corporation filed this lawsuit accusing Defendants Hamilton Beach Brands, Inc. and Hershey Creamery Company of infringing four patents for commercial blenders: United States Patent Numbers 5,803,377 (the "#377 patent"), 7,144,150 (the "#150 patent"), 7,520,658 (the "#658 patent"), and 7,520,662 (the "#662 patent"). I granted summary judgment of infringement of two of the asserted claims. *See* D.I. 141 (claim 21 of the #662 patent); D.I. 142 (claim 15 of the #150 patent). The case was then tried to a jury, which found infringement of the remaining asserted claims in three of the four asserted patents and noninfringement of the #377 patent. *See* D.I. 263. The jury also found that Defendants' infringement was not willful and that certain claims were not invalid as obvious. *See id.* The jury awarded damages totaling $3,233,869. *See id.*

At trial, the parties stipulated under Rule 39(a)(1) of the Federal Rules of Civil Procedure that I would decide indefiniteness issues under 35 U.S.C. § 112 solely based on post-trial briefing, without going beyond the expert reports already submitted in connection with earlier summary judgment briefing, and without

submitting an advisory verdict on any subsidiary factual questions to the jury.[1] *See* Tr. 11:2–12:7. In the post-trial briefing, Defendants argue—based on the requirement of "sufficient mass"—that one of the two asserted claims of the #150 patent and the five asserted claims of the #658 patent are invalid for indefiniteness. *See* D.I. 271; D.I. 274. The challenged claims require that the blender have a "splash shield"—which covers the top of a cup or "vessel" in which the substance is blended—with "sufficient mass" such that the splash shield is heavy enough to hold the cup in place in a cupholder rather than having the cup be propelled upward or dislodged, for example, by the force of the blades spinning. *See* #150 patent, claim 22; #658 patent, claims 1, 5, 6, 10, & 11. Defendants argue that "the intrinsic record provides no guidance as to where the line should be drawn between the claimed 'sufficient mass' and a mass that is insufficient." *See* D.I. 271 at 3. I disagree. The challenged claims define the term "sufficient mass" by its function and a person of ordinary skill in the art (POSITA) could easily determine by simply observing the blender in action whether the splash shield had a "sufficient

---

[1] I denied Defendants' motion for summary judgment on the indefiniteness issues in part because the sworn testimony of Plaintiffs' expert created a dispute of material fact about whether one of skill in the art would be able to understand by observation whether the challenged claim limitation was met with reasonable certainty. *See* D.I. 245 at 5–6. As the parties have so stipulated, I will resolve that dispute of material fact based on the same evidence that was before me at summary judgment.

2

mass" to be covered by the disputed claim limitation. Accordingly, the challenged claims are not indefinite.

I. DISCUSSION

A. LEGAL STANDARDS

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). "Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008), *abrogated on other grounds by Nautilus*, 572 U.S. at 901. As in claim construction, in making an indefiniteness determination, the district court may make "any factual findings about extrinsic evidence relevant to the question, such as evidence about knowledge of those skilled in the art, [which] are reviewed for clear error." *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017). "Any fact critical to a holding on indefiniteness . . . must be proven by the challenger by clear and convincing evidence." *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d

3

1224, 1228 (Fed. Cir. 2016) (alteration in original) (quoting *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003)).

B.  ANALYSIS

The claims define the requirement that the "splash shield" have "sufficient mass" in clear functional terms. The challenged claims describe a blender that includes a "[cup]holder" for a cup or "vessel" in which a frozen substance (like a milkshake) is blended. *E.g.*, #658 patent, claim 1, at 4:45–48. A "splash shield" sits atop the cup. *E.g.*, #658 patent, claim 1, at 4:59–61. The claims require the "splash shield" to have "sufficient mass to retain the vessel within the holder." #150 patent, claim 22; #658 patent, claim 1; *see also* #658 patent, claim 5 (dependent on claim 1); #658 patent, claim 6 ("the mass of the splash shield preventing separation of the holder and the vessel during translation"); #658 patent, claims 10 & 11 (dependent on claim 6). The claims therefore define "sufficient mass" functionally: the splash shield must be heavy enough to keep the cup in the cupholder.

Judge Sleet's claim construction captures the claims' functional definition of the "sufficient mass" term. He "adopt[ed] the plain and ordinary meaning of the term [as] proposed by Plaintiffs and the PTO":

> The term "sufficient mass to retain the vessel within the holder during relative axial movement of the mixing element and vessel from the first position to the second position when liquid is present in the vessel" in

4

> the [#]658 patent is construed to be "the splash shield is
> heavy enough to create sufficient downward force on the
> vessel so as to retain the vessel within the holder when
> the mixing element moves upwardly in the vessel from
> the first position to the second position when liquid is
> present."

D.I. 83 at 2. This claim construction reflects the claims' requirement for the splash shield to be heavy enough that the gravitational force of the splash shield alone is "sufficient" to overcome any countervailing forces that could otherwise dislodge the cup from the cupholder, such as the upward force from the blades spinning.

Judge Sleet's construction finds support in portions of the written description shared by both the #150 and #658 patents:

> Weighting the shield is of further advantage if it is heavy
> enough to create sufficient downward force on the cup to
> overcome any upward force created by the mixing blade
> being moved upwardly in the cup. The mixing blade can
> create such upward force as the mixing blade moves
> upwardly in the cup, imparting an upward force on the
> cup as a result of suction force or the viscous nature of
> the product being mixed in the cup. This can occur when
> the cup is lowered by the holder during mixing (i.e. when
> the cup is reciprocated to cause the mixing blade to pass
> through the cup's contents several times) and/or when the
> cup is lowered away from the blade after
> blending/mixing. Making the weight of the shield
> sufficient to overcome this upward lifting force on the
> cup causes the cup to remain seated in the cup holder
> without any other mechanical means of retaining it in the
> cup holder, such as clamping or gripping mechanisms or
> the springs or lid placement and retention mechanisms
> previously described.

#150 patent at 4:9–26; #658 patent at 4:3–20.

5

Judge Sleet's construction recognized that including some additional means for keeping the cup in the cupholder does not preclude having a splash shield that is heavy enough, by its own weight, to keep the cup in place. *See* D.I. 83 at 3 n.3 ("Defendants argue that the 'sufficient mass' in Claim 1 should . . . include the language 'without any other mechanical means.' The court disagrees. Including 'without any other mechanical means' contradicts the specification and prosecution history, which explain that while other 'retention means' are not *necessary* to hold the cup in place during mixing, the claim itself does not exclude adding additional retention 'means' to the device." (emphasis in original) (citations omitted)). The claim language just requires the splash shield to be heavy enough to keep the cup in the cupholder, regardless of any additional means of restraining the cupholder.

Despite the ease and simplicity of determining whether a splash shield does or does not have "sufficient mass," Defendants argue that the term is indefinite because the sufficiency of the mass can vary depending upon such things as the viscosity of the mixture in the cup and the speed of the blades' rotational and vertical movements. D.I. 271 at 5. It is well-established, however, that claims involving terms of degree are not inherently indefinite. *Sonix*, 844 F.3d at 1377. On the contrary, "[c]laim language employing terms of degree has long been found definite where it provided enough certainty to one of skill in the art when read in the context of the invention." *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364,

6

1370 (Fed. Cir. 2014) (citing *Eibel Process Co. v. Minn. & Ontario Paper Co.*, 261 U.S. 45, 65–66 (1923)). Moreover, "what can be seen by the normal human eye . . . [may] provide[] an objective baseline through which to interpret the claims." *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1378 (Fed. Cir. 2017). In this case, it is obvious and a matter of common sense that, as Plaintiffs' expert averred in his declaration, "it is very easy for one of ordinary skill in the art to determine whether sufficient mass has been achieved for their particular blender by simply observing whether the cup stays in the holder during blending or not." *See* D.I. 201 at 17–19, ¶¶ 36–39. As a result, I find that Defendants have not proven by clear and convincing evidence that a person of ordinary skill in the art would not be able simply to observe whether a splash shield is heavy enough to keep the cup in the cupholder during blending.

## II. CONCLUSION

The challenged claims in the two patents for commercial blenders require a "splash shield" that sits atop a cup or "vessel" in a cupholder and has "sufficient mass" or weight to hold the cup in the cupholder. This "sufficient mass" limitation is defined by its function in the claims and a POSITA could easily determine whether a splash shield had sufficient mass. The challenged claims, therefore, are not indefinite.

7