IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-41 (CFC) <br> CONSOLIDATED |

## [PROPOSED] JUDGMENT

This action came before the Court for a trial by jury beginning on April 29, 2019, the Honorable Colm F. Connolly, United States District Judge, presiding. The jury rendered a verdict on May 3, 2019 (D.I. 263, 264).

Prior to trial, the Court granted Plaintiffs' motions for summary judgment of: (1) direct infringement of claim 21 of U.S. Patent No. 7,520,662 (the "'662 patent") for Defendants' use and demonstrations of the accused products; (2) direct infringement of claim 15 of U.S. Patent No. 7,144,150 (the "'150 patent"); (3) no invalidity of the '150 patent, '662 patent, and U.S. Patent No. 7,520,658 (the "'658 patent") due to public use or sale; and (4) no invalidity of claim 21 of the '662 patent in view of Defendants' admissible prior art. *See* D.I. 241, 242, 246, 247.

On May 1, 2019, the Court issued oral orders granting JMOL: (1) that the '150, '658, and '662 patents are not invalid due to failure to name all inventors; (2) that the asserted claims of the '658 patent are not invalid due to anticipation or obviousness; and (3) no induced infringement of the method claims 6, 10, and 11 of the '658 patent and claim 21 the '662 patent.

Post-trial, the Court ruled that claim 22 of the '150 patent and claims 1, 5, 6, 10, and 11 of the '658 patent are not indefinite under 35 U.S.C. § 112. D.I. 282, 283.

Therefore, pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict and the Court's rulings on summary judgment, JMOL, and indefiniteness, as referenced herein:

IT IS HEREBY ORDERED AND ADJUDGED that judgment be and is hereby entered on the verdict of May 3, 2019, as set forth in the verdict form (D.I. 263, 264), and the Court's rulings on summary judgment, JMOL, and indefiniteness, as referenced herein.

IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered in favor of Plaintiffs and against Defendants for damages in the amount of $3,233,869 for Defendants' infringement of the '150, '658, and '662 patents.

IT IS HEREBY ORDERED AND ADJUDGED, based on the above verdict and the Court's prior rulings, that judgment be entered in favor of Plaintiffs and

against Defendants on Defendants' counterclaims for unenforceability of the '150, '658, and '662 patents due to inequitable conduct (D.I. 10, Counterclaim Count IX) and violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 (D.I. 10, Counterclaim Count X).

IT IS FURTHER ORDERED AND ADJUDGED that all other claims asserted by Plaintiffs and Defendants in this matter are dismissed with prejudice.

IT IS FURTHER NOTED that this Judgment is subject to revision pursuant to any ruling on post-trial motions. *See* D.I. 270.

IT IS SO ORDERED AND ADJUDGED.

Dated: August 26, 2019

_____
United States District Judge