## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

F'REAL FOODS, LLC and RICH
PRODUCTS CORPORATION,

Plaintiffs,

v.

HAMILTON BEACH BRANDS, INC. and
HERSHEY CREAMERY COMPANY,

Defendants.

C.A. No. 16-41-CFC
CONSOLIDATED

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
## FOR A STAY OF A PERMANENT INJUNCTION AND RECALL

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Of Counsel:*

William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

*Counsel for Defendants*

Dated:  October 15, 2019

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ....................................1

II.   SUMMARY OF THE ARGUMENT ........................................................1

III.  STATEMENT OF FACTS ........................................................................1

IV.  ARGUMENT ...........................................................................................2

    A.    Legal Standard....................................................................................2

    B.    A Stay of Any Injunction and/or Recall Order Is Appropriate............2

         1.    Defendants Have a High Likelihood of Success on
Appeal ........................................................................................3

              a.    Defendants Have a Strong Likelihood of Success
on Appeal of the Sato Prior Art Issue.............................3

              b.    Defendants Have a Strong Likelihood of Success
on Appeal of Certain Claim Constructions ....................5

         2.    Defendants' Injury from an Injunction and Recall Is Far
Greater Than Any Injury to Plaintiffs Absent Such Relief .......7

         3.    The Public Interest Weighs In Favor of a Stay........................9

V.    CONCLUSION.........................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Estimating Sys., Inc. v. Riney*,
  171 F.R.D. 327 (S.D. Fla. 1997)...........................................................................7

*Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*,
  No. Civ. A. 03-1095-KAJ, 2005 WL 3454283 (D. Del. Dec. 16,
  2005) .....................................................................................................................2

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
  No. 3:01-cv-0485, 2010 WL 817519 (M.D. Pa. Mar. 9, 2010).......................7, 8

*Bruckelmyner v. Ground Heaters, Inc.*,
  445 F.3d 1374 (Fed. Cir. 2006) .............................................................................4

*Clearlamp, LLC v. LKQ Corp.*,
  No. 12 C 2533, 2016 WL 4734389 (N. D. Ill. Mar. 18, 2016)..............................5

*GlobalFoundries U.S., Inc. v. Zond, LLC*,
  IPR2014-01086, Paper 36, 2015 WL 4934594 (P.T.A.B. Aug. 14,
  2015) .....................................................................................................................4

*In re Hall*,
  781 F.2d 897 (Fed. Cir. 1986) ...............................................................................4

*In re Hayes Microcomputer Prods., Inc. Patent Litig.*,
  766 F. Supp. 818 (N.D. Cal. 1991)....................................................................7, 9

*Illinois Bell Tel. Co. v. Haines & Co.*,
  No. 85-C-7644, 1989 WL 76012 (N.D. Ill. July 3, 1989) ................................8, 9

*Milwaukee Elec. Tool Corp. v. Snap-On, Inc.*,
  271 F. Supp. 3d 990 (E.D. Wis. 2017) ..................................................................4

*Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*,
  No. 09 C 5619, 2014 WL 7466573 (N.D. Ill. Aug. 21, 2014) ..............................3

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
  330 F. Supp. 3d 574 (D. Mass. 2018)....................................................................4

*Standard Heavens Prods., Inc. v. Gencor Indus., Inc.*,
   897 F.2d 511 (Fed. Cir. 1990) ...............................................................2

*In re Wyer*,
   655 F.2d 221 (C.C.P.A. 1981) ...........................................................3, 4

**STATUTES, RULES & REGULATIONS**

35 U.S.C. § 102 ...................................................................................................1

35 U.S.C. § 102(b) ............................................................................................3

35 U.S.C. § 315(e)(2) ....................................................................................3, 4

Fed. R. Civ. P. 62(d) ........................................................................................2

## EXHIBIT LIST[1]

| Exhibit | Description |
|---------|-------------|
| A | Hearing Transcript (excerpts) dated April 11, 2019 |
| B | Trial Transcript (excerpts) |
| C | *f'real Foods, LLC v. Fresh Blends N. Am., Inc.*, No. 19-80744-CIV-Middlebrooks/Brannon, D.I. 43 (S.D. Fla. Sept. 19, 2019) |

---

[1] All exhibits cited herein are to the Declaration of Thatcher Rahmeier, filed contemporaneously herewith.

Defendants Hamilton Beach Brands, Inc. ("Hamilton Beach") and Hershey Creamery Company ("Hershey") (collectively, "Defendants") move for a stay of any permanent injunction and recall entered in this case pending appeal.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Defendants refer to the Nature and Stage of Proceedings from their Opening Brief in Support of Their Renewed Motions for Judgment as a Matter of Law or, In the Alternative, Motions for a New Trial or Amended Judgment.  D.I. 298 at 1-2.

## II.   SUMMARY OF THE ARGUMENT

A stay is warranted because: (1) Defendants have a substantial likelihood of succeeding during appeal at least as to whether Sato is a printed publication under 35 U.S.C. § 102 and certain claim constructions entered by Judge Sleet; (2) the irreparable injury to Defendants resulting from an injunction and recall outweighs the injury, if any, to Plaintiffs from a stay; and (3) the public interest weighs in favor of a stay.

## III.   STATEMENT OF FACTS

The relevant facts are set forth in the Argument section, *infra*.

## IV.     ARGUMENT

### A.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 62(d), a district court may stay an injunction pending appeal from a final judgment.  In determining whether to grant a stay, courts evaluate four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and, (4) where the public interest lies.

*Advanced Med. Optics, Inc. v. Alcon Labs., Inc.*, No. Civ. A. 03-1095-KAJ, 2005 WL 3454283, at *10-11 (D. Del. Dec. 16, 2005) (quoting *Standard Heavens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990)).  Each factor need not be weighed equally, and "[w]hen harm to the applicant is great enough, a court will not require a strong showing that applicant is likely to succeed on the merits." *Id.* at *11 (citation and internal quotation marks omitted).  If the other factors favor the movant, then a stay is appropriate upon a showing that the movant can "demonstrate a substantial case on the merits," instead of a strong likelihood of success on the merits.  *Id.* (citation and internal quotation marks omitted).

### B.     A Stay of Any Injunction and/or Recall Order Is Appropriate

Defendants have a strong likelihood of successfully appealing multiple issues in this case, including reversing the Court's determination that the Sato Japanese

2

publication (D.I. 233-1 at 330-345) is not "publicly available" prior art and overturning certain claim constructions by Judge Sleet. Additionally, the irreparable harm resulting from an injunction and/or recall outweighs the little or no injury to Plaintiffs that would result from a stay. Finally, the public interest warrants a stay because of, in part, the strong interest in legitimate competition. Thus, to the extent the Court should enter an injunction and/or recall, it should be stayed pending appeal.

### 1.   Defendants Have a High Likelihood of Success on Appeal

In evaluating the likelihood of success on the merits, courts look to whether the issues on appeal are novel, complex, and hotly disputed. *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2014 WL 7466573, at *1 (N.D. Ill. Aug. 21, 2014). Here, the appellate issues satisfy all three.

### a.   Defendants Have a Strong Likelihood of Success on Appeal of the Sato Prior Art Issue

This is a case of first impression in view of developing case law regarding the scope of estoppel under 35 U.S.C. § 315(e)(2). Ex. A 24:9-18. As discussed in Defendants' opposition to Plaintiffs' motion *in limine*, Sato is the quintessential "printed publication" under 35 U.S.C. § 102(b). D.I. 233-1 at 324.

This Court is the first court to hold that a publication by a foreign patent office does not qualify as a "printed publication" under § 102(b). In the seminal case on this issue, *In re Wyer*, the Federal Circuit held that an Australian patent application

that was "classified and laid open to public inspection at the Australian Patent Office and each of its five 'sub-offices'" was a printed publication. 655 F.2d 221, 226 (C.C.P.A. 1981). The Federal Circuit continues to hold publications by foreign patent offices are printed publications. In *Bruckelmyner v. Ground Heaters, Inc.*, the Federal Circuit held that figures of a Canadian patent application that were only part of the patent file and neither indexed nor catalogued qualified as a "printed publication." 445 F.3d 1374, 1379 (Fed. Cir. 2006). This comports with rulings finding academic theses catalogued only in a single library outside the United States qualify as "printed publications." *See In re Hall*, 781 F.2d 897, 899-900 (Fed. Cir. 1986) (holding that a single catalogued thesis in a German university library is a "printed publication"); *GlobalFoundries U.S., Inc. v. Zond, LLC*, IPR2014-01086, Paper 36, 2015 WL 4934594, at *22-23 (P.T.A.B. Aug. 14, 2015) (holding that a thesis catalogued in a Russian library is a "printed publication").

Further, this Court's ruling effectively prohibits using any patent or printed publication in a district court case following an IPR if such art was not located during a search prior to the IPR. This ruling eviscerates the "reasonably could have raised" language in 35 U.S.C. § 315(e)(2) and is inconsistent with other courts' determinations that prior art not asserted in an IPR was not subject to estoppel.[2]

---

[2] *See, e.g., SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 602-03 (D. Mass. 2018) (allowing defendants to pursue invalidity grounds based on prior art that was not found in search); *Milwaukee Elec. Tool Corp. v. Snap-On, Inc.*, 271

The Court recognized this ruling is novel, and hotly contested.  Ex. A 71:3-4 ("I said it's not publicly accessible.  I mean, if I were writing the law, I would let you have it.").  In addition, a reversal of this ruling would compel vacating the jury verdict because Defendants assert Sato as invalidating prior art against all three remaining patents-in-suit.  *See* D.I. 261 at 2-4.  Thus, there is a strong likelihood of success on appeal of this issue.

###### b.    Defendants Have a Strong Likelihood of Success on Appeal of Certain Claim Constructions

Defendants also have a strong likelihood of succeeding on appeal regarding certain claim constructions entered by Judge Sleet.  The Court has been at least skeptical of Judge Sleet's claim construction rulings, so much so that, after the first day of trial, the Court removed the claim constructions from the jury binders and requested guidance from the parties whether the Court can re-construe any terms during trial if it hears evidence indicating a construction is clearly erroneous.  Ex. B 280:11-281:1.

During trial, the named inventor of the patents-in-suit, Jim Farrell, provided testimony relevant to the constructions of certain terms, specifically, "rinse chamber" (claim 15 of the '150 patent) and "while isolating the vessel from the rinsing fluid" (claim 21 of the '662 patent).  Mr. Farrell confirmed that in the '150

---

F. Supp. 3d 990, 1032-33 (E.D. Wis. 2017) (same); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *9 (N. D. Ill. Mar. 18, 2016) (same).

patent, during rinsing, fluid is sprayed onto the splash shield and the rinse chamber confines the rinse fluid. *Id.* 270:9-22. This is consistent with Defendants' proposed construction of "enclosure separate from the splash shield and within which rinsing and rinse fluid are confined." D.I. 76 Ex. B. However, Judge Sleet construed the term consistent with Plaintiffs' proposed construction of "an enclosure in which a rinse apparatus is positioned to provide rinsing." D.I. 83 at 1.

Regarding "isolating," Mr. Farrell testified that the invention allows for the doors to shield and isolate the rinse fluid from the cup and cupholder. Ex. B 271:1-9, 301:9-16, 303:7-10. This is consistent with Defendants' proposed construction of "at the same time shielding the vessel provided to the mixing machine from the rinse fluid." D.I. 76 Ex. B. However, Judge Sleet construed this term to have its plain and ordinary meaning, as proposed by Plaintiffs. D.I. 83 at 3.

The Court's hesitance regarding Judge Sleet's claim constructions and the further testimony elicited at trial regarding the constructions evidence Defendants' strong likelihood of success on appeal of the claim construction terms, which will affect either the summary judgment rulings (D.I. 241, 242) or the jury verdict. Moreover, these claim constructions are likely to be revisited in two pending district court matters that will also affect the basis of Defendants' appeal, one of which will have a *Markman* hearing on November 26, 2019 (less than two weeks after this Motion is fully briefed) and go to trial on April 13, 2020. *f'real Foods, LLC v. Fresh*

6

*Blends N. Am., Inc.*, No. 19-80744-CIV-Middlebrooks/Brannon, D.I. 43 (S.D. Fla. Sept. 19, 2019) (Ex. C); *f'real Foods, LLC v. Welbilt, Inc.*, No. 1-19-cv-01028 (D. Del.).

Thus, Defendants have shown a strong likelihood of success on appeal,[3] which weighs in favor of a stay.

### 2.    Defendants' Injury from an Injunction and Recall Is Far Greater Than Any Injury to Plaintiffs Absent Such Relief

Courts often discuss the second and third factors—injury to each of the parties—together, and balance the harms to determine whether these factors weigh in favor of either party.  *See, e.g., Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:01-cv-0485, 2010 WL 817519, at *6-7 (M.D. Pa. Mar. 9, 2010); *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 329 (S.D. Fla. 1997); *In re Hayes Microcomputer Prods., Inc. Patent Litig.*, 766 F. Supp. 818, 823 (N.D. Cal. 1991). Here, Defendants would suffer greater harm from imposition of an injunction and recall than Plaintiffs would suffer from a stay.

Plaintiffs request that the Court: (1) enjoin "Defendants and their agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with them" from manufacturing, using, selling, or offering to sell within in the United States or importing into the United States the MIC2000,

---

[3] At the very least, Defendants have shown a substantial case on the merits, as well as that the other three factors weigh in favor of Defendants.

BIC2000, BIC3000-DQ, IMI2000, or any substantially similar products; and (2) order that Defendants recall all MIC2000 and BIC3000-DQ machines within 30 days.  D.I. 287-1 at 2-3.  The injunction and recall will force Defendants to lose sales and exit the market (destroying Hamilton Beach's relationship with Dairy Queen), and thereby result in loss of customer goodwill and market share, both of which have been found to be irreparable harms.  *See Arlington Indus.*, 2010 WL 817519, at *6, *Illinois Bell Tel. Co. v. Haines & Co.,* No. 85-C-7644, 1989 WL 76012, at *4 (N.D. Ill. July 3, 1989).

Conversely, as discussed at length in Defendants' opposition to Plaintiffs' motion for an injunction and recall, filed herewith, Plaintiffs failed to show they will suffer any harm that cannot be adequately addressed through financial remuneration. Further, assuming such harm, f'real's status as market leader with growing market share, renders any harm to Plaintiffs from a stay no greater than the harm to Defendants without a stay.  *See Arlington Indus.*, 2010 WL 817519, at *7 ("As the market leader, however, [the plaintiff] is not exposed to any greater injury by a stay than those [the defendant] will suffer without a stay.").  History shows that f'real can continue to dominate the marketplace successfully under the status quo; f'real's blender locations increased by approximately 6,000 as its market share grew since 2014, and a stay leaves f'real's position unchanged.  Ex. B 651:5-19.  This also counsels in favor of a stay.  *See Arlington Indus.,* 2010 WL 817519, at *7 ("What is

8

more, imposition of a stay will place [the plaintiff] in a position identical to that which it has occupied since 2006.  This is not to minimize [the plaintiff's] injury, but to suggest that it can continue to compete successfully in the marketplace until a decision is rendered by the Federal Circuit.").

Therefore, factors two and three also weigh in favor of a stay.

### 3.    The Public Interest Weighs In Favor of a Stay

In this case, the public interest weighs in favor of granting a stay.  A public interest lies "in fostering legitimate competition by encouraging valid challenges to patents."  *In re Hayes*, 766 F. Supp. at 823.   An injunction and recall will force all of Defendants' customers to either forgo offering the blended beverages for which they use Defendants' machines, *e.g.*, Dairy Queen, (and, in some cases, Hershey's cups) or, in the rare instance they can afford it, to purchase f'real's system, solidifying f'real's near monopoly with substantial market power.  Thus, public interest weighs in favor of staying the injunction to preserve this competition.  *See Illinois Bell Tel.*, 1989 WL 76012, at *4 (finding public interest weighs in favor of staying the injunction where the injunction would create a monopoly of the market and defendant's customers would be deprived of the defendant's goods and services).

9

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that to the extent the Court enters a permanent injunction and recall in this case, it is stayed pending appeal.


Dated:  October 15, 2019              */s/ Francis DiGiovanni*
                                      Francis DiGiovanni (#3189)
                                      Thatcher A. Rahmeier (#5222)
                                      DRINKER BIDDLE & REATH LLP
                                      222 Delaware Avenue, Suite 1410
                                      Wilmington, DE 19801
                                      (302) 467-4200
                                      francis.digiovanni@dbr.com
                                      thatcher.rahmeier@dbr.com

                                      OF COUNSEL:
                                      William S. Foster, Jr.
                                      Kenneth M. Vorrasi
                                      Brianna L. Silverstein
                                      DRINKER BIDDLE & REATH LLP
                                      1500 K Street, N.W.
                                      Washington, DC 20005-1209
                                      (202) 842-8800
                                      william.foster@dbr.com
                                      kenneth.vorrasi@dbr.com
                                      brianna.silverstein@dbr.com

                                      *Counsel for Defendants*

10

## CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION

The undersigned hereby certifies that this brief complies with the type-volume limitation of the Court's Order on Post-Trial Briefing (D.I. 270).  The brief contains 2,183 words, excluding the Cover Page, Table of Contents, Table of Authorities, Signature Block, Certification of Compliance with Word Limitation, and Certificate of Service.  The brief has been prepared in 14-point Times New Roman or similar typeface.  As permitted by the Court's Supplemental and Amended Scheduling Order, the undersigned has relied upon the word count feature of the word processing system used to prepare the brief.


Dated:  October 15, 2019            /s/ Francis DiGiovanni
                                    Francis DiGiovanni (#3189)
                                    DRINKER BIDDLE & REATH LLP
                                    222 Delaware Avenue, Suite 1410
                                    Wilmington, DE 19801
                                    Tel:  (302) 467-4200
                                    Fax:  (302) 467-4201
                                    francis.digiovanni@dbr.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 15, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF prior to 6:00 p.m. ET, which will send notification of such filing to all registered participants.  In addition, the foregoing will be served upon counsel of record via electronic mail.

Dated:  October 15, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
francis.digiovanni@dbr.com