# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4
     F'REAL FOODS, LLC and RICH     :   CIVIL ACTION
 5   PRODUCTS CORPORATION,          :
                                    :
 6                Plaintiffs,       :
                                    :
 7        vs.                       :
                                    :
 8   HAMILTON BEACH BRANDS,         :
     INC., HERSHEY CREAMERY         :
 9   COMPANY and PAUL MILLS         :
     d/b/a MILLS BROTHERS           :
10   MARKETS,                       :
                                    :   NO. 16-41 (CFC)
11                Defendants.       :   CONSOLIDATED

12
                                    - - -
13
                                    Wilmington, Delaware
14                                  Thursday, April 11, 2018
                                    1:06 o'clock, p.m.
15
                                    - - -
16
     BEFORE:  HONORABLE COLM F. CONNOLLY, U.S.D.C.J.
17
                                    - - -
18
     APPEARANCES:
19

20            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
              BY:  RODGER D, SMITH II, ESQ. and
21                 MICHAEL J. FLYNN, ESQ.

22
                              -and-
23

24
                                    Valerie J. Gunning
25                                  Official Court Reporter
```

```
 1    APPEARANCES (Continued):

 2
                SIDEMAN & BANCROFT LLP
 3              BY:   GUY W. CHAMBERS, ESQ.
                      (San Francisco, California)
 4

 5                    Counsel for Plaintiffs
                      f'real Foods, LLC and Rich Products
 6                    Corporation

 7

 8              DRINKER BIDDLE & REATH LLP
                BY:   FRANCIS DiGIOVANNI, ESQ. and
 9                    THATCHER A. RAHMEIER, ESQ.

10
                            -and-
11

12              DRINKER BIDDLE & REATH LLP
                BY:   WILLIAM S. FOSTER, JR., ESQ.
13                    BRIANNA L. SILVERSTEIN, ESQ.
                      (Washington, D.C.)
14

15                    Counsel for Defendants

16
                             -  -  -
17

18

19

20

21

22

23

24

25
```

1   of those standards.

2            THE COURT:  Okay.  So let me ask you this:  Say

3   the standards are different and I will say I found, it

4   struck me that if I were writing the law from scratch, it

5   might make sense to distinguish 315 from 102.  315 seems to

6   be concerned about process, judicial efficiency.  102 seems

7   to be concerned about substantive, validity of patents.  I

8   can see that.

9            ==But my problem having said that is, as I look at==

10  ==Jazz Pharmaceuticals, Inc. against Amneal Pharmaceuticals==

11  ==LLC, 895 F.3d, 1347, a Federal Circuit case, it says, "A==

12  ==reference is considered publicly acceptable upon a showing==

13  ==that such document has been disseminated or otherwise made==

14  ==available to the extent that persons interested and==

15  ==ordinarily skilled in the subject matter or art exercising==

16  ==reasonable diligence can locate it."==  That's exactly what

17  ==Mr. Flynn said.==  That seems to be the exact same standard

18  ==that's at issue with '315.==

19           MS. SILVERSTEIN:  We agree with you, that's the

20  standard for whether it's publicly available, but we

21  disagree that it's the same as the '315.  As a practical

22  matter, it can't be the same, because then an IPR petitioner

23  that is unsuccessful in the IPR would be completely

24  estopped.

25           THE COURT:  Okay.  But then you do agree that

1    you said that Sato wasn't -- isn't prior art, so I don't
2    know --
3                    THE COURT:  I said it's not publicly accessible.
4    I mean, if I were writing the law, I would let you have it.
5    They say publicly accessible is determined by reasonable
6    diligence.  We don't have to revisit that.
7                    MR. FOSTER:  But, yes, that's not an issue in
8    the trial anymore, so that shouldn't come in.  The other
9    thing was an indefiniteness issue.  Again, that's a
10   different proceedings.  112 can't be challenged at the PTAB
11   and that's for the Court anyway.
12                    I don't know what documents they plan to use.
13   That's why we have that caveat.  But we agreed generally.
14   Of course, they can cross-examine.  And the courts are
15   pretty consistent in terms of not letting it in because it's
16   too prejudicial, but at the same time trying to work with
17   the evidence that was created this those cases.
18                    THE COURT:  All right.  So I'm not going to
19   require -- you know, if they're going to use it properly
20   under the ruse to impeach a prior inconsistent statement,
21   they're going to have to establish first that they got a
22   statement, that it isn't consistent.
23                    I have to say at the last patent trial I had, I
24   had a patent attorney literally try to impeach a witness
25   with a prior consistent statement, and that was news to me,