# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-1270 (GMS) |
| | ) |
| HAMILTON BEACH BRANDS, INC., | ) |
| HERSHEY CREAMERY COMPANY and | ) |
| PAUL MILLS d/b/a MILLS BROTHERS | ) |
| MARKETS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF F'REAL FOODS, LLC'S MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff f'real Foods LLC ("f'real") moves pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss its patent infringement claims, Counts I, II, III, and IV of the Complaint (D.I. 1), without prejudice.

**I.   INTRODUCTION**

1. In an effort to resolve expeditiously the standing issue raised by defendants with respect to f'real's patent infringement claims, and allow the case to move forward to a resolution on the merits, f'real is moving to voluntarily dismiss its patent infringement claims, leaving its other claims pending in this action. At the same time, f'real is filing a new action asserting the same patent infringement claims against the same defendants, naming f'real and its parent corporation, Rich Products Corporation, as plaintiffs. This approach will resolve the standing issue raised by defendants. Attached hereto as Exhibit A is a proposed order for the Court's consideration.

2. f'real expects to ask the Court to consolidate the present action with the new patent infringement action so the issues and claims can be resolved together, which will

conserve judicial and party resources. f'real further expects that the parties will be able to work together to re-use the discovery and work product, including the claim construction briefing, that has already taken place in the present case with respect to the patent infringement claims, so as to reduce, if not completely eliminate, any possible additional expense or prejudice to defendants as a result of the voluntary dismissal and re-filing of the patent infringement claims. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007) (rejecting argument that defendant will be prejudiced by voluntary dismissal and re-filing because preparation from "first trial will not be wasted. USI can, and no doubt will, use in the second action the discovery and work product obtained in the first, which is a compelling reason to conclude that the district court did not abuse its discretion in dismissing" first case).

## II.   PROCEDURAL BACKGROUND

3. f'real filed its Complaint on October 3, 2014, alleging claims for patent infringement, trademark infringement, trade dress infringement and unfair competition against defendants Hamilton Beach Brands Inc. ("Hamilton Beach"), Hershey Creamery Company ("Hershey Creamery") and Paul Mills d/b/a Mills Brothers Markets ("Mills") (D.I. 1).

4. f'real believed and alleged in the Complaint that it owned each of the patents in suit (*see* D.I. 1, ¶¶ 12, 15-17).

5. During discovery, a patent assignment was produced that indicated on December 11, 2012, at the time Rich Products Corporation ("Rich") acquired f'real, f'real's founder Jim Farrell assigned the rights in the patents-in-suit to Rich (*see* Ex. B).

6. Based on this assignment agreement, Hamilton Beach questioned whether f'real had standing to assert its patent infringement claims at the time the Complaint was filed (D.I. 98).

2

7. Rich Products has subsequently assigned the patents in suit back to f'real (*see* Ex. C).[1]

**III.   ARGUMENT**

8. Fed. R. Civ. P. 41(a)(2) provides that a case may be dismissed at the plaintiff's request by court order, "on terms that the court considers proper." Such a motion "should be granted absent substantial prejudice to the defendant." *Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc.*, 203 F.R.D. 156, 157-58 (D. Del. 2001).

9. Courts consider various factors in deciding whether to exercise their discretion to grant a Rule 41(a)(2) motion, including "1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss." *Reach & Associates, P.C. v. Dencer*, C.A. No. 02-1355 (JJF), 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004). "[T]he prospect of another lawsuit . . . does not amount to prejudice sufficient to preclude the Court from granting dismissal." *Id.* at *2.

10. In this case, the balance of factors weighs in favor of dismissal without prejudice, because Defendants will suffer no prejudice, much less "substantial prejudice," from dismissal. First, f'real seeks a voluntary dismissal to resolve the standing issues raised by Hamilton Beach.[2] Second, f'real's new patent infringement suit will not increase the expense to

---

[1]   Rich is being named as a co-plaintiff in the new complaint because f'real is a wholly-owned subsidiary of Rich and, for a period of time, the patents in-suit were assigned to Rich. Having Rich as a co-plaintiff should assure that there are no standing issues for the new complaint so that the dispute between the parties concerning infringement of the patents in suit can be fully adjudicated in a single action.

[2]   This is the approach Hamilton Beach told the Court f'real should pursue. *See* Jan. 11, 2016 Tr. 7:3-6 ("At this point I think the thing to do is for [f'real] to voluntarily dismiss their patent claims from the case, because the Court just doesn't have jurisdiction to hear them."); *id.*

3

defendants, because much, if not all, of the previous work product and discovery can and should be used in the new suit. Third, although defendants have answered the original Complaint, no motions for summary judgment have been filed.[3] Finally, since becoming aware of Hamilton Beach's concerns regarding standing, f'real has diligently worked to resolve the issue.

11. In short, f'real's motion to voluntarily dismiss its patent claims is the most efficient way to resolve the standing issue. Indeed, the Federal Circuit has recognized that dismissing and re-filing is an appropriate and pragmatic approach to resolving this sort of issue. *See Walter Kidde*, 479 F.3d at 1337-39 (holding that district court did not abuse discretion by granting voluntary dismissal of plaintiff's claims without prejudice when plaintiff had re-filed suit to cure standing and rejecting defendant's prejudice arguments, considering new suit had already been filed and defendant could assert all same substantive defenses); *see also H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1382 (Fed. Cir. 2002) (holding that district court properly granted voluntary dismissal without prejudice when plaintiff sought dismissal to correct standing).[4]

---

at 11:25-12:1 ("Their only remedy is to voluntarily dismiss the patent claims."); *id.* at 18:21-23 (". . . I am not sure how this case ends up in any way other than voluntarily dismissing the patent claims.").

[3]   f'real recognizes that Hamilton Beach has filed declaratory judgment counterclaims of non-infringement and invalidity of the patents-in-suit, and that Rule 41(a)(2) provides that the Court can dismiss the patent claims over Hamilton Beach's objection "only if the counterclaim[s] can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Those pending counterclaims are no impediment to dismissal in this case. If, as Hamilton Beach contends, f'real did not have standing to bring its patent infringement claims, Hamilton Beach's counterclaims are not proper because they are directed to the wrong party. On the other hand, if f'real does have standing, Hamilton Beach's counterclaims can remain pending, even after dismissal. Those counterclaims can be consolidated with the new patent infringement case (or reasserted by Hamilton Beach in the new case).

[4]   Although the court in *Walter Kidde* concluded it was error, though harmless, for the district court to dismiss the case when there was a question of subject matter jurisdiction pending, that does not prevent the Court from dismissing f'real's patent claims here. There is no

### III. CONCLUSION

For the forgoing reasons, f'real requests that the Court dismiss its patent infringement claims against defendants without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

OF COUNSEL:

Guy W. Chambers
Ellen P. Liu
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 392-1960

January 26, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ethan H. Townsend*

_____
Rodger D. Smith II (#3778)
Ethan H. Townsend (#5813)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
etownsend@mnat.com
etennyson@mnat.com

*Attorneys for Plaintiff f'real Foods, LLC*

---

question that the Court has jurisdiction over the f'real's trademark claims; thus, unlike *Walter Kidde*, there is subject matter jurisdiction over the case.

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 26, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

    I further certify that I caused copies of the foregoing document to be served on January 26, 2016, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants Hamilton Beach Brands, Inc., Hershey Creamery Company and Paul Mills d/b/a Mills Brothers Markets* | *VIA ELECTRONIC MAIL* |
| William S. Foster, Jr., Esquire<br>David Schlitz, Esquire<br>Mark S. Zhai, Esquire<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Hamilton Beach Brands, Inc.* | *VIA ELECTRONIC MAIL* |
| Suzanne Hengl, Esquire<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY  10112<br>*Attorneys for Defendant Hamilton Beach Brands, Inc.* | *VIA ELECTRONIC MAIL* |

Kevin M. Gold, Esquire     *VIA ELECTRONIC MAIL*
Timothy J. Nieman, Esquire
RHOADS & SINON LLP
One South Market Square, 12th Floor
Harrisburg, PA  17108-1146
*Attorneys for Defendants*
*Hershey Creamery Company and*
*Paul Mills d/b/a Mills Brothers Markets*


/s/ Ethan H. Townsend

Ethan H. Townsend (#5813)

2