# EXHIBIT H

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -

 4

    F'REAL FOODS, LLC and RICH    :   CIVIL ACTION
 5  PRODUCTS CORPORATION,         :
                                  :
 6              Plaintiffs,       :
                                  :
 7       vs.                      :
                                  :
 8  HAMILTON BEACH BRANDS,        :
    INC., HERSHEY CREAMERY        :
 9  COMPANY and PAUL MILLS        :
    d/b/a MILLS BROTHERS          :
10  MARKETS,                      :
                                  :   NO. 16-41 (CFC)
11              Defendants.       :   CONSOLIDATED

12
                                - - -
13
                               Wilmington, Delaware
14                             Tuesday, November 27, 2018
                               10:00 o'clock, a.m.
15                             ***Telephone conference

16                              - - -

17  BEFORE:  HONORABLE COLM F. CONNOLLY, U.S.D.C.J.

18                              - - -

19  APPEARANCES:

20
            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
21          BY:  MICHAEL J. FLYNN, ESQ.

22
                            -and-
23

24                                    Valerie J. Gunning
                                      Official Court Reporter
25
```

```
 1    APPEARANCES (Continued):

 2
              SIDEMAN & BANCROFT LLP
 3            BY:   GUY W. CHAMBERS, ESQ.
                    (San Francisco, California)
 4

 5                  Counsel for Plaintiffs
                    f'real Foods, LLC and Rich Products
 6                  Corporation

 7

 8            DRINKER BIDDLE & REATH LLP
              BY:   FRANCIS DiGIOVANNI, ESQ.
 9

10                       -and-

11
              DRINKER BIDDLE & REATH LLP
12            BY:   WILLIAM S. FOSTER, JR., ESQ.
                    (Washington, D.C.)
13

14                  Counsel for Defendant

15
                         -  -  -
16

17

18

19

20

21

22

23

24

25
```

```
10:37:35   1    I think there's going to be cross-motions for summary
10:37:37   2    judgment, so both sides are going to have oppositions due on
10:37:41   3    January 11th and then replies on January 25th, as I
10:37:45   4    understand it.
10:37:45   5              THE COURT:  No, that's true, but I'm going by
10:37:47   6    the defendants' schedule, so I didn't even ask them if they
10:37:50   7    could meet it.  I'm assuming the defense can meet this
10:37:53   8    schedule since they proposed it.
10:37:54   9              Mr. Foster?
10:37:58  10              MR. DiGIOVANNI:  Your Honor, this is
10:37:59  11    Mr. DiGiovanni.  I guess the one point we would have with
10:38:02  12    regard to that schedule is, we had proposed that in
10:38:04  13    conjunction with our proposal for a limitation on the number
10:38:07  14    of claims that were asserted by plaintiff, and we had our
10:38:14  15    meet and confers.  We had back and forths since your last
10:38:18  16    hearing, Your Honor, and we did not come to an agreement,
10:38:20  17    although we did seem to make some progress.
10:38:22  18              We would still ask for that in time to be able
10:38:26  19    to file the summary judgment motion in December.  So we are
10:38:32  20    still asking Your Honor for a limitation on the number of
10:38:34  21    claims.
10:38:35  22              THE COURT:  Okay.  So where are we right now on
10:38:37  23    the number of claims?
10:38:40  24              MR. CHAMBERS:  Yes.  This is Guy Chambers.  We
10:38:42  25    exchanged e-mails and I think made significant progress.  We
```

```
10:38:48   1    propose having a telephone conference meet and confer
10:38:54   2    tomorrow to try to finalize an agreement.
10:38:59   3              One of the sticking points was the number of
10:39:02   4    prior art combinations, and Mr. Flynn can help me on this,
10:39:07   5    but I think there were 267 or something like that, but we
10:39:11   6    were making progress and we're going to be proposing to work
10:39:16   7    some more on it tomorrow.
10:39:21   8              MR. FOSTER:  Your Honor, this is Bill Foster.
10:39:23   9    So originally I proposed again 12 claims at the status
10:39:28  10    conference.  There was a little back and forth.  Last
10:39:32  11    Tuesday I proposed 12 claims, no more than five claims per
10:39:35  12    patent, and then I agreed to limit ourselves to 36
10:39:39  13    combinations based on some other models that were done in
10:39:42  14    the case.
10:39:44  15              Today at 9:44, plaintiffs responded to that
10:39:48  16    e-mail from last Tuesday and said let's have a talk
10:39:51  17    tomorrow.  We're going to need to act expeditiously on this
10:39:55  18    given that we now have to file summary judgment on
10:39:57  19    December 14th.  So I mean something has to be done this
10:40:00  20    week.
10:40:00  21              THE COURT:  Actually, I think that's fair,
10:40:02  22    Mr. Foster.  I mean, you know, Mr. Chambers, I'm really
10:40:07  23    trying to be mindful of how long this case has been sitting
10:40:13  24    and what kind of prejudice that can cause to a plaintiff,
10:40:17  25    but you need to give soon -- I mean, frankly, why not right
```

```
10:40:22   1    now?  Why can't you just agree to something that would be
10:40:24   2    much more reasonable going forward so that -- December 14th
10:40:30   3    is not long off, and in fairness to the defense to put
10:40:34   4    together a brief, I guess I'm at a loss as to why this is
10:40:42   5    taking so long to accomplish.
10:40:47   6                MR. CHAMBERS:  Okay.  So where we were at, and
10:40:50   7    this was pursuant to this model Federal Circuit order
10:40:54   8    Mr. Foster sent to me, we were willing to drop from the 29
10:40:59   9    where we're at to 16, and that should do the trick, I would
10:41:06   10   think.
10:41:07   11               THE COURT:  Mr. Foster, if he dropped to 16, is
10:41:09   12   that good enough?
10:41:10   13               MR. FOSTER:  Your Honor, we can work with that.
10:41:15   14   The one thing Mr. Flynn said to me, there was an order in
10:41:19   15   this court where they said 16 claims is 48 combinations.  If
10:41:23   16   that's the case, we can agree on that.
10:41:26   17               THE COURT:  Okay.  That sounds reasonable to me.
10:41:28   18               Mr. Flynn?
10:41:29   19               MR. FLYNN:  Yes.  Your Honor, I think, you know,
10:41:33   20   we can work out the details, but, you know, the other thing
10:41:36   21   that at this stage before summary judgment, we don't think
10:41:41   22   there should be a per patent limit on claims.
10:41:44   23               We have -- one of the patents, there's one claim
10:41:47   24   asserted.  The other, I think there's three claims asserted.
10:41:50   25   You know, if we go to 16 claims, most of those cuts are
```

```
10:41:53   1    going to come from one patent, so we don't think there needs
10:41:56   2    to be a per patent limit.
10:42:00   3                THE COURT:  Wait.  I guess maybe I
10:42:02   4    misunderstood.  I didn't hear.  Did Mr. Foster ask for a per
10:42:04   5    patent limit?
10:42:07   6                MR. FOSTER:  Your Honor, I previously asked
10:42:09   7    for five claims per patent when it was 12 claims, the
10:42:13   8    proposal.
10:42:13   9                THE COURT:  Well, I mean, I guess I am at a
10:42:15  10    loss.  Why does it matter per patent?  Why isn't it overall
10:42:18  11    number of claims?
10:42:19  12                MR. FOSTER:  Your Honor, just a matter of
10:42:22  13    dependent claims, and there's some redundancy in the '377
10:42:26  14    patent.  We have the same exact claim constructions for all
10:42:28  15    the independent claims with respect to the grinding, shaving
10:42:32  16    and aeration.  There's just a lot of redundancy in the
10:42:36  17    dependent claims.
10:42:36  18                THE COURT:  Right, but if -- hold on.  This may
10:42:42  19    be a stupid question, but even if there's redundancy,
10:42:45  20    doesn't that help the defense, not the plaintiff?
10:42:47  21                MR. FOSTER:  We get down to 16 claims?  We don't
10:42:51  22    do more than five claims, or you can do ten claims in one
10:42:54  23    patent.
10:42:54  24                THE COURT:  No.
10:42:55  25                MR. FOSTER:  I'm not sure, Your Honor.
```

```
10:42:56   1                THE COURT:  Yes, but you don't do -- if there
10:43:00   2   are redundancies, then isn't it limiting the number of
10:43:03   3   claims per patent not really a concern?
10:43:15   4                MR. CHAMBERS:  This is Guy Chambers.  I think I
10:43:16   5   can move this whole thing because the claims that we're
10:43:19   6   going to be cutting are going to be largely from this patent
10:43:24   7   that Mr. Foster is complaining about, the '377 patent,
10:43:27   8   though I think that's going to moot the issue.
10:43:29   9                I think before -- I don't think we need to get
10:43:32  10   into any more he said/she said today.  I think I just need
10:43:36  11   to send him the list in the next few days of the 16 claims
10:43:40  12   and that should be the end of it.
10:43:41  13                THE COURT:  Well, see, here's the problem, Mr.
10:43:44  14   Chambers.  The problem with that is, in the next few days, I
10:43:46  15   mean, Mr. Foster just pointed out, I know it was
10:43:50  16   Thanksgiving, but they sent you something on Tuesday.  You
10:43:52  17   just got back to him this morning.  Again, I know it's
10:43:55  18   Thanksgiving.  But if this drags on, then the next thing,
10:43:59  19   you know, the December 14th date goes, and if it goes, and
10:44:03  20   then --
10:44:04  21                MR. CHAMBERS:  How about if I do it by Friday?
10:44:11  22                THE COURT:  That seems to me to be potentially
10:44:13  23   too late.  December 14th is two weeks from Friday.
10:44:18  24                MR. CHAMBERS:  All right.  Thursday?  Today is
10:44:23  25   Tuesday.
```

```
10:44:23   1                        THE COURT:  Yes.
10:44:24   2                        MR. CHAMBERS:  So that's two days to drop -- it
10:44:28   3    would be 13 claims.
10:44:29   4                        THE COURT:  Okay.  So let me make sure I
10:44:31   5    understand.  You are saying by Thursday you'll get them --
10:44:35   6    you'll reduce your case to what?  How many claims, how many
10:44:38   7    patents, or how many claims per patent?
10:44:42   8                        MR. CHAMBERS:  There's going to be four patents
10:44:45   9    in the case.
10:44:45  10                        THE COURT:  Right.
10:44:46  11                        MR. CHAMBERS:  I will get it down to 16 claims
10:44:48  12    in his proposed Federal Circuit order.
10:44:50  13                        THE COURT:  All right.  Mr. Foster, can you live
10:44:52  14    with that?  That seems to be pretty generous.
10:44:57  15                        MR. FOSTER:  That's fine.
10:44:58  16                        THE COURT:  Mr. Chambers, you'll get them out by
10:45:00  17    the close of business Thursday and then we'll stick with the
10:45:04  18    December 14th opening briefs, and everybody hopefully will
10:45:08  19    be mindful of the various admonitions I made earlier.
10:45:14  20                   And then, Mr. Flynn, you'll get me a scheduling
10:45:17  21    order that's going to reflect all the dates that we've just
10:45:18  22    discussed.  Is that right?
10:45:20  23                        MR. FLYNN:  Yes, Your Honor.
10:45:21  24                        THE COURT:  And you'll use the November 14th
10:45:23  25    revised form, and the only thing that will be unusual, and I
```