IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and<br>RICH PRODUCTS CORPORATION,<br><br>       Plaintiffs,<br><br>  v.<br><br>HAMILTON BEACH BRANDS,<br>INC., HERSHEY CREAMERY<br>COMPANY and PAUL MILLS d/b/a<br>MILLS BROTHERS MARKETS,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 16-41 (CFC)<br>) CONSOLIDATED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS REPLY IN SUPPORT OF THEIR MOTION
TO DECLARE THIS CASE EXCEPTIONAL AND AWARD
<u>ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285</u>**

OF COUNSEL:

Guy W. Chambers
Peter Colosi
Nicholas A. Shen
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA  94111
(415) 392-1960

November 4, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Taylor Haga (#6549)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
thaga@mnat.com

*Attorneys for Plaintiffs f'real Foods, LLC
and Rich Products Corporation*

# **TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................... 1

II. Argument ....................................................................................................... 3

    A. Because No Final Judgment Has Been Entered, Plaintiffs' Motion Is Proper ................................................................................................ 3

    B. Defendants' Assertion and Maintenance of Meritless Counterclaims and Defenses Warrant Finding this Case Exceptional ........................................................................................... 4

    C. Defendants Discovery Abuses and Vexatious Litigation Tactics Warrant Finding this Case Exceptional ............................................... 6

III. Conclusion ..................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*,
   861 F.3d 1353 (Fed. Cir. 2017) ..............................................................................2

*Altair Logix LLC v. Caterpillar, Inc.*,
   2019 WL 3219485 (D. Del. July 17, 2019) ...........................................................3

*Bayer Healthcare LLC v. Baxalta, Inc.*,
   2019 WL 4016235 (D. Del. Aug. 26, 2019) ..........................................................3

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ........................................................................................1, 2

*Pro-Mold & Tool Co., Inc. v. Great Lakes Plastics, Inc.*,
   75 F.3d 1568 (Fed. Cir. 1996) ................................................................................5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) ..............................................................................4

*Vectura Ltd. v. GlaxoSmithKline LLC*,
   C.A. No. 16-638-RGA, 2019 WL 4346502
   (D. Del. Sept. 12, 2019) .........................................................................................2

**Rules and Statutes**

Fed. R. App. P. 4(a)(4)(A) .............................................................................................3

Fed. R. Civ. P. 54(a) ......................................................................................................3

Fed. R. Civ. P. 54(d)(2)(B)(iii) ......................................................................................3

Fed. R. Civ. P.  50 and 59 .............................................................................................3

## I. Introduction

Defendants try to avoid a finding that this case is exceptional by arguing that all of their bad faith and vexatious litigation tactics can be explained away as mere zealous advocacy. The record, however, is clear that any reasonable party in Defendants' shoes would have recognized very early in the case that their antitrust and inequitable conduct counterclaims and defenses were too weak to ever get to a jury. Those allegations were based on meritless attorney speculation only and lacked any credible evidence to support them. Yet Defendants persisted in asserting them, admittedly changing course late in the case to assert new, equally meritless allegations that forced Plaintiffs to waste considerable time and expense on discovery, expert reports, and unnecessary summary judgment briefing – not to mention wasting the Court's time and resources. Defendants' excuses for withholding information on infringing products, hiding damaging information through improper redactions, and other litigation abuses also ring hollow.

Moreover, Defendants' argument that an exceptional case and award of attorneys' fees under § 285 requires a finding of willful infringement and "gross injustice" resulting from Defendants' litigation misconduct (*see* D.I. 322 at 2-3) is not the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). "The Supreme Court has noted that §285 'imposes one and only one constraint on district courts' discretion to award attorney's fees in

patent litigation: [t]he power is reserved for 'exceptional' cases." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1358 (Fed. Cir. 2017), quoting *Octane*, 134 S. Ct. at 1755-56. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.*

      As Plaintiffs demonstrated in their Opening Brief and discuss below, the totality of the circumstances here – even if not any one issue in isolation – warrants a finding that this case exceptional and Plaintiffs should be awarded their reasonable attorneys' fees in defending against meritless and frivolous claims and defenses. "In assessing the totality of the circumstances, the Court may consider 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Vectura Ltd. v. GlaxoSmithKline LLC*, C.A. No. 16-638-RGA, 2019 WL 4346502, at *5 (D. Del. Sept. 12, 2019), quoting *Octane*, 134 S. Ct. at 1756 n.6. Defendants' conduct in this case in asserting and maintaining counterclaims and defenses that were objectively unreasonable when pled and disproven early in the case, combined with their clear motivation to drive up litigation costs for Plaintiffs, meet the standard articulated in *Octane Fitness*.

2

## II. Argument

### A. Because No Final Judgment Has Been Entered, Plaintiffs' Motion Is Proper

Rather than focus on the merits of Plaintiffs' motion, Defendants first attack Plaintiffs' motion as "deficient" under Rule 54(d)(2)(B)(iii). That argument is without merit. In *Bayer Healthcare LLC v. Baxalta, Inc.*, Judge Andrews considered and rejected the same argument, holding that a judgment that does not "adjudicate the parties' post-trial claims" is not a final, appealable judgment that triggers the deadline for an accounting of attorneys' fees. 2019 WL 4016235, at *1-2 (D. Del. Aug. 26, 2019). The Court's August 26, 2019 Judgment here was not a final judgment "from which an appeal lies" under Rule 54(a). *See* D.I. 286 ("[T]his Judgment is subject to revision pursuant to any ruling on post-trial motions."). Here, as in *Bayer*, the parties have moved under Rules 50 and 59 for post-trial relief, and thus the time to appeal runs from the date that the Court resolves those motions. *See* Fed. R. App. P. 4(a)(4)(A).

Defendants rely on *Altair Logix LLC v. Caterpillar, Inc.* for support, but that case involved a very different procedural posture. In *Altair*, the final, appealable decision of the Court was its March 7, 2019 order dismissing all claims. 2019 WL 3219485, at *1-2 (D. Del. July 17, 2019). The defendant there filed its motion to declare the case exceptional *prior* to that order, and never supplemented its motion to identify the amount of fees requested within the deadline to do so. *Id.*

3

Because the Court has not yet issued a final judgment resolving the parties' post-trial motions here, the time for Plaintiffs to provide an estimate or accounting of fees has not yet run.

### B. Defendants' Assertion and Maintenance of Meritless Counterclaims and Defenses Warrant Finding this Case Exceptional

Defendants provide little support for their arguments that their antitrust and inequitable conduct counterclaims and defenses had any merit. In fact, other than a footnote about the antitrust counterclaims being "based *in part*" on inequitable conduct (D.I. 322 at 5 n.3), Defendants do not even try to justify their antitrust counterclaims based on sham litigation and attempted monopolization (*see* D.I. 10 at 30-39). Instead, they focus only on their meritless inequitable conduct claims that Mr. Farrell made knowing, material, and false representations to the PTO regarding: (1) the true inventors of the patents; and (2) Mr. Farrell's alleged public use and offers for sale more than a year before the filing date. Notwithstanding that these allegations were entirely baseless, Defendants never presented a shred of evidence or argument that Mr. Farrell allegedly did so with the specific intent to deceive the PTO, as required. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011).

4

With respect to inventorship, the case law is clear that even if Defendants were correct in their speculation that Mr. Geppert could conceivably have been named a co-inventor, Mr. Farrell's omission of him does not amount to inequitable conduct. *See Pro-Mold & Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1576 (Fed. Cir. 1996) ("When an alleged omitted co-inventor does not claim to be such, it can hardly be inequitable conduct not to identify that person to the PTO as an inventor."). As the Court noted in granting Plaintiffs' JMOL motion on inventorship, Defendants' motivation in maintaining this allegation was to attack Mr. Farrell and Mr. Geppert and paint them as "dishonest folks" to the jury. D.I. 302, Ex. 1, 979:12-18. Defendants' allegations were so objectively weak that their expert, Dr. Slocum, never addressed any of their purported inventorship evidence in his invalidity report. *See* D.I. 171-2, Ex. T.

Defendants' on-sale bar allegations were equally without merit. Defendants concede that they shifted course late in the litigation to forgo their disproven allegations of prior sale or disclosure at the NACS show in favor of a new theory (D.I. 322 at 6). But they never disclosed this new theory to Plaintiffs in discovery, forcing Plaintiffs and the Court to expend time on unnecessary summary judgment briefing. And again, the purported evidence Defendants mustered was so objectively weak that Dr. Slocum never discussed it in his invalidity reports. Dr. Slocum did, however, discuss the video Defendants claimed

5

was shown at the NACS show, but admitted that it failed to show most elements of the inventions. *See* D.I. 171-2, Ex. T, ¶¶ 102, 104. In any event, the Court determined on summary judgment that there was no evidence that warranted these allegations being presented at trial. *See* D.I. 246.

As discussed above and at length in Plaintiffs' Opening Brief, Defendants knew early in the case – based on evidence in their possession before they filed their inequitable conduct claims – that these allegations were objectively unreasonable. Yet Defendants maintained them up to the very end, motivated not by a belief that they had merit, but in the hope that they could tarnish Mr. Farrell and score points with the jury.

Defendants also claim that litigating the antitrust and inequitable conduct counterclaims did not require extra legal effort by Plaintiffs. That is simply wrong. Plaintiffs were forced to expend precious time and substantial expense responding to Defendants' antitrust expert report, taking and defending depositions on the antitrust claims, propounding and responding to discovery requests, and briefing on summary judgment.

### C. Defendants Discovery Abuses and Vexatious Litigation Tactics Warrant Finding this Case Exceptional

Defendants weakly attempt to excuse their failure to timely produce information on the infringing BIC3000-DQ, arguing that their production of documents on a never-disclosed product just a week before a deposition of their

lead engineer was sufficient (D.I. 322 at 11). Defendants neglect to mention, however, that the handful of documents they cite were part of a production totaling more than 36,000 pages. Nor do they mention that the BIC3000-DQ business case they produced was dated more than 3 years prior to that production (D.I. 323, Ex. K) and the BIC3000-DQ was never previously disclosed in their interrogatory responses.

Defendants try to excuse their improper redaction of a key document with a damaging admission by blaming Plaintiffs for accepting that Defendants' counsel was acting in good faith when he claimed the document was redacted for privilege. That Defendants produced the unredacted version later, after being asked about it at multiple depositions, does not excuse their efforts to hide it during most of the fact discovery period.

Finally, the record is clear that Defendants took every opportunity to make this litigation as difficult, prolonged, and expensive for Plaintiffs before this Court and in the *IPR* proceedings. This is exemplified by Defendants' improper motion for reconsideration of the Court's claim constructions, where Defendants argued for a construction different from what they originally proposed. D.I. 161.

### III. CONCLUSION

The totality of circumstances in this case, considering the motivation and objective unreasonableness of Defendants' litigation tactics, warrants a finding

that this is an exceptional case and an award of Plaintiffs' reasonable attorneys' fees.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Michael J. Flynn* |
| | _____ |
| | Rodger D. Smith II (#3778) |
| | Michael J. Flynn (#5333) |
| | Taylor Haga (#6549) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE 19899-1347 |
| | (302) 658-9200 |
| Guy W. Chambers | rsmith@mnat.com |
| Peter M. Colosi | mflynn@mnat.com |
| Nicholas A. Shen | thaga@mnat.com |
| SIDEMAN & BANCROFT LLP | |
| One Embarcadero Center, 22nd Floor | *Attorneys for Plaintiffs f'real Foods, LLC and Rich Products Corporation* |
| San Francisco, CA 94111 | |
| (415) 392-1960 | |

November 4, 2019

## **CERTIFICATION**

This brief complies with the type and word limitation set forth in the Order on Post-Trial Briefing (D.I. 270) because it contains 1,611 words as determined by the Word Count feature of Microsoft Word.

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 12, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendant Hamilton Beach Brands, Inc. and Hershey Creamery Company* | *VIA ELECTRONIC MAIL* |
| William S. Foster, Jr., Esquire<br>Kenneth M. Vorrasi, Esquire<br>Brianna L. Silverstein, Esquire<br>Lee Roach, IV, Esquire<br>Katlyn M. Moseley, Esquire<br>DRINKER BIDDLE & REATH LLP<br>1500 K Street, N.W.<br>Washington, DC  20005-1209<br>*Attorneys for Defendant Hamilton Beach Brands, Inc. and Hershey Creamery Company* | *VIA ELECTRONIC MAIL* |

Reeya Thakrar, Esquire
Carrie A. Beyer, Esquire
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr., Ste. 3700
Chicago, IL 60606-1698
*Attorneys for Defendant Hamilton Beach Brands, Inc. and Hershey Creamery Company*

*VIA ELECTRONIC MAIL*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)

2