## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

F'REAL FOODS, LLC and RICH
PRODUCTS CORPORATION,

          Plaintiffs,

    v.

HAMILTON BEACH BRANDS, INC. and
HERSHEY CREAMERY COMPANY,

          Defendants.

C.A. No. 16-41-CFC
CONSOLIDATED

### DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF F'REAL'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PERMANENT INJUNCTION AND RECALL (D.I. 331) AND THE DECLARATION OF JENS VOGES (D.I. 332)

Defendants Hamilton Beach Brands, Inc. ("Hamilton Beach") and Hershey

Creamery Company ("Hershey") move this Court pursuant to Local Rule 7.1.3(c)(2)

to strike portions of (a) Plaintiff f'real's Reply Brief in Support of its Motion for a

Permanent Injunction and Recall (D.I. 331) ("Reply"); and (b) the Declaration of

Jens Voges in Support of Plaintiff f'real Foods, LLC's Motion for a Permanent

Injunction (D.I. 332) ("Voges Declaration").  Specifically, Defendants respectfully

request that paragraphs 5 and 6 of the Voges Declaration and the portions of pages

6-7 of the Reply that rely on those paragraphs be stricken in violation of Local Rule

7.1.3(c)(2) as evidence and factual material that should have been included in

Plaintiffs' Opening Brief in Support of the Motion for a Permanent Injunction (D.I. 288) ("Opening Brief").

## LEGAL STANDARD

Local Rule 7.1.3(c)(2) states, "The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."  When a movant includes evidence, such as a declaration, and factual material in its reply brief that support its original argument, rather than responds to the non-movant's argument, a court should strike that evidence because it violates Local Rule 7.1.3(c)(2).  *Cornell Univ. v. Illumina, Inc.*, No. 10-433-LPS-MPT, 2013 WL 3216087, at *6 (D. Del. June 25, 1013); *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, No. 11-1007-SLR-CJB, 2013 WL 3216109, at *3 & n.8 (D. Del. June 25, 2013); *Lab. Skin Care, Inc. v. Limited Brands, Inc.*, 757 F. Supp. 2d 431, 439 (D. Del. 2010); *Watkins v. New Castle Cnty.*, 374 F. Supp. 2d 379, 394 (D. Del. 2005).

## ARGUMENT

In its Opening Brief, f'real asserted that it is entitled to an injunction of the BIC3000-DQ blender that Hamilton Beach sells to Dairy Queen, arguing that f'real's LT blender competes with the BIC3000-DQ blender and thus f'real will lose a business opportunity to sell its LT blender to Dairy Queen if Hamilton Beach is allowed to continue to sell its BIC3000-DQ to Dairy Queen.  D.I. 288 at 6-8; *see*

*also* D.I. 289 ¶¶ 9-10.  In response, Defendants argued that f'real failed to show any evidence that the current version of LT could replace the BIC3000-DQ, and supported their argument by submitting a declaration from Brian Williams (D.I. 311) ("Williams Declaration") discussing Dairy Queen's requirements and the LT's current blending capabilities.  D.I. 310 at 7-10; D.I. 311 ¶¶ 7-8.  In the Reply, f'real argued for the first time that it could use its patents to modify the LT blender and address Dairy Queen's requirements.  D.I. 331 at 6-7.  In support of this argument, f'real cited to paragraphs 5 and 6 of the Voges Declaration that was submitted with f'real's Reply.  *Id.*

Paragraphs 5 and 6 of the Voges Declaration, and the portions of pages 6-7 of the Reply that rely on those paragraphs, should be stricken because they contain evidence and factual material that should have been filed with the Opening Brief. Despite Voges's implication that paragraphs 5 and 6 of his declaration were submitted in response to the Williams Declaration, a review of those paragraphs and the Reply portions that rely on those paragraphs show that the factual material in those paragraphs is being used to bolster f'real's argument that it has lost a business opportunity to Dairy Queen, rather than in response to Defendants' argument that the LT blender cannot perform the blending capabilities requested by Dairy Queen.

In its Opening Brief, f'real argued that the LT blender *as currently configured* could be used by Dairy Queen.  D.I. 288 at 7 ("f'real's LT blender *is* priced

competitively to the infringing BIC3000-DQ or BIC2000, *with the same blending capabilities*.") (emphasis added).  f'real made this argument to try to satisfy its burden as the injunction movant of showing that it would be irreparably harmed by Hamilton Beach's sales of the BIC3000-DQ and BIC2000 blenders, and that monetary damages would be insufficient.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (plaintiff has the burden of showing all four factors of the injunction test, including irreparable harm and the inadequacy of a remedy at law); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 09-157-RGA, 2013 WL 6118447, at *12 (D. Del. Nov. 20, 2013), *aff'd*, 597 F. App'x 630 (Fed. Cir. 2015) (same). Defendants responded to f'real's argument by showing that the LT blender as used today would not be able to meet Dairy Queen's requirements.  D.I. 310 at 8-10.  The Williams Declaration also criticized the current functionality of f'real's blenders. D.I. 311 ¶¶ 7-8.  Neither f'real's argument on pages 6-7 of its Reply nor paragraphs 5-6 of the Voges Declaration refute Defendants' assertion that the LT as currently configured would not be acceptable to Dairy Queen.  Instead, these statements set forth a new argument that the LT *could be modified* to have the same capabilities as the BIC3000-DQ blender.  *See* D.I. 332 ¶ 5 ("In my opinion, f'real could, for example, *customize its existing LT blender for this purpose*.") (emphasis added).  If f'real was going to argue that it would modify its LT blender in order to provide a substitute for the BIC3000-DQ and meet *its burden* of showing irreparable harm,

4

then it should have done so in its Opening Brief.  Presenting such evidence and

factual material in the Reply violates Local Rule 7.1.3(c)(2).

The facts of this case are akin to various other decisions from this Court

wherein the Court struck evidence and factual materials presented for the first time

in a reply.  In *Cornell University v. Illumina*, the defendant argued that Sentrix Array

Matrix and BeadChip are both Illumina BeadArrays.  2013 WL 3216087, at *6.  In

response, plaintiffs challenged whether BeadChip products are Illumina

BeadArrays.  *Id.*  Defendant included with its reply a press release to support its

contention that BeadChip products are Illumina BeadArrays.  *Id.*  The court struck

the factual material in the reply brief discussing the press release as in violation of

Local Rule 7.1.3(c)(2).  *Id.* at *6 & n.84.

Similarly, in *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, defendants

attached the trademark file history and a supporting declaration to their reply brief.

757 F. Supp. 2d at 439.  Plaintiffs moved to strike the evidence as in violation of

Local Rule 7.1.3(c)(2).  *Id.*  The court granted the motion finding that "the trademark

file history and supporting declaration serve to bolster Defendants' original

argument, not to respond to that of Plaintiffs."  *Id.*; *see also INVISTA N. Am.*, 2013

WL 3216109, at *3 n.8 (excluding declaration filed with "reply brief for summary

judgment of invalidity in an improper effort to support the invalidity arguments" in

opening brief); *Watkins*, 374 F. Supp. 2d at 394 (refusing to consider report filed with reply brief because it "contradict[s] the mandate in Local Rule 7.1.3(c)(2)").

In its Reply, f'real presented new argument and evidence regarding customization of the LT blender in an effort to support its original argument that f'real's LT blender could be sold to Dairy Queen in lieu of Hamilton Beach's BIC3000-DQ blender.  As in the cases cited *supra*, this new argument and evidence should be excluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion be granted, and that the Court strike and does not consider paragraphs 5-6 of the Voges Declaration, and the portions of pages 6-7 of the Reply that cite to those paragraphs.

Dated:  November 12, 2019

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

OF COUNSEL:
William S. Foster, Jr.
Kenneth M. Vorrasi
Brianna L. Silverstein
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.

6

Washington, DC 20005-1209
(202) 842-8800
william.foster@dbr.com
kenneth.vorrasi@dbr.com
brianna.silverstein@dbr.com

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>        Defendants. | C.A. No. 16-41-CFC<br>CONSOLIDATED |

### <u>[PROPOSED] ORDER</u>

Having considered Defendants' Motion to Strike Portions of Plaintiff f'real's

Reply Brief in Support of its Motion for a Permanent Injunction and Recall (D.I.

331) and the Declaration of Jens Voges (D.I. 332), and argument thereupon,

IT IS SO ORDERED that the Motion is GRANTED.

Dated this _____ day of _____, 2019.


_____
The Honorable Colm F. Connolly
United States District Judge

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1.1, counsel for the parties attempted to reach agreement to resolve the dispute before bringing the present motion via a telephone discussion between Michael Flynn for Plaintiffs and Thatcher Rahmeier and Brianna Silverstein for Defendants on November 11, 2019.  Plaintiffs oppose the relief sought in this Motion.

*/s/ Francis DiGiovanni*
Francis DiGiovanni


## CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION

The undersigned hereby certifies that this motion complies with the type-volume limitation of the Court's Standing Order Regarding Briefing in All Cases. The motion contains 1,222 words, excluding the Title, Table of Contents, Table of Authorities, Signature Block, Proposed Order, Certificate of Conference, Certification of Compliance with Word Limitation, and Certificate of Service.  The brief has been prepared in 14-point Times New roman or similar typeface.  As permitted by the Court's Standing Order Regarding Briefing in All Cases, the undersigned has relied upon the word count feature of the word processing system used to prepare the brief.

*/s/ Francis DiGiovanni*
Francis DiGiovanni

## **CERTIFICATE OF SERVICE**

I certify that on November 12, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF prior to 6:00 p.m. ET, which will send notification of such filing to all registered participants.  In addition, the foregoing will be served upon counsel of record via electronic mail.

*/s/ Francis DiGiovanni*
Francis DiGiovanni