IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>Defendant. | Civil Action No. 16-41-CFC |

## **MEMORANDUM ORDER**

Pending before me is Defendants' Motion for New Trial on Invalidity of the '150, '662, and '658 Patents (D.I. 297). Defendants argue that a new trial on invalidity is warranted because the Court improperly excluded from evidence the Japanese Utility Model No. H04-136787U ("Sato") prior art reference. D.I. 298 at 35. Defendants, however, do not explain why the Court erred in excluding Sato. *See* D.I. 298 at 35; D.I. 337 at 17. Defendants' only argument on why the Court should not have excluded Sato is a single conclusory sentence that states: "The Court erred in excluding Sato, which is a 'printed publication' under 35 U.S.C. § 102(b)." D.I. 298 at 35. Because Defendants have failed to explain why I should

not have excluded Sato, I stand by the rationale for exclusion I articulated at the pretrial conference and deny Defendants' request for a new trial on invalidity.

WHEREFORE, this 29th day of April 2020, Defendants' Motion for New Trial on Invalidity of the '150, '662, and '658 Patents (D.I. 297) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE