IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>                    Plaintiff,<br><br>         v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>                    Defendant. | Civil Action No. 16-41-CFC |

## **MEMORANDUM ORDER**

Pending before me is Defendants' Renewed Motion for Judgment as a Matter of Law of Noninfringement or, in the Alternative, Motion for a New Trial on Infringement of Claims 1, 5, 6, 10, and 11 of the '658 Patent and Claim 22 of the '150 Patent (D.I. 295).

The jury found among other things that four accused products (high performance blenders) literally infringed claims 6, 10, and 11 of the #658 Patent, infringed claims 1 and 5 of the #658 Patent under the doctrine of equivalents, and infringed claim 22 of the #150 Patent under the doctrine of equivalents.

I.   **Legal Standards**

"If the court does not grant a motion for judgment as a matter of law made under Rule 50(a) . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). Upon a Rule 50(b) motion, a jury verdict should be overturned "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Fultz v. Dunn*, 165 F.3d 215, 218 (3d Cir. 1998) (internal quotation marks and citation omitted).

Rule 59(a) permits a district court judge, "on motion," to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A district court therefore has the discretion to order a new trial when the verdict is contrary to the evidence, a miscarriage of justice would result if the jury's verdict were left to stand, or the court believes the verdict resulted from confusion. *Cf. Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992) ("Where a new trial has been granted on the basis that the jury's verdict was tainted by confusion or that a new trial is required to prevent injustice, [the Court of Appeals] reviews [the district court's ruling] for abuse of discretion").

## II. Analysis

In support of the pending motion, Defendants first argue that the splash shields of the accused products do not meet the "sufficient mass" and "unrestrained" limitations of claims 6, 10, and 11 of the #658 Patent and therefore the accused products do not literally infringe those claims. *See* D.I. 298 at 12. In the context of these patents, the term "splash shield" means "lid for the cup opening." D.I. 76, Ex. A. The splash shield covers the cup to keep the contents of the cup from splashing out while the contents are blended. The part of the accused products that Plaintiffs allege is a splash shield consists of a plastic lid that covers the cup, a weight on top of the lid, and guide rods that help place the lid on top of the cup. Whether the splash shields of the accused products are of sufficient mass and are unrestrained such that they literally infringe claims 6, 10, and 11 turns on whether the accused products' guide rods and weights are considered part of the splash shield. Defendants raised this issue at summary judgment. I held then that whether the guide rods and weights are part of the splash shields was a material factual dispute that needed to be resolved by the jury. *See* D.I. 244 at 3–4.

There was substantial evidence presented about this issue at trial. Plaintiffs' expert testified that to one of ordinary skill in the art the guide rods and weight are part of the splash shield, *see, e.g.*, Trial Tr. at 590:16–20; Defendants' expert testified to the opposite, *see, e.g.*, Trial Tr. at 826:12–827:11. By finding literal

infringement, the jury necessarily determined that the guide rods and the weight are part of the splash shields. In light of Plaintiffs' expert's testimony, there was not "insufficient evidence from which [the] jury reasonably could find liability[,]" *Fultz v. Dunn*, 165 F.3d 215, 218 (3d Cir. 1998) (internal quotation marks and citation omitted).

Defendants next argue that it was improper for the jury to find that the accused products' splash shields (including the guide rods and weight) were the equivalent of the splash shield claimed in claims 1 and 5 of the #658 Patent and claim 22 of the #150 Patent under the doctrine of equivalents. But the jury heard testimony that supported a finding that the splash shields of the accused products were equivalent to the splash shields claimed. For example, in reference to the weight in the accused products Plaintiffs' expert testified:

> So this shield looks different than the f'real shield, but it functions the same way. These rods move up and down through bushings down through this hole in the middle. Through the middle of the splash shield is the mixing element, and so this entire assembly moves up and down together. We've just displaced the weight. The weight in this case is mounted up above the splash shield.

Trial Tr. at 521:16-22. Accordingly, I do not find that there was insufficient evidence from which the jury reasonably could have found that the splash shields in the accused products were the equivalent of the splash shields claimed in the patents.

Defendants next argue that the disclosure-dedication doctrine precludes Plaintiffs' doctrine of equivalents claims as a matter of law. In support of this argument, Defendants state that the "provisional application, from which the '150 and '658 patents claim priority, disclosed 'use [of] a heavy weight to hold the shield and cup in place' that was apart from the shield." D.I. 298 at 22 (quoting D.I. 233, Ex. 17 at Ex. B) (alteration in original). The provisional application in question disclosed:

> The shield can also be held down by a spring to ensure a tight seal, and to secure the cup it is in contact with into the holder holding the cup.
>
> Another approach to this is to use a heavy weight to hold the shield and cup in place.

D.I. 233, Ex. 17 at Ex. B. Although one might read this to say that the disclosed weight is apart from the shield, that is not a necessary reading of this disclosure.

The disclosure-dedication rule "does not mean that any generic reference in a written [description] necessarily dedicates all members of that particular genus to the public." *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 695 F.3d 1348, 1363–64 (Fed. Cir. 2012). Rather, "the disclosure must be of such specificity that one of ordinary skill in the art could identify the subject matter that had been disclosed and not claimed." *Id.* Here, a generic disclosure to the use of a "weight to hold the shield and cup in place" does not dedicate all uses of weights to the public.

5

Defendants also argue that infringement under the doctrine of equivalents is precluded by prosecution history estoppel. I addressed this argument before trial:

> To the extent that Defendants seek to invoke prosecution history estoppel with respect to the "unrestrained" and "sufficient mass" limitations in U.S. Patent No. 7,520,658, the Court has already explained that "the narrowing amendments in question[] [ ] were made to distinguish prior art that disclosed a spring mechanism and therefore are inapposite."

D.I. 251 at ¶ 3 (alteration in original). Defendants have not made any new arguments on this point. Accordingly, I stand by the rationale I articulated previously and reject Defendants' prosecution history estoppel argument.

Finally, Defendants argue that infringement under the doctrine of equivalents is precluded by claim vitiation. Defendants, however, do not explain their claim vitiation argument but instead appear to rehash arguments about the insufficiency of the factual record. *See* D.I. 298 at 23–24. Accordingly, I reject Defendants' claim vitiation argument.

\* \* \* \*

WHEREFORE, this 30th day of April 2020, Defendants' Renewed Motion for Judgment as a Matter of Law of Noninfringement or, in the Alternative, Motion

for a New Trial on Infringement of Claims 1, 5, 6, 10, and 11 of the '658 Patent and Claim 22 of the '150 Patent (D.I. 295) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE