IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>Defendant. | Civil Action No. 16-41-CFC |

## MEMORANDUM ORDER

Pending before me is Plaintiffs' Motion to Declare This Case Exceptional and Award Attorneys' Fees Pursuant to 35 U.S.C. § 285 (D.I. 300). Section 285 of the Patent Act provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts determine whether a case is exceptional in a

"case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

This case neither stands out from others with respect to the substantive strength of Plaintiffs' litigating position nor with respect to Defendants' litigation tactics.

As an initial matter, the jury's verdict was not an across-the-board win for Plaintiffs. The jury did not find that the MIC2000 blender infringed U.S. Patent No. 5,803,377. Nor did the jury find that either Defendant engaged in willful infringement. During the trial, I granted (without objection from Plaintiffs) Defendants' motion for judgment as a matter of law with respect to Plaintiffs' claim of induced infringement of claim 21 of U.S. Patent No. 7,520,662 (the #662 Patent). Trial Tr. at 1003:20–25. Post-trial, I granted Defendants' motion for judgment as a matter of law of noninfringement of claim 21 of the #662 Patent. D.I. 355. There were also material factual disputes that needed to be resolved by the jury. For example, Defendants characterized the patents' "splash shield" as just the lid that goes on top of the cup while the contents of the cup are blended; whereas Plaintiffs characterized the "splash shield" as the whole splash-shield apparatus, including guide rods for the lid and weights that hold the lid down. Although the jury ultimately agreed with Plaintiffs regarding what constituted the "splash shield" and found in their favor, that result was by no means preordained.

Second, I disagree with Plaintiffs' assertion that it was "unreasonable and unprincipled" for the Defendants to pursue certain "defenses and counterclaims right up to trial, with scant evidence supporting them, despite years of fact discovery, depositions, and expert engagement." D.I. 301 at 1. Would it have been better if the case had been further narrowed before it was presented to the jury? No doubt. But both sides are to blame in this regard; and, as I explained in my May 1, 2020 Memorandum Opinion, Plaintiffs' counsel's conflation of parties and liability theories infected the entire case, required Defendants to maintain the divided infringement defenses they did, wasted scarce judicial resources, and undoubtedly confused the jury. D.I. 354 at 4.

In sum, after considering the totality of the circumstances, I do not find that this action was an "exceptional case" within the meaning of 35 U.S.C. § 285 such that Plaintiffs would be entitled to attorneys' fees.

WHEREFORE, this Fourth day of May 2020, Plaintiffs' Motion to Declare This Case Exceptional and Award Attorneys' Fees Pursuant to 35 U.S.C. § 285 (D.I. 300) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE