IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>Defendant. | Civil Action No. 16-41-CFC |

## MEMORANDUM ORDER

Pending before me is Defendants' Motion to Strike Portions of Plaintiff f'real's Reply Brief in Support of Its Motion for a Permanent Injunction and Recall and the Declaration of Jens Voges (D.I. 346). In support of their motion, Defendants argue that certain portions of Plaintiffs' Reply Brief and the Declaration of Jens Voges violate District of Delaware Local Rule 7.1.3(c)(2) because these documents include material that was not included in Plaintiffs' opening brief and was not responsive to the arguments Defendants made in their answering brief.

Local Rule 7.1.3(c)(2) states that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." But the movant does not violate Local Rule 7.1.3(c)(2) when the new material in its reply brief responds to arguments raised in the non-movant's answering brief. *See Bos. Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006), *rev'd in part on other grounds,* 554 F.3d 982 (Fed. Cir. 2009).

In Plaintiffs' opening brief in support of their motion for permanent injunction, Plaintiffs argued, among other things, that one of f'real's products, the LT blender, competes with the BIC3000-DQ. *See* D.I. 288 at 6–7. In response, Defendants argued that Plaintiffs failed to provide any evidence that the current version of the LT blender could replace the BIC3000-DQ. *See* D.I. 310 at 6-10. Defendants supported their argument by submitting a declaration from Brian Williams discussing Dairy Queen's requirements and the LT blender's current capabilities. *See* D.I. 311. In Plaintiffs' reply brief, Plaintiffs argued that f'real could modify its blenders to meet Dairy Queen's requirements. *See* D.I. 331 at 7 ("Defendants' argument that f'real could not have developed a self-cleaning blender to meet Dairy Queen's needs is wrong."). Plaintiffs supported this argument by submitting a declaration from Jens Voges. *See* D.I. 332. Clearly the argument that f'real could modify its blenders to meet Dairy Queen's needs and the

2

Voges Declaration submitted in support of that argument are responsive to Defendants' argument that the LT blender could not replace the BIC3000-DQ and could not meet Dairy Queen's needs. Because this material is responsive to arguments Defendants made in their answering brief, its inclusion does not violate Local Rule 7.1.3(c)(2).

WHEREFORE, this 24th day of June 2020, Defendants' Motion to Strike Portions of Plaintiff f'real's Reply Brief in Support of Its Motion for a Permanent Injunction and Recall and the Declaration of Jens Voges (D.I. 346) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE