IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-41-CFC |
| HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Pending before me is Defendants' Motion for A Stay of A Permanent Injunction and Recall. D.I. 313. I issued earlier today an order granting in part and denying in part Plaintiffs' motion for a permanent injunction and recall. D.I. 376. I denied Plaintiffs' motion insofar as it sought to enjoin sales of Defendants' BIC3000-DQ blender to Dairy Queen; I granted the motion insofar as it sought to enjoin sales of and recall Plaintiffs' MIC2000 blender used connection with Hershey Creamery Company's Shake Shop Express program. Defendants seek a stay of the injunction and recall I granted pending appeal. D.I. 314 at 1.

In deciding whether to exercise their discretion to issue a stay pending an appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (citations omitted).

With regards to the first factor, Defendants argue that they have a strong likelihood of success on appeal because (1) I erred in determining that a Japanese publication was not admissible at trial because it was not publicly available prior art and (2) Judge Sleet, who previously presided over the case, erred in construing certain claims of the asserted patents. I disagree. My evidentiary ruling was consistent with sworn declarations and briefing filed by Defendants (D.I. 194 at 2; D.I. 194-2; D.I. 194-3), and will be reviewed under an abuse of discretion standard. I am also not persuaded that the extrinsic evidence cited by Defendants in their motion will cause the Federal Circuit to construe the disputed claim limitations differently than Judge Sleet did. Accordingly, a stay is not warranted under factor one.

With regards to the second and third factors, Defendants state only that "[t]he injunction and recall will force Defendants to lose sales and exit the market (destroying Hamilton Beach's relationship with Dairy Queen), and thereby result in loss of customer goodwill and market share, both of which have been to be irreparable harms." D.I. 314 at 8. Because I denied Plaintiffs' request for an

injunction to enjoin the sales of the BIC-3000-DQ to Dairy Queen, this argument is moot.

Finally, with respect to the fourth factor, I am not persuaded that the public will be harmed if it is denied access to Shake Shop Express milkshakes.

WHEREFORE, in Wilmington, this Sixteenth day of July in 2020, IT IS HEREBY ORDERED that Defendants' Motion for A Stay of A Permanent Injunction and Recall (D.I. 313) is DENIED.

_____
United States District Judge