IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No. 16-41-CFC |

## ORDER

Pending before me is Plaintiffs' Motion for Supplemental Damages, Accounting, Pre-Judgment Interest, and Post-Judgment Interest (D.I. 303). The parties' only dispute is whether the pre-judgment interest rate should be calculated using the Three-Month U.S. Treasury Bill (T-Bill) rate or the Prime Rate. *See* D.I. 320; D.I. 340.

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (citations omitted). The common practice of the District of Delaware is to use "the

prime rate, compounded quarterly[.]" *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2019 WL 3290369, at *11 (D. Del. July 22, 2019) (citing *Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 363-64 (D. Del. 2018); *Green Mountain Glass LLC v. Saint-Gobain Containers, Inc.*, 300 F. Supp. 3d 610, 627-28 (D. Del. 2018); *Idenix Pharm. LLC v. Gilead Scis., Inc.*, 271 F. Supp. 3d 694, 705 (D. Del. 2017); *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 783 (D. Del. 2015)).

Contrary to the common practice of the District of Delaware, Defendants argue that the T-Bill rate is the appropriate interest rate in this case, because Plaintiffs have not shown "that [they] borrowed money at or above the prime rate or would have invested the additional money to justify a higher rate." D.I. 320 at 1 (citing *Phillips Petroleum Co. v. Rexene Corp.*, 1997 WL 781856, at *28 (D. Del. Sept. 4, 1997); *Schering Corp. v. Precision-Cosmet Co.*, 614 F. Supp. 1368, 1384 (D. Del. 1985); *Green Mountain Glass LLC*, 300 F. Supp. 3d at 627-28). But the first case Defendants cite for the proposition that Plaintiffs need to show that they borrowed money at or above the prime rate undercuts Defendants' argument. The Court in *Phillips Petroleum Co. v. Rexene Corp.* said that "[t]he Federal Circuit has made it clear that a patentee need not 'demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate.'" 1997 WL 781856, at *28 (quoting *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540,

2

1545 (Fed. Cir. 1991) (emphasis added)). Because Defendants have not convinced me it is necessary to depart from the common practice of the District of Delaware, I find that the pre-judgment interest rate should be the Prime Rate.

Since Plaintiffs filed the pending motion, I denied Defendants' Motion for Judgment as a Matter of Law of No Lost Profits, or, in the Alternative Motion for a New Trial on or Remittitur of Lost Profits (D.I. 296) conditioned upon Plaintiffs' acceptance of the Court's remittitur of Plaintiffs' lost profits award to $2,091,841.00, *see* D.I. 367; and Plaintiffs have accepted the Court's remittitur, *see* D.I. 368. Plaintiffs' proposed supplemental damages calculations are therefore based on an outdated lost profits award. Accordingly, Plaintiffs will need to recalculate and resubmit proposed supplemental damages calculations.

WHEREFORE, in Wilmington, this Sixteenth day of July in 2020, IT IS HEREBY ORDERED that Plaintiffs' Motion for Supplemental Damages, Accounting, Pre-Judgment Interest, and Post-Judgment Interest (D.I. 303) is **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER ORDERED THAT Plaintiffs will resubmit proposed supplemental damages calculations within 14 days of this Order.

_____
UNITED STATES DISTRICT JUDGE