IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F'REAL FOODS, LLC and RICH PRODUCTS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON BEACH BRANDS, INC. and HERSHEY CREAMERY COMPANY,<br><br>Defendants. | Civil Action No. 16-41-CFC |

## MEMORANDUM ORDER

On July 16, 2020, I issued an Order granting in part and denying in part Plaintiffs' Motion for Supplemental Damages, Accounting, Pre-Judgment Interest, and Post-Judgment Interest (D.I. 303). *See* D.I. 378. In that order, I requested that Plaintiffs submit a revised supplemental damages calculation that reflected the Court's remittitur. *Id.* at 3. Plaintiffs have done so, *see* D.I. 382, and Defendants have submitted a competing supplemental damages calculation, *see* D.I. 385.

The parties' dispute is over the proper "adjustment ratio" to apply to the supplemental lost-profits calculation. The parties agree that the jury discounted the Plaintiffs' lost profits calculation at trial. *See* D.I. 382; D.I. 385. The parties also

agree that a discount should be applied to Plaintiffs' post-trial lost profits calculation. *See* D.I. 382; D.I. 385. The parties, however, disagree about how to calculate the adjustment ratio used in that discount.

Plaintiffs argue that the jury awarded them 76.39% of the lost profits that Plaintiffs' damages expert testified they were owed and, therefore, I should adopt 76.39% as the adjustment ratio used to calculate post-trial lost profits. *See* D.I. 382 at 1–2. Defendants argue that because of the Court's remittitur, 76.39% is not the correct adjustment ratio, and instead the adjustment ratio should reflect only the lost profits that were upheld rather than the lost profits the jury awarded. *See* D.I. 385 at 2–3. In other words, in Defendants' view, the adjustment ratio should be the lost profits awarded minus the remittitur divided by the lost profits requested minus the remittitur. *Id.* That adjustment ratio is 69.37%. *Id.*

Neither party has cited any law in support of its position. Thus, I am painting on a blank canvas. With that in mind, Defendants' position makes sense to me, and I will adopt it. I see no reason why the portion of the lost profits award that was not supported by any evidence should factor into the proper adjustment ratio for post-trial lost profits.

Plaintiffs argue that "[b]ecause Hershey Creamery switched nearly all customers to the upcharge program by April 2019" the adjustment ratio for post-trial lost profits should "not [be] affected by the remittitur." D.I. 382 at 3. But this

2

argument is backwards. At trial Plaintiffs' lost profits calculation was based in part on lost rentals and in part on lost sales of upcharged cups of ice cream. My remittitur order held that "the portion of the damages award attributable to lost rentals is clearly not supported by the evidence" and ordered a remittitur for the amount of rental lost profits calculated by Plaintiffs' damages expert. D.I. 366 at 9–10. Plaintiffs' method of calculating the adjustment ratio incorporates lost profits due to lost rentals. But lost rentals should have no bearing on the damages calculation now that Defendants have switched to the upcharge program. Accordingly, I will reject Plaintiffs' supplemental damages calculation and adopt Defendants' supplemental damages calculation.

WHEREFORE, in Wilmington on this Fourteenth day of August 2020, IT IS HEREBY ORDERED that the award of damages in the Judgment (D.I. 286) is amended as follows:

1. Judgment is entered in favor of Plaintiffs and against Defendants for damages and interest in the amount of $3,066,724 for Defendants' infringement of the #150, #658, and #662 patents through July 31, 2020; and

2. Interest shall accrue at a rate of $145.93 per day from August 1, 2020, until Defendants satisfy the judgment.

_____
UNITED STATES DISTRICT JUDGE
